CHRISTOPHER COOKE, CA Bar #142342
STEPHEN S. WU, CA Bar # 205091
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Email:  ccooke@ckwlaw.com
        swu@ckwlaw.com
Tel: (650) 638-2370
Fax: (650) 341-1395
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEI-FANG LISA ZHANG, BAY AREA AFFORDABLE HOUSING, LLC, XUE-HUAN GAO, YANG-CHUN ZHANG, CAROL JIAN DENG, and HAO LIANG,<br><br>        Plaintiffs,<br><br>   vs.<br><br>WEI-MAN RAYMOND TSE, RUN PING ZHOU a.k.a. FLORA ZHOU, THERESA WONG, JAMES YU, BILL SHU WAI MA, MOLLY LAU, VICTOR SO, JIAN XIAO, CHRIST INVESTMENT SERVICE INC., CIS SERVICE, INC., PACIFIC BEST GROUP LTD. a.k.a. PACIFIC BEST COMPANY LTD., and SOUTH CHINA INVESTMENT INC.,<br>        Defendants. | Case No.:  C-07-04946 JSW<br>(Related to C-05-02641 JSW)<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE AS TO WHY STAY SHOULD NOT BE GRANTED** |

By order dated November 7, 2007 (the "November 7 Order"), the Court directed the parties to show cause why this action should not be stayed (1) in its entirety and (2) in the alternative as to Private First Class Molly Lau, a defendant in this action ("PFC Lau").  As set forth more fully below, Plaintiffs do not oppose the Court entering a stay of this action as to PFC Lau, but do oppose any stay of this action in its entirety.

- 1 -

I.      **BACKGROUND**

The Court's November 7 Order states that it received a letter from PFC Lau "in which she advises the Court that [she] is a member of the United States Army currently serving an overseas tour in Korea"; the November 7 Order also states that "PFC Lau requests that the Court stay these proceedings pursuant to the Servicemember's Civil Relief Act, 50 App. U.S.C. § 522." (November 7 Order at 1.)

Plaintiffs have received the letter referred to in the November 7 Order and have confirmed with a JAG officer at Camp Casey that Molly Lau is indeed a private first class in the United States Army stationed in South Korea.  PFC Lau, however, is the only defendant in this action in the United States military.   All other defendants are civilians or corporations. Moreover, PFC Lau did not include in her correspondence a "letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect" her "ability to appear and stating a date when" she "will be available to appear."  50 U.S.C. App. § 522(b)(2)(B).

II.     **NON-OPPOSITION TO STAY AS TO MOLLY LAU**

PFC Lau failed to satisfy the requirements of 50 U.S.C. App. § 522(b)(2) to warrant a stay in the action, because she failed to provide a letter from her commanding officer. Nonetheless, Plaintiffs do not oppose a stay as to PFC Lau for 90 days under the Servicemembers Civil Relief Act (the "Act").   The Act provides, "At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions of paragraph (2) are met."  50 U.S.C. App. § 522(b)(1).  Paragraph (2) has two conditions:  (A) a letter or other communication from the servicemember setting forth the manner in which duty requirements materially affect his or her ability to appear and an availability date, and (B) a letter or other communication from the servicemember's commanding officer as described above.  *See id.* § 522(b)(2).

1    No letter or other communication from PFC Lau's commanding officer appears of record.

2    Accordingly, she has failed to satisfy the second statutory condition to granting a stay:  Section

3    522(b)(2)(B).  Consequently, the Court has the authority to deny PFC Lau a stay altogether.  *See*

4    *Marriage of Bradley*, 282 Kan. 1, 9-14, 137 P.3d 1030, 1033-34 (2006) (denying a stay where

5    servicemember's stay application failed to include documentation of effect of service on ability

6    to appear and a letter from his commanding officer).

7    Plaintiffs, however, do not oppose a 90-day stay as to PFC Lau, given the purpose of the

8    Act to permit servicemembers to devote themselves to the nation's defense.  Nonetheless, if PFC

9    Lau, who is now represented by a JAG officer at Camp Casey, believes that she should receive a

10   longer stay, the Court should direct her to make the necessary showing required under the Act.

11   Moreover, Plaintiffs oppose a stay of the entire action for the reasons set forth in the next

12   section.

