CHRISTOPHER COOKE, CA Bar #142342
STEPHEN S. WU, CA Bar # 205091
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Email:  ccooke@ckwlaw.com
            swu@ckwlaw.com
Tel: (650) 638-2370
Fax: (650) 341-1395
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEI-FANG LISA ZHANG, BAY AREA AFFORDABLE HOUSING, LLC, XUE-HUAN GAO, YANG-CHUN ZHANG, CAROL JIAN DENG, and HAO LIANG,<br><br>Plaintiffs,<br><br>vs.<br><br>WEI-MAN RAYMOND TSE, RUN PING ZHOU a.k.a. FLORA ZHOU, THERESA WONG, JAMES YU, BILL SHU WAI MA, MOLLY LAU, VICTOR SO, JIAN XIAO, CHRIST INVESTMENT SERVICE INC., CIS SERVICE, INC., PACIFIC BEST GROUP LTD. a.k.a. PACIFIC BEST COMPANY LTD., and SOUTH CHINA INVESTMENT INC.,<br><br>Defendants. | Case No.:  C-07-04946 JSW<br>(Related to C-05-02641 JSW)<br><br>**PLAINTIFFS' CASE MANAGEMENT STATEMENT** |

Pursuant to Local Rule 16-9, Plaintiffs submit this Case Management Statement.

**PRELIMINARY STATEMENT**

Local Rule 16-9(a) provides, "If one or more of the parties is not represented by counsel, the parties may file separate case management statements."  In this case, none of the Defendants

has entered an appearance and Plaintiffs have received no communications from an attorney purporting to represent a Defendant in this case and before this Court.[1] Since none of the Defendants is represented by counsel, pursuant to Local Rule 16-9(a), Plaintiffs submit this is a separate Case Management Statement.

Further, the Clerk has already entered a default as to Wei-Man Raymond Tse, Jian Xiao, and Victor So on November 7, 2007 (Docket No. 18). None of the other served Defendants has entered an appearance. In fact, the served Defendants have sent back most of the correspondence directed to them after service, apparently in an attempt to conceal their whereabouts and to avoid participating in this case. Thus, Plaintiffs do not anticipate that any Defendant will, in fact, enter an appearance in this case. Consequently, Plaintiffs intend to seek defaults and default judgments against all Defendants, obtain discovery concerning the assets held by Defendants, and execute on the default judgments.

**1.   JURISDICTION AND SERVICE**

(a) The basis for the Court's subject matter jurisdiction over Plaintiffs' claims in this case is federal question jurisdiction. Plaintiffs assert claims under RICO and the Commodities Exchange Act, 7 U.S.C. § 1 et seq. The Court has supplemental jurisdiction over its state law claims under 28 U.S.C. § 1367(a).

(b) Plaintiffs are unaware of any issues regarding personal jurisdiction or venue.

(c) Two parties remain to be served: Defendants Theresa Wong and James Yu.

(d) Plaintiffs propose a deadline for completing service of process of April 30, 2008. Plaintiffs intend to file a motion seeking an extension of time in which to complete service of process on Ms. Wong and Mr. Yu.

---

[1] An officer from the Camp Casey Legal Assistance Office, Capt. Stacey Ginsberg, has spoken to Plaintiffs' counsel on behalf of Defendant Private First Class Molly Lau, but the case has been stayed as to Ms. Lau by the Court's January 2, 2008 Order, and Capt. Ginsberg made it clear that she cannot enter an appearance on behalf of Ms. Lau and so does not represent her in this case.

**2. FACTS**

This is an action, both in law and in equity, brought by victims of commodities fraud under the Racketeer Influenced Corrupt Organization Act ("RICO") and the Commodity Exchange Act ("CEA"). Plaintiffs are individuals and a small business in the San Francisco Area and in particular are members of the San Francisco Chinese community. Defendants are individuals and the businesses they operated in San Francisco, which purported to conduct foreign currency futures trading on behalf of clients for investment purposes. Plaintiffs invested large sums of money with Defendants for foreign currency futures trading in response to personal solicitations and advertisements in Chinese language newspapers.

