1  CHRISTOPHER COOKE, CA Bar #142342
   STEPHEN S. WU, CA Bar # 205091
2  COOKE KOBRICK & WU LLP
   177 Bovet Road, Suite 600
3  San Mateo, CA 94402
   Email:  ccooke@ckwlaw.com
4          swu@ckwlaw.com
   Tel: (650) 638-2370
5  Fax: (650) 341-1395
   Attorneys for Plaintiffs
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12  MEI-FANG LISA ZHANG, BAY AREA          )  Case No.:  C-07-04946 JSW
    AFFORDABLE HOUSING, LLC, XUE-          )  (Related to C-05-02641 JSW)
13  HUAN GAO, YANG-CHUN ZHANG,             )
    CAROL JIAN DENG, and HAO LIANG,        )  ADMINISTRATIVE MOTION FOR
14                                         )  LEAVE TO ISSUE SUBPOENAS AND
15                                         )  MOTION FOR EXTENSION OF TIME
                   Plaintiffs,             )  TO SERVE COMPLAINT
16                                         )
          vs.                              )
17                                         )
    WEI-MAN RAYMOND TSE, RUN PING          )
18  ZHOU a.k.a. FLORA ZHOU, THERESA        )
    WONG, JAMES YU, BILL SHU WAI MA,       )
19  MOLLY LAU, VICTOR SO, JIAN XIAO,       )
20  CHRIST INVESTMENT SERVICE INC., CIS    )
    SERVICE, INC., PACIFIC BEST GROUP      )
21  LTD. a.k.a. PACIFIC BEST COMPANY       )
    LTD., and SOUTH CHINA INVESTMENT       )
22  INC.,                                  )
                   Defendants.             )
23  _____    )

24        Pursuant to Local Rules 7-11 and 6-3, and Fed. R. Civ. P. 6(b), Plaintiffs move this Court

25  for (1) leave to issue subpoenas in aid of service of process on Theresa Wong and James Yu, and

26  (2) an extension of time until March 31, 2008 to complete service of process on Ms. Wong and

27  Mr. Yu, and in support thereof, states as follows:

28

                                  - 1 -

1    **I.    BACKGROUND**

2            This is an action, both in law and in equity, brought by victims of commodities fraud

3    under the Racketeer Influenced Corrupt Organization Act ("RICO") and the Commodity

4    Exchange Act ("CEA").  In their Complaint, Plaintiffs state that they are individuals who

5    invested large sums of money with Defendants for foreign currency futures trading, but

6    Defendants' businesses were wholly fraudulent, and Defendants stole Plaintiffs' investments.

7            Plaintiffs filed their Complaint on September 24, 2007.  Plaintiffs have diligently

8    attempted to serve all the defendants in this case since filing their Complaint.  They have served

9    and filed returns of service for the following defendants:  Wei-Man Raymond Tse, Run Ping

10   Zhou a.k.a. Flora Zhou, Bill Shu Wai Ma, Molly Lau, Victor So, Jian Xiao, Christ Investment

11   Service Inc., CIS Service Inc., and South China Investment Inc.  They are preparing a return of

12   service for Pacific Best Group Ltd. a.k.a. Pacific Best Company Ltd.  The only remaining

13   unserved defendants are Theresa Wong and James Yu.  (*See* Declaration of Stephen Wu

14   Supporting Administrative Motion for Leave to Issue Subpoenas and Motion for Extension of

15   Time to Serve Complaint ¶¶ 2-14 [hereinafter "Wu Declaration"].)

16           As discussed in more detail in the Wu Declaration, many of the Defendants in this action

17   have attempted to evade service of process.  Theresa Wong has left the country on multiple

18   occasions since her husband, Mr. Tse, was served.  Plaintiffs believe she is still out of the

19   country.  (Wu Declaration ¶¶ 3-4, 8-11.)

20           Moreover, Mr. Yu stopped appearing at Defendants' offices and Plaintiffs have been

21   unable to find his home address.  Plaintiffs believe that he works at the California Department of

22   Motor Vehicles ("DMV") but the DMV is unable to provide his home address without a

23   subpoena.  (Wu Declaration ¶ 12.)

24           To date, none of the Defendants has entered an appearance in this case, except for a letter

25   from Defendant Molly Lau seeking a stay, which was granted.  (Wu Declaration ¶ 15.)

26   Therefore, Plaintiffs have been unable to meet and confer with Defendants about discovery or

27   any other matters.

28

1

## II.    NEED FOR DISCOVERY CONCERNING THERESA WONG AND JAMES YU

2

As set forth above, Plaintiffs have not been able to find the whereabouts of James Yu.

