CHRISTOPHER COOKE, CA Bar #142342
STEPHEN S. WU, CA Bar # 205091
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Email:  ccooke@ckwlaw.com
             swu@ckwlaw.com
Tel: (650) 638-2370
Fax: (650) 341-1395
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEI-FANG LISA ZHANG, BAY AREA AFFORDABLE HOUSING, LLC, XUE-HUAN GAO, YANG-CHUN ZHANG, CAROL JIAN DENG, and HAO LIANG,<br><br>Plaintiffs,<br><br>vs.<br><br>WEI-MAN RAYMOND TSE, RUN PING ZHOU a.k.a. FLORA ZHOU, THERESA WONG, JAMES YU, BILL SHU WAI MA, MOLLY LAU, VICTOR SO, JIAN XIAO, CHRIST INVESTMENT SERVICE INC., CIS SERVICE, INC., PACIFIC BEST GROUP LTD. a.k.a. PACIFIC BEST COMPANY LTD., and SOUTH CHINA INVESTMENT INC.,<br><br>Defendants. | Case No.:  C-07-04946 JSW<br>(Related to C-05-02641 JSW)<br><br>**ADMINISTRATIVE MOTION FOR ORDER FOR PUBLICATION OF SUMMONS, GRANTING LEAVE TO ISSUE SUBPOENAS, AND GRANTING EXTENSION OF TIME TO SERVE COMPLAINT** |

Pursuant to Local Rules 7-11 and 6-3, Fed. R. Civ. P. 4(e)(1), and Fed. R. Civ. P. 6(b), Plaintiffs move this Court for an order (1) directing that service of the summons in this action on Defendant Theresa Wong be effected by publication of the summons in a newspaper of general circulation in accordance with Cal. Civ. P. Code § 415.50, (2) granting leave to issue subpoenas in aid of service of process on Defendant James Yu, and (3) granting an extension of time until

May 31, 2008 to complete service of process on Ms. Wong and Mr. Yu, and in support thereof, states as follows:

## I.  BACKGROUND

This Motion follows on Plaintiffs' earlier Administrative Motion for Leave to Issue Subpoenas and Motion for Extension of Time to Serve Complaint (the "First Service Motion") filed on January 10, 2008 (Docket No. 38), which is incorporated by reference herein. As discussed in the First Service Motion, this is an action, both in law and in equity, brought by victims of commodities fraud under the Racketeer Influenced Corrupt Organization Act ("RICO") and the Commodity Exchange Act ("CEA"). Plaintiffs have served all but two of the Defendants since filing the Complaint on September 24, 2007, but have been unable to serve Defendants Theresa Wong and James Yu, despite diligent efforts. (*See* Declaration of Stephen Wu Supporting Administrative Motion for Leave to Issue Subpoenas and Motion for Extension of Time to Serve Complaint ¶¶ 2-14 (Docket No. 39) [hereinafter "Wu Declaration"].)

In the First Service Motion, Plaintiffs sought leave to subpoena third parties in aid of finding the whereabouts of Defendants Theresa Wong and James Yu, as well as an extension of time in which to complete service of process on Ms. Wong and Mr. Yu. On January 23, 2008, the Court granted the First Service Motion in part and denied it in part. (Order Granting in Part and Denying Without Prejudice in Part Administrative Motion for Extension of Time to Serve and for Issuance of Subpoenas (Docket No. 43).) The Court granted an extension of time in which to complete service until March 31, 2008, but denied the request to issue subpoenas, saying that Plaintiffs have not shown why alternative forms of service are not viable.

