CHRISTOPHER COOKE, CA Bar #142342
STEPHEN S. WU, CA Bar # 205091
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Email: ccooke@ckwlaw.com
      swu@ckwlaw.com
Tel: (650) 638-2370
Fax: (650) 341-1395
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEI-FANG LISA ZHANG, BAY AREA AFFORDABLE HOUSING, LLC, XUE-HUAN GAO, YANG-CHUN ZHANG, CAROL JIAN DENG, and HAO LIANG,<br><br>    Plaintiffs,<br><br>vs.<br><br>WEI-MAN RAYMOND TSE, RUN PING ZHOU a.k.a. FLORA ZHOU, THERESA WONG, JAMES YU, BILL SHU WAI MA, MOLLY LAU, VICTOR SO, JIAN XIAO, CHRIST INVESTMENT SERVICE INC., CIS SERVICE, INC., PACIFIC BEST GROUP LTD. a.k.a. PACIFIC BEST COMPANY LTD., and SOUTH CHINA INVESTMENT INC.,<br><br>    Defendants. | Case No.:  C-07-04946 JSW<br>(Related to C-05-02641 JSW)<br><br>**PLAINTIFFS' CASE MANAGEMENT STATEMENT** |

    Pursuant to Local Rule 16-9, Plaintiffs submit this Case Management Statement.

**PRELIMINARY STATEMENT**

    Local Rule 16-9(a) provides, "If one or more of the parties is not represented by counsel, the parties may file separate case management statements."  In this case, none of the Defendants

is represented by counsel. Accordingly, pursuant to Local Rule 16-9(a), Plaintiffs submit this statement as a separate Case Management Statement.

**1.    JURISDICTION AND SERVICE**

(a)    The basis for the Court's subject matter jurisdiction over Plaintiffs' claims in this case is federal question jurisdiction. Plaintiffs assert claims under RICO and the Commodities Exchange Act, 7 U.S.C. § 1 et seq. The Court has supplemental jurisdiction over its state law claims under 28 U.S.C. § 1367(a).

(b)    Plaintiffs are unaware of any issues regarding personal jurisdiction or venue.

(c)    Two parties remain to be served: Defendants Theresa Wong and James Yu. The process for service on Theresa Wong by publication is underway. The San Francisco Chronicle began publication of the summons on March 22, 2008, and the Sing Tao Daily began publication of the Summons on March 24. The summons will appear weekly on three consecutive weeks after these initial publication dates. Plaintiffs are preparing a renewed administrative motion for leave to issue subpoenas explaining the reasons why legal authority permits subpoenas to be issued to James Yu's employer, the California Department of Motor Vehicles ("DMV").

(d)    Plaintiffs intend to complete service of process by May 31, 2008, pursuant to the Court's March 14, 2008 order.

**2.    FACTS**

This is an action, both in law and in equity, brought by victims of commodities fraud under the Racketeer Influenced Corrupt Organization Act ("RICO") and the Commodity Exchange Act ("CEA"). Plaintiffs are individuals and a small business in the San Francisco Area and in particular are members of the San Francisco Chinese community. Defendants are individuals and the businesses they operated in San Francisco, which purported to conduct foreign currency futures trading on behalf of clients for investment purposes. Plaintiffs invested large sums of money with Defendants for foreign currency futures trading in response to personal solicitations and advertisements in Chinese language newspapers.

Defendants' businesses, however, were wholly fraudulent. Defendants opened an office, used telephone trading telephone lines in Hong Kong, created computerized records, faxed and emailed written reports of accounts to customers, provided receipts for funds received, and in some cases returned modest amounts of investor moneys, all for the purpose of creating the appearance of a legitimate foreign currency futures trading business. Defendants, however, never actually conducted any foreign currency futures trading, and simply stole the funds that investors transferred to them for their personal use.

Since Defendants have not entered an appearance, there are no factual issues in dispute at this time.