13

14   **III.    THE ENTIRE ACTION SHOULD NOT BE STAYED**

15   The Servicemembers Civil Relief Act does not require that this entire action be stayed,

16   and Plaintiffs oppose a stay of the entire action.  The purpose of the Act is "to provide for,

17   strengthen, and expedite the national defense through protection extended by this Act to

18   *servicemembers* of the United States to enable *such persons* to devote their entire energy to the

19   defense needs of the Nation."  50 U.S.C. App. § 502(1) (emphasis added).  The Act is also "to

20   provide for the temporary suspension of judicial and administrative proceedings and transactions

21   that may adversely affect the civil rights of *servicemembers* during their military service."  *Id.*

22   § 502(2) (emphasis added).  *Accord Boone v. Lightner*, 319 U.S. 561, 575 (1943), *reh'g denied*,

23   320 U.S. 809 (1943) (interpreting predecessor statute to Section 522); *Marriage of Bradley*, 282

24   Kan. at 9, 137 P.3d at 1033.  Thus, the benefits of the Act accrue solely to servicemembers.

25   Non-servicemember defendants are not entitled to protection under the Act.

26   In *Keefe v. Spangenberg*, 533 F. Supp. 49 (W.D. Okla. 1981), the plaintiff brought suit

27   against a United States Marine and the City of Oklahoma City.  Both defendants filed a joint

28   Motion to Suspend Legal Proceedings and sought a stay of proceedings for approximately three

years until the serviceman was to be discharged. The court rejected the motion as to both defendants and continued the case only one month. In rejecting the City's argument for a stay based on the Act, the Court said it "finds that the defendant City of Oklahoma City has no standing to invoke the provisions of the Act." *Id.* at 49.

In this case, all defendants other than PFC Lau are either civilians or corporations. None of them is in the military. Accordingly, the Act is not intended to prevent actions against them. Moreover, the Act is not intended to protect these non-servicemember defendants merely due to the accident that a co-defendant is a servicemember. Just as the defendant City of Oklahoma in *Keefe* could not invoke the protections of the Act to stay the case against it during its co-defendant's period of military service, the Court should not stay the entire action under the Act for the benefit of the non-servicemember defendants. To the contrary, the Court should limit its stay to PFC Lau.

Finally, a stay of the entire action would be manifestly unjust to the Plaintiffs. Plaintiffs are individuals and a small business in the Chinese community in the San Francisco Area that invested large sums of money with Defendants for foreign currency trading, but the Defendants' operation was wholly fraudulent, and Defendants stole Plaintiffs' money. If the Court stays the entire action, Plaintiffs' recovery against the Defendant wrongdoers would be delayed for at least 90 days and perhaps longer if the Court approved an extension of the stay. Staying the entire case would serve only to benefit the Defendant wrongdoers merely because of the happenstance that one of their co-defendants joined the military. The Court should not permit such an unjust result.

1   **IV.    CONCLUSION**

2        For these reasons set forth above, Plaintiffs do not oppose to a stay in this action as to

3   PFC Lau, but request that the Court limit any stay to PFC Lau and reject any stay of the entire

4   action.

5                                          Respectfully Submitted,

6                                          COOKE, KOBRICK, & WU LLP

7   Dated:  December 21, 2007

8                                               /s/
                                          By: _____
9                                               STEPHEN S. WU
10                                              Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I, Stephen S. Wu, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. I am an attorney in the law firm of Cooke Kobrick & Wu LLP, 177 Bovet Road, Suite 600, San Mateo, CA 94402.

On December 21, 2007, I served Defendants Wei-Man Raymond Tse, Jian Xiao, Victor So, Molly Lau, Bill Shu Wai Ma, Christ Investment Service Inc., and CIS Service, Inc. with this PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE AS TO WHY STAY SHOULD NOT BE GRANTED by placing a true copy thereof, first class postage prepaid, in the United States mail, for delivery to the following Defendants at the following addresses:

Mr. Wei-Man Raymond Tse
555 Montgomery Street, Suite 610
San Francisco, CA 94111

Mr. Victor So
c/o Legendary Palace
708 Franklin Street
Oakland, CA 94607

Mr. Bill Shu Wai Ma
Christ Investment Service Inc.
CIS Service, Inc.
1945 Kirkham Street
San Francisco, CA 94122

Mr. Jian Xiao
737 Chester Street
Oakland, CA 94607

Captain Shelley Ginsberg, Esquire
Camp Casey Legal Assistance Office
Camp Casey, South Korea
APO AP 96224
Counsel for PFC Molly Lau

Ms. Run Ping Zhou
South China Investment Inc.
3567 Kimberly Road
Cameron Park, CA 95682

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct.

Dated: December 21, 2007.

/s/

_____
STEPHEN S. WU