Defendants' businesses, however, were wholly fraudulent. Defendants opened an office, used telephone trading telephone lines in Hong Kong, created computerized records, faxed and emailed written reports of accounts to customers, provided receipts for funds received, and in some cases returned modest amounts of investor moneys, all for the purpose of creating the appearance of a legitimate foreign currency futures trading business. Defendants, however, never actually conducted any foreign currency futures trading, and simply stole the funds that investors transferred to them for their personal use.

Since Defendants have not entered an appearance, there are no factual issues in dispute at this time.

**3. LEGAL ISSUES**

Since none of the Defendants has entered an appearance in this matter, there are no disputed points of law in this case to date.

**4. MOTIONS**

(a) The following motions have been submitted in this matter:

(i) Administrative Motion to Consider Whether Cases Should be Related to have *United States Commodities Futures Trading Commission, et al. v. National*

1    *Investment Consultants, Inc.*, No. C 05-02641 JSW considered a related case. The Court
2    granted this motion.
3           (ii)    Request for Entry of Default Against Defendants Wei-Man Raymond Tse,
4    Jian Xiao, and Victor So Under Fed. R. Civ. P. 55(a). The Clerk entered a default against
5    these Defendants;
6           (iii)   By order dated January 2, 2008, the Court entered a 90-day stay of these
7    proceedings with respect to defendant Molly Lau, pursuant to the Servicemember's Civil
8    Relief Act, 50 App. U.S.C. § 522, in response to a letter received from Ms. Lau.
9    (b)    Anticipated motions.
10          (i)     Plaintiffs intend to file a motion (A) seeking an extension of time in which
11   to complete service of process, given the difficulty of serving Ms. Wong and Mr. Yu, and
12   (B) seeking leave to conduct third party discovery to determine contact information for
13   Mr. Yu.
14          (ii)    Additional requests for entry of default against Defendants Run Ping
15   Zhou, Theresa Wong, James Yu, Bill Shu Wai Ma, Victor So, Jian Xiao, Christ
16   Investment Service Inc., CIS Service, Inc., Pacific Best Group Ltd., and South China
17   Investment Inc.
18          (iii)   One or more motions for default judgment as against all Defendants;
19          (iv)    Ms. Lau may renew her request for a stay, when the current stay expires.

21   **5.     AMENDMENT OF PLEADINGS**
22   Plaintiffs do not anticipate adding additional claims at this time. They do, however,
23   reserve the right to add additional parties to this matter if discovery or investigation reveals
24   additional parties involved in the Defendants' fraudulent scheme. At the moment, however,
25   Plaintiffs do not wish to add any additional parties to this action.

**6.   EVIDENCE PRESERVATION**

Plaintiffs are individuals who do not have any automated document destruction programs or processes. They have preserved emails received from Defendants, upon instruction from counsel. Plaintiffs' counsel has sent letters to the served Defendants instructing them to preserve electronically stored information.

**7.   DISCLOSURES**

Because none of the Defendants has entered an appearance in this matter, Plaintiffs have received no initial disclosures under Fed. R. Civ. P. 26, and there are no appearing Defendants to whom Plaintiffs can make their own initial disclosures.

**8.   DISCOVERY**

No discovery has been taken to date, since none of the Defendants has entered an appearance. It remains to be seen whether any Defendants will seek to set aside defaults, but assuming they do not, Plaintiffs intend to seek discovery concerning the assets held by Defendants. Plaintiffs do not propose any limitations or modifications of the discovery rule. Given that Defendants have not appeared, no discovery plan is necessary for the exchange of information.

**9.   CLASS ACTIONS**

This action is not a class action.

**10.  RELATED CASES**

This case is related to *United States Commodities Futures Trading Commission, et al. v. National Investment Consultants, Inc.*, No. C 05-02641 JSW.