3    Plaintiffs know that he works at a DMV office, but the DMV will not release his home address

4    without a subpoena.  Plaintiffs seek to serve the DMV with a subpoena seeking the address and

5    other contact information for James Yu.  Plaintiffs believe a subpoena is necessary to find James

6    Yu so that he can be served with a copy of the Summons and Complaint.

7

Nonetheless, Fed. R. Civ. P. 26(d)(1) provides, "A party may not seek discovery from

8    any source before the parties have conferred as required by Rule 26(f), except in a proceeding

9    exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by

10   stipulation, or by court order."  Because none of the Defendants has entered an appearance to

11   defend this case, Plaintiffs have been unable to confer with Defendants as required by Rule 26(f).

12   Plaintiffs, therefore, seek leave of the Court to issue subpoenas and otherwise conduct discovery

13   to aid in locating the remaining unserved Defendants Ms. Wong and Mr. Yu, such as by serving

14   a subpoena on the DMV to discover contact information for James Yu. Moreover, other

15   discovery may be necessary to assist Plaintiffs in discovering the whereabouts of Theresa Wong

16   and James Yu in order to complete service of process on them both.

17

Thus, Plaintiffs seek an order permitting them to conduct discovery from any third parties

18   concerning the whereabouts of Theresa Wong and James Yu and other facts reasonably

19   necessary in aid of completing service of process on them.

20

Pursuant to Fed. R. Civ. P. 26(d)(1), the Court has the authority to control the timing and

21   sequence of discovery.

22

23   ## III.    NEED FOR EXTENSION OF TIME

24

Under Fed. R. Civ. P. 4(m), Plaintiffs have 120 days to complete service of process on

25   each defendant if they are to avoid dismissal without prejudice as to unserved defendants.  120

26   days from September 24, 2007, the date Plaintiffs filed their Complaint, is January 22, 2008.

27

Under Fed. R. Civ. P. 6(b)(1)(A), however, "[w]hen an act may or must be done within a

28   specified time, the court may, for good cause, extend the time:  with or without motion or notice

- 3 -

ADMINISTRATIVE MOTION FOR LEAVE TO ISSUE SUBPOENAS AND
MOTION FOR EXTENSION OF TIME TO SERVE COMPLAINT
Case No.:  C-07-04946 JSW

1  if the court acts, or if a request is made, before the original time or its extension expires."  In

2  addition, Local Rule 6-3 permits parties to move the Court to seek to enlarge or shorten time.

3       Given Theresa Wong's foreign travel and the difficulty in finding contact information

4  concerning James Yu, Plaintiffs seek an extension of time from January 22, 2008 until March 31,

5  2008 (a little over sixty days) to complete service of process on Ms. Wong and Mr. Yu.

6       Plaintiffs are unable to obtain a stipulation to the time change, because they have been

7  unsuccessful to date in serving Ms. Wong and Mr. Yu, and none of the served Defendants has

8  entered an appearance in this case.

9       Plaintiffs will be prejudiced if an extension is not granted because they will be unable to

10  pursue two of the principals in Defendants' fraudulent foreign currency futures trading scheme,

11  Ms. Wong and Mr. Yu, if they are dismissed due in part to their efforts to evade service of

12  process.  Accordingly, Plaintiffs should be granted additional time to serve Ms. Wong and find

13  Mr. Yu's whereabouts.

14       Plaintiffs have asked for, and have been granted, no previous extensions of time in which

15  to complete service of process on any Defendants.

16       Plaintiffs do not believe that an additional extension until March 31, 2008 will affect the

17  schedule of this case.

18       The Court has authority under Fed. R. Civ. P. 6(b) and Local Rule 6-3 to extend the time

19  in which Plaintiffs must serve Ms. Wong and Mr. Yu.

20

21  **IV.    CONCLUSION**

22       For the foregoing reasons, Plaintiffs respectfully request that the Court (1) grant Plaintiffs

23  leave to issue subpoenas in this case to help them to determine the whereabouts of Theresa Wong

24  //

25  //

26  //

27  //

28  //

ADMINISTRATIVE MOTION FOR LEAVE TO ISSUE SUBPOENAS AND
MOTION FOR EXTENSION OF TIME TO SERVE COMPLAINT
Case No.:  C-07-04946 JSW

1    and James Yu and (2) grant an extension of time until March 31, 2008 to complete service of

2    process on defendants Theresa Wong and James Yu.

3

4                                    Respectfully Submitted,

5                                    COOKE, KOBRICK, & WU LLP

6    Dated:  January 10, 2008

7                                                /s/

8                                    By:  _____

9                                         STEPHEN S. WU
                                         Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADMINISTRATIVE MOTION FOR LEAVE TO ISSUE SUBPOENAS AND
MOTION FOR EXTENSION OF TIME TO SERVE COMPLAINT
Case No.:  C-07-04946 JSW