Plaintiffs have continued to try to find an address for Ms. Wong and Mr. Yu without success. (*See* Declaration of Glen Alberigi Supporting Administrative Motion for Order for Publication of Summons, Granting Leave to Issue Subpoenas, and Granting Extension of Time to Serve Complaint ¶¶ 4-14 [hereinafter "Alberigi Declaration"].) Plaintiffs have stated causes of action against Defendant Theresa Wong, as shown in the Complaint, but she cannot with reasonable diligence be found and served in any other manner specified in the California Code of

Civil Procedure sections 415.10 through 415.30 or in Fed. R. Civ. P. 4. (Alberigi Declaration ¶¶ 4-9.) Therefore, Plaintiffs request that Ms. Wong be served via publication of the summons. With regard to Mr. Yu, Plaintiffs have been unable to serve him at his former workplace at the California Department of Motor Vehicles ("DMV"), because he is at home on disability, and the DMV is unwilling to provide his home address without a subpoena. (Alberigi Declaration ¶ 10-14.) Accordingly, Plaintiffs seek leave to issue a subpoena to the DMV to discover his home address. Plaintiffs also seek an additional extension of time to complete service on Ms. Wong and Mr. Yu, as described above.

## II.  NEED FOR SERVICE ON THERESA WONG BY PUBLICATION

As mentioned in the First Service Motion, many of the Defendants in this action have attempted to evade service of process. Theresa Wong has left the country on multiple occasions since her husband, Mr. Tse, was served. Plaintiffs believe she is still out of the country. (Wu Declaration ¶¶ 3-4, 8-11.) Nonetheless, they have no foreign address at which she could be served by mail under Cal. Civ. P. Code § 415.40.

In his Declaration, Private Detective Glen Alberigi details the efforts he took to find Theresa Wong at her former workplace and to find an address for her. All of his efforts to find an office or residence address for her have been unavailing. (Alberigi Declaration ¶¶ 4-9.) Despite numerous attempts at surveillance, Ms. Wong has never shown up at her former office at 555 Montgomery Street since the Complaint was filed. (Alberigi Declaration ¶ 6.) Plaintiffs believe that she has stopped going to her former office after the suit was filed. Moreover, persons at that office have returned all mail sent by Plaintiffs' counsel to various Defendants at that office, stating that no such business or person is located there. ((*See* Declaration of Christopher Cooke Supporting Administrative Motion for Order for Publication of Summons, Granting Leave to Issue Subpoenas, and Granting Extension of Time to Serve Complaint ¶¶ 1-4.) Moreover, Mr. Alberigi has been unable to find Ms. Wong's residence using "search locators" -- businesses that search for data on a person, such as addresses, criminal records, and credit, and

1  create databases.  Examples of search locators include IRB Search, Merlin Information, and
2  Baxter Research.  (Alberigi Declaration ¶ 3.)

3        Plaintiffs cannot deliver the Summons and Complaint to her personally under Fed. R.
4  Civ. P. 4(e)(2)(A) or Cal. Civ. P. Code § 415.10, or mail her a copy with a request for waiver
5  under Fed. R. Civ. P. 4(d) or a notice and acknowledgement under Cal. Civ. P. Code § 415.30,
6  because they cannot find a residence or office address for her.  They cannot leave a copy at her
7  office under Cal. Civ. P. Code § 415.20(a), because they are unable to find a current office
8  address for her.  They cannot leave a copy at her dwelling under Fed. R. Civ. P. 4(e)(2)(B) or
9  Cal. Civ. P. Code § 415.20(a), because they have been unable to locate a home address for her.

10        In short, Ms. Wong's whereabouts are unknown, Plaintiffs have no good address for her,
11  and all previous means of finding her whereabouts or serving her have been unsuccessful.
12  Plaintiffs know of no other sources of inquiry that might provide information about her
13  whereabouts.  Accordingly, Plaintiffs have no alternative for service other than service by
14  publication.  Plaintiffs believe that the San Francisco Chronicle and the San Francisco Chinese-
15  language newspaper, Sing Tao Daily, are the publications most likely to give Ms. Wong actual
16  notice of the Summons, and propose publication in these two newspapers.  Ms. Wong's
17  businesses have advertised in the Sing Tao Daily paper before, she is fluent in Chinese, and she
18  is likely to read that newspaper when she returns to this area from time to time.