**3.  LEGAL ISSUES**

Since none of the Defendants has entered an appearance in this matter, there are no disputed points of law in this case to date.

**4.  MOTIONS**

(a)  The following motions have been submitted in this matter:

(i)  Administrative Motion to Consider Whether Cases Should be Related to have *United States Commodities Futures Trading Commission, et al. v. National Investment Consultants, Inc.*, No. C 05-02641 JSW considered a related case. The Court granted this motion.

(ii)  Request for Entry of Default Against Defendants Wei-Man Raymond Tse, Jian Xiao, and Victor So Under Fed. R. Ci. P. 55(a). The Clerk entered a default against these Defendants.

(iii)  Plaintiffs filed a motion on January 10, 2008 seeking leave to issue subpoenas in ad of service of process on Theresa Wong and James Yu and seeking an extension until March 31, 2008 to complete service of process. The Court granted the motion in part, permitting the extension but denying without prejudice leave to issue subpoenas.

        (iv)    On February 11, 2008, Plaintiffs filed a motion for entry of default against Defendants Run Ping Zhou a.k.a. Flora Zhou, Bill Shu Wai Ma, Christ Investment Service Inc., CIS Service, Inc., Pacific Best Group Ltd. a.k.a. Pacific Best Company Ltd., and South China Investment Inc. The Clerk has not yet entered default in response to the motion, and the Plaintiffs respectfully request that the Court consider this motion.

        (v)    On March 10, 2008, Plaintiffs filed a second administrative motion relating to service of process. Plaintiffs sought leave to serve Theresa Wong by publication, in light of their inability to find an address for her. They also sought leave to issue a subpoena to California DMV to find the home address of James Yu, given his disability and absence from his workplace at the California DMV. The Court granted the motion in part, permitting Plaintiffs to serve Theresa Wong by publication. Nonetheless, the Court denied leave to issue a subpoena to the DMV without prejudice, stating that Plaintiffs would need to show that service of such a subpoena would be proper.

(b)    Anticipated motions.

        (i)    Plaintiffs intend to file a renewed motion seeking leave to issue a subpoena to the California DMV to discover the home address of James Yu, and in the motion, Plaintiffs intend to provide the Court with their reasoning and authority explaining why service of a subpoena on the DMV would be proper.

        (ii)    Additional requests for entry of default against Defendants Theresa Wong and James Yu following completion of service of process.

        (iii)    Plaintiffs anticipate filing a single motion for default judgment as against all Defendants, after service is completed and defaults have been entered against every Defendant.

## 5. AMENDMENT OF PLEADINGS

Plaintiffs do not anticipate adding additional claims at this time. They do, however, reserve the right to add additional parties to this matter if discovery or investigation reveals additional parties involved in the Defendants' fraudulent scheme. At the moment, however, Plaintiffs do not wish to add any additional parties to this action.

**6.    EVIDENCE PRESERVATION**

Plaintiffs are individuals who do not have any automated document destruction programs or processes. They have preserved emails received from Defendants, upon instruction from counsel. Plaintiffs' counsel has sent letters to the served Defendants instructing them to preserve electronically stored information.

**7.    DISCLOSURES**

Because none of the Defendants has actively participated in this Case, Plaintiffs have received no initial disclosures under Fed. R. Civ. P. 26, and there are no represented parties to which it can make its own initial disclosures.

**8.    DISCOVERY**

No discovery has been taken to date, since none of the Defendants has actively participated in this case. It remains to be seen whether any Defendants will seek to set aside defaults, but assuming they do not, Plaintiffs intend to seek discovery concerning the assets held by Defendants. Plaintiffs do not propose any limitations or modifications of the discovery rule. Given that Defendants have not participated in this case, no discovery plan is necessary for the exchange of information.

**9.    CLASS ACTIONS**

This action is not a class action.