Case 3:07-cv-04946-JSW    Document 36    Filed 01/08/2008    Page 6 of 8

**11. RELIEF**

Plaintiffs seek monetary damages, punitive damages, and injunctive relief. Plaintiffs seek compensatory damages in an amount to be proven in connection with trial or the entry of default judgment against Defendants, but in excess of $321,149, which is the amount Plaintiffs invested with Defendants. Plaintiffs also seek interest on Plaintiffs' capital from the dates of their transfer to Defendants. Compensatory damages should be trebled under 18 U.S.C. § 1964. Further, Plaintiffs seek the costs of suit incurred in this case and attorneys' fees. Finally, Plaintiffs seek exemplary and punitive damages according to proof.

**12. SETTLEMENT AND ADR**

Because Defendants have not entered an appearance, Plaintiffs have been unable to discuss settlement or ADR with Defendants. Given that no Defendant has appeared, Plaintiffs believe an ADR plan would be premature at this time.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiffs are willing to consent to have a magistrate judge conduct all further proceedings including any hearing on Plaintiffs' requests for entry of default judgments, but do not know if a Magistrate Judge can be appointed in light of the Defendants' non-appearance in this case.

**14. OTHER REFERENCES**

Plaintiffs do not anticipate that this case will be suitable for other references.

**15. NARROWING OF ISSUES**

Because Defendants have not entered an appearance, Plaintiffs do not believe that issues can be narrowed by agreement. Plaintiffs do, however, anticipate seeking default judgments against all Defendants.

PLAINTIFFS' CASE MANAGEMENT STATEMENT/ Case No.: C-07-04946 JSW

**16. EXPEDITED SCHEDULE**

Plaintiffs anticipate seeking defaults and default judgments against all Defendants, seeking discovery concerning the assets held by Defendants, and collecting those assets. Therefore, unless Defendants seek to set aside these defaults, this case can be handled on an expedited basis with streamlined procedures.

**17. SCHEDULING**

Because no Defendants have entered an appearance in this matter, and Plaintiffs do not anticipate any such entries of appearance, Plaintiffs do not believe it is necessary at this time to create a schedule of deadlines for various mechanisms of the adversary process.

**18. TRIAL**

Given the apparent defaults of all Defendants in this matter, Plaintiffs do not anticipate a trial in this case. Were the Defendants to contest the case, however, Plaintiffs anticipate a jury trial of 5 days in length.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs have already filed a Certification of Interested Entities or Persons as required by Local Rule 3-16. Plaintiffs reiterate that as of this date, other than the named parties, there is no interest to report on a Certification of Interested Entities or Persons.

**20. OTHER MATTERS**

None.

                Respectfully Submitted,

                COOKE, KOBRICK, & WU LLP

Dated: January 8, 2008

                /s/
           By: _____
                STEPHEN S. WU
                Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Stephen S. Wu, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. I am an attorney in the law firm of Cooke Kobrick & Wu LLP, 177 Bovet Road, Suite 600, San Mateo, CA 94402.

On January 8, 2008, I served Defendants Wei-Man Raymond Tse, Jian Xiao, Victor So, Molly Lau, Bill Shu Wai Ma, Run Ping Zhou, Christ Investment Service Inc., CIS Service, Inc., and South China Investment Inc. with this

PLAINTIFFS' CASE MANAGEMENT STATEMENT

by placing a true copy thereof, first class postage prepaid, in the United States mail, for delivery to the following Defendants at the following addresses:

Mr. Wei-Man Raymond Tse
555 Montgomery Street, Suite 610
San Francisco, CA 94111

Mr. Jian Xiao
737 Chester Street
Oakland, CA 94607

Mr. Victor So
c/o Legendary Palace
708 Franklin Street
Oakland, CA 94607

Ms. Molly Lau
PFC, US Army
A FSC, 70th BSB
Unit #15093
Camp Casey, South Korea
APO AP 96224

Mr. Bill Shu Wai Ma
Christ Investment Service Inc.
CIS Service, Inc.
1945 Kirkham Street
San Francisco, CA 94122

Ms. Run Ping Zhou
South China Investment Inc.
3567 Kimberly Road
Cameron Park, CA 95682

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct.

Dated: January 8, 2008

/s/

_____
STEPHEN S. WU