19

20  **II.    NEED FOR LEAVE TO ISSUE SUBPOENAS CONCERNING JAMES YU**

21        As noted in the First Service Motion, Plaintiffs have not been able to find the
22  whereabouts of James Yu.  Mr. Alberigi went to the DMV office on November 27, 2007 and
23  again on February 8, 2008, in an effort to obtain information about Mr. Yu.  He spoke to an
24  Administration Clerk called Virginia, who told him that James Yu has been off work on
25  disability for about three years, although Virginia and another clerk would not give him Mr. Yu's
26  home address or phone number due to department policy.  Mr. Alberigi has also been unable to
27  obtain an address for Mr. Yu through his usual search locater services.  (Alberigi Declaration
28  ¶¶ 10-14.)

1    In sum, Mr. Yu is no longer working at the DMV office, Plaintiffs do not have a good address for him, and Plaintiffs have no other sources of inquiry that might provide information about Mr. Yu's whereabouts. Plaintiffs do, however, believe that Mr. Yu is in the San Francisco Bay area, and that if they are given leave to subpoena Mr. Yu's address from the DMV, he can be served personally at his home address. Consequently, Plaintiffs seek leave to issue subpoenas to the DMV, and any further follow up subpoenas to other third parties, in order to obtain information about Mr. Yu's residence.

### III.    NEED FOR EXTENSION OF TIME

The Court's January 23, 2008 gave Plaintiffs until March 31, 2008 to complete service on Defendants Theresa Wong and James Yu. Service by publication on Theresa Wong, however, will require arranging for publication, and then compliance with Cal. Government Code section 6064. *See* Cal. Civ. P. Code § 415.50(b). Government Code section 6064 requires publication once a week for four consecutive weeks. These two procedures will require more than a month. Moreover, it will take time to prepare subpoenas, to receive responses, and then to attempt personal service. Therefore, time beyond March 31, 2008 will be required to complete service on Ms. Wong and Mr. Yu.

Under Fed. R. Civ. P. 6(b)(1)(A), however, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." In addition, Local Rule 6-3 permits parties to move the Court to seek to enlarge or shorten time.

Given Theresa Wong's foreign travel and the difficulty in finding contact information concerning James Yu, Plaintiffs seek an extension of time from March 31, 2008 until May 31, 2008 (an additional sixty days) to complete service of process on Ms. Wong and Mr. Yu.

Plaintiffs are unable to obtain a stipulation to the time change, because they have been unsuccessful to date in serving Ms. Wong and Mr. Yu, and none of the served Defendants has entered an appearance in this case.

Plaintiffs will be prejudiced if an extension is not granted because they will be unable to pursue two of the principals in Defendants' fraudulent foreign currency futures trading scheme, Ms. Wong and Mr. Yu, if they are dismissed due in part to their efforts to evade service of process. Accordingly, Plaintiffs should be granted additional time to serve Ms. Wong and find Mr. Yu's whereabouts.

Plaintiffs have asked for, and have been granted, one previous extensions of time in which to complete service of process on Ms. Wong and Mr. Yu, but have explained why they have been unable to complete service on them within the extended time.

Plaintiffs do not believe that an additional extension until May 31, 2008 will affect the schedule of this case.

The Court has authority under Fed. R. Civ. P. 6(b) and Local Rule 6-3 to extend the time in which Plaintiffs must serve Ms. Wong and Mr. Yu.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order (1) directing that service of the summons in this action on Defendant Theresa Wong be effected by publication of the summons in the San Francisco Chronicle and the Sing Tao Daily in San Francisco in accordance with Cal. Civ. P. Code § 415.50, (2) granting leave to issue subpoenas in aid of service of process on Defendant James Yu, and (3) granting an extension of time until May 31, 2008 to complete service of process on Ms. Wong and Mr. Yu.

Respectfully Submitted,

COOKE, KOBRICK, & WU LLP

Dated: March 10, 2008

By: /s/ _____
STEPHEN S. WU
Attorneys for Plaintiffs