**10.    RELATED CASES**

This case is related to *United States Commodities Futures Trading Commission, et al. v. National Investment Consultants, Inc.*, No. C 05-02641 JSW.

**11.  RELIEF**

Plaintiffs seek monetary damages, punitive damages, and injunctive relief. Plaintiffs seek compensatory damages in an amount to be proven in connection with trial or the entry of default judgment against Defendants, but in excess of $321,149, which is the amount Plaintiffs invested with Defendants. Plaintiffs also seek interest on Plaintiffs' capital from the dates of their transfer to Defendants. Compensatory damages should be trebled under 18 U.S.C. § 1964. Further, Plaintiffs seek the costs of suit incurred in this case and attorneys' fees. Finally, Plaintiffs seek exemplary and punitive damages according to proof.

**12.  SETTLEMENT AND ADR**

Because Defendants have not participated in this case, Plaintiffs have been unable to discuss settlement or ADR with Defendants. Accordingly, Plaintiffs believe an ADR plan would be premature at this time.

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiffs do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.  OTHER REFERENCES**

Plaintiffs do not anticipate that this case will be suitable for other references.

**15.  NARROWING OF ISSUES**

Because Defendants have not participated in this case, Plaintiffs do not believe that issues can be narrowed by agreement. Plaintiffs do, however, anticipate seeking default judgments against all Defendants.

**16. EXPEDITED SCHEDULE**

Plaintiffs anticipate seeking defaults and default judgments against all Defendants, seeking discovery concerning the assets held by Defendants, and collecting those assets. Therefore, unless Defendants seek to set aside these defaults, this case can be handled on an expedited basis with streamlined procedures.

**17. SCHEDULING**

Because no Defendants have participated actively in this case, and Plaintiffs do not anticipate any such participation, Plaintiffs do not believe it is necessary at this time to create a schedule of deadlines for various mechanisms of the adversary process.

**18. TRIAL**

Given the apparent defaults of all Defendants in this matter, Plaintiffs do not anticipate a trial in this case. Were the Defendants to contest the case, however, Plaintiffs anticipate a jury trial of 5 days in length.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs have already filed a Certification of Interested Entities or Persons as required by Local Rule 3-16. Plaintiffs reiterate that as of this date, other than the named parties, there is no interest to report on a Certification of Interested Entities or Persons.

**20. OTHER MATTERS**

None.

Respectfully Submitted,

COOKE, KOBRICK, & WU LLP

Dated: April 4, 2008

By: /s/ _____
STEPHEN S. WU
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Stephen S. Wu, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. I am an attorney in the law firm of Cooke Kobrick & Wu LLP, 177 Bovet Road, Suite 600, San Mateo, CA 94402.

On April 4, 2008, I served Defendants Wei-Man Raymond Tse, Jian Xiao, Victor So, Molly Lau, Bill Shu Wai Ma, Run Ping Zhou, Christ Investment Service Inc., CIS Service, Inc., and South China Investment Inc. with this

PLAINTIFFS' CASE MANAGEMENT STATEMENT

by placing a true copy thereof, first class postage prepaid, in the United States mail, for delivery to the following Defendants at the following addresses:

Mr. Wei-Man Raymond Tse
555 Montgomery Street, Suite 610
San Francisco, CA 94111

Mr. Jian Xiao
737 Chester Street
Oakland, CA 94607

Mr. Victor So
c/o Legendary Palace
708 Franklin Street
Oakland, CA 94607

Ms. Molly Lau
PFC, US Army
A FSC, 70th BSB
Unit #15093
Camp Casey, South Korea
APO AP 96224

Mr. Bill Shu Wai Ma
Christ Investment Service Inc.
CIS Service, Inc.
1945 Kirkham Street
San Francisco, CA 94122

Ms. Run Ping Zhou
South China Investment Inc.
3567 Kimberly Road
Cameron Park, CA 95682

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct.

Dated: April 4, 2008

/s/

STEPHEN S. WU