CHRISTOPHER COOKE, CA Bar #142342
STEPHEN S. WU, CA Bar # 205091
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Email:  ccooke@ckwlaw.com
        swu@ckwlaw.com
Tel: (650) 638-2370
Fax: (650) 341-1395
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEI-FANG LISA ZHANG, BAY AREA AFFORDABLE HOUSING, LLC, XUE-HUAN GAO, YANG-CHUN ZHANG, CAROL JIAN DENG, and HAO LIANG,<br><br>Plaintiffs,<br><br>vs.<br><br>WEI-MAN RAYMOND TSE, RUN PING ZHOU a.k.a. FLORA ZHOU, THERESA WONG, JAMES YU, BILL SHU WAI MA, MOLLY LAU, VICTOR SO, JIAN XIAO, CHRIST INVESTMENT SERVICE INC., CIS SERVICE, INC., PACIFIC BEST GROUP LTD. a.k.a. PACIFIC BEST COMPANY LTD., and SOUTH CHINA INVESTMENT INC.,<br>            Defendants. | Case No.:  C-07-04946 JSW<br>(Related to C-05-02641 JSW)<br><br>**RENEWED ADMINISTRATIVE MOTION FOR LEAVE TO ISSUE SUBPOENA REGARDING JAMES YU OR, IN THE ALTERNATIVE, FOR LEAVE TO SERVE SUMMONS ON JAMES YU VIA PUBLICATION** |

Pursuant to Local Rules 7-11, Plaintiffs move this Court for leave to issue subpoena in aid of service of process on defendant James Yu, or in the alternative, for an order authorizing plaintiffs to serve Mr. Yu through publication of the summons, nunc pro tunc.

## I.  BACKGROUND

This is an action by victims of commodities fraud under the Racketeer Influenced Corrupt Organization Act ("RICO") and the Commodity Exchange Act ("CEA").  Plaintiffs invested large sums of money with Defendants for foreign currency futures trading, but Defendants' businesses were wholly fraudulent, and Defendants stole Plaintiffs' investments. Plaintiffs filed their Complaint on September 24, 2007.  Plaintiffs have diligently attempted to serve all the defendants in this case since filing their Complaint. The only remaining unserved defendant now is James Yu (defendant Theresa Wong is being served by publication).

In plaintiffs' motion filed on January 10, 2008, plaintiffs asked the Court for leave to issue subpoenas to aid in service of the complaint on Theresa Wong and James Yu, and to extend the time for service of the summons and complaint until March 31, 2008.  By order dated January 23, 2008, the Court granted plaintiffs' request for the extension of time to serve the summons and complaint, but denied without prejudice, plaintiffs' request to issue subpoenas to aid in locating Ms. Wong and Mr. Yu, and advised that "plaintiffs have not set forth any reasons why an alternative form of service is not viable." (January 23, 2008 Order at p. 2:9-10).

In their administrative motion filed on March 10, 2008, plaintiffs asked for (1) leave to serve Ms. Wong by publication; (2) leave to issue subpoenas in aid of service of process on Defendant James Yu, including to the California Department of Motor Vehicles, which has been Mr. Yu's employer; and (3) a further extension until May 31, 2008 to complete service on Ms. Wong and Mr. Yu.

By order dated March 14, the Court granted in part plaintiffs' March 10 administrative motion, authorizing plaintiffs to serve Ms. Wong via publication and extending the time to serve Ms. Wong and Mr. Yu until May 31.  The Court denied without prejudice plaintiffs' request to issue a subpoenas in aid of completing service on Mr. Yu, "to a showing that service of such subpoena would b proper or that service by publication is not viable on Defendant James Yu."

1
ADMINISTRATIVE MOTION FOR LEAVE TO ISSUE SUBPOENA OR SERVE BY PUBLICATION
Case No.:  C-07-04946 JSW

(March 14, 2008 Order at p. 2:10-11).

In response to the March 14, 2008 Order, plaintiffs now seek leave to issue a subpoena to the California Department of Motor Vehicles or, in the alternative, for an order permitting them, nunc pro tunc, to serve summons on defendant James Yu by publication.

## II. THE COURT SHOULD GRANT PLAINTIFFS' REQUEST TO ISSUE A SUBPOENA TO THE DMV FOR DEFENDANT JAMES YU'S CONTACT INFORMATION

As described in plaintiffs' motion filed on March 10, 2008, Plaintiffs have not been able to find the whereabouts of James Yu. Plaintiffs' private investigator, however, has determined that Mr. Yu is an employee of the Department of Motor Vehicles' office on Fell Street in San Francisco, and that Mr. Yu has been on disability from his job at the DMV for the past 3 years. (*See* Declaration of Glen Alberigi Supporting Administrative Motion for Order for Publication of Summons, Granting Leave to Issue Subpoenas, and Granting Extension of Time to Serve Complaint, ¶11, filed on March 10, 2008) ("Alberigi Dec."). In its order dated March 14, the Court advised that plaintiffs should show that service of "such a subpoena would be proper." Plaintiffs' counsel has researched the law in this area, and advises the Court of the following:

California law generally requires that a party wishing to subpoena the "personal records" of a "consumer" must give notice to the affected consumer of the subpoena before the date of production to afford the consumer the opportunity to object to it. Cal. Code Civ.P. § 1985.3(b)(1). The notice of the subpoena must be given to the affected consumer "personally, or at his or her last known address, or "if he or she is a party, to his or her attorney of record." Cal. Code Civ.P. § 1985.3(b)(1). The notification requirements of Section 1985.3 of the Code of Civil Procedure also apply when a party subpoenas certain records of an employee of state or local government from the government agency. Section 1985.4 of the same Code states:

> The procedures set forth in Section 1985.3 are applicable to a subpoena duces tecum for records containing "personal information as defined in Section 1798.3 of the Civil Code . . . which are maintained by a state or local agency . . . For purposes of this section, "witness' means a state or local agency . . . "consumer" means any employee of any state or local agency . . ., or any other natural person.

California law has similar notification requirements when employment records about an

employee are subpoenaed. *See* Cal. Code Civ.P. § 1985.6.[1] It is unclear whether these state law notification provisions in the Code of Civil Procedure Sections 1985.3 and 1985.6 apply to a federal court lawsuit pending in California. *See* William W Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial*, Chapter 11, "Disclosure and Discovery," ¶ 11:994 (Rutter: 2008 ("The special notice requirements under state law are designed to protect a substantive right under state law (privacy). Thus, arguably, these state court 'procedures' should be followed. But many judges disagree and treat the state rules as 'procedural' in nature . . , hence not applicable in federal court.").

If plaintiffs are granted leave to issue a subpoena to Mr. Yu's employer (the DMV), plaintiffs will not be able to comply with these notification provisions because they do not know Mr. Yu's address. Plaintiffs have no way of sending him a copy of a subpoena served on the DMV that asks for his contact information.

However, plaintiffs' proposed subpoena to the DMV for Mr. Yu's contact information is appropriate even though plaintiffs cannot comply with this notice requirement. The Code of Civil Procedure contains an exception to the notice requirement, which is applicable here:

> *Upon good cause shown and provided that the rights of witnesses and consumers are preserved, a subpoenaing party shall be entitled to obtain an order* shortening the time for service of a subpoena duces tecum or *waiving the requirements of subdivision (b) where due diligence by the subpoenaing party has been shown.*
> Cal. Civ.P. § 1985.3(h) (emphasis added).

An identical provision exists with respect to subpoenas for employment records. See Cal. Civ.P. § 1985.6(g). This waiver provision is tailor-made to plaintiffs' situation.[2]

First, Plaintiffs have shown due diligence in attempting to ascertain Mr. Yu's whereabouts. They have hired a private investigator, who has attempted to learn Mr. Yu's contact information from his employer and via other means. (Alberigi Dec. ¶¶ 10-12).

---

[1] The definition of "personal information" in Section 1798.3 of the California Civil Code includes a person's home address. *See* Cal. Civ. Code § 1798.3 ('personal information' means "any information that is maintained by any agency that identifies or describes an individual, including, but not limited to, his or her name, social security number, physical description, home address . . . ").

[2] Counsel has not found any California case discussing either Section 1985.3(h) or Section 1985(g).

3
ADMINISTRATIVE MOTION FOR LEAVE TO ISSUE SUBPOENA OR SERVE BY PUBLICATION
Case No.: C-07-04946 JSW

1     Second, good cause exists to excuse plaintiffs from this notice requirement.  Plaintiffs are
2 only seeking very limited information about Mr. Yu from his employer, namely, Mr. Yu's last
3 known residence address and telephone number.  Plaintiffs need this information to locate a
4 defendant in their lawsuit, to ensure that he receives notice of the lawsuit and is afforded the
5 opportunity to answer plaintiffs' allegations.

6     California courts have, in other contexts, held that the names and personal contact
7 information of third-party witnesses may be produced in response to discovery demands,
8 notwithstanding the state's privacy laws.  *See, e.g. Puerto v. Superior Court*, 158 Cal.App.4th
9 1242, 1254 (2008) (in ordering employer to identify home addresses for employees identified as
10 witnesses in employer's interrogatory responses, notwithstanding employer's privacy objections:
11 "These individuals have been identified by Wild Oats as witnesses.  Nothing could be more
12 ordinary in discovery than finding out the location of identified witnesses so that they may be
13 contacted and additional investigation performed"), and cases discussed therein.  Thus, good
14 cause exists to permit plaintiffs to subpoena Mr. Yu's contact information from the DMV.

### III. IN THE ALTERNATIVE THE COURT SHOULD PERMIT PLAINTIFFS TO SERVE DEFENDANT JAMES YU VIA PUBLICATION

17     If the Court does not permit plaintiffs to issue a subpoena to the DMV, plaintiffs
18 respectfully request leave to serve James Yu by publication.  Service by publication under
19 California law requires a party to show that the party to be served "cannot with reasonable
20 diligence" be served in another manner specified under California law.  Cal. Code Civ.P.
21 §415.50(a).  Plaintiffs' efforts to locate and serve Mr. Yu satisfy this standard.

22     As described in Private Investigator Glen Alberigi's declaration filed on March 10,
23 plaintiffs have retained him to assist them in serving all defendants in this action.  Mr. Alberigi
24 has tried to serve Mr. Yu at the California DMV offices in San Francisco on two occasions, but
25 has learned that Mr. Yu has been on disability from his job there for the past three years.
26 (Alberigi Dec. ¶ 10, 11).  Mr. Alberigi has also been unable to find any address for Mr. Yu using
27 database searches that he typically uses to locate individuals.  (Alberigi Dec. ¶¶ 3, 13).  Plaintiffs
28 presently have no home or work address for Mr. Yu, but believe that he may live in San

ADMINISTRATIVE MOTION FOR LEAVE TO ISSUE SUBPOENA OR SERVE BY PUBLICATION
Case No.: C-07-04946 JSW

1  Francisco (and they have a photograph of him to aid in identifying him).

2  Because plaintiffs have no current work or home address for Mr. Yu, they cannot employ the other methods to effect service of summons on him. They cannot deliver the Summons and Complaint to him personally (Fed. R. Civ. P. 4(e)(2)(A), Cal. Civ. P. Code § 415.10), mail him a copy with a request for waiver (Fed. R. Civ. P. 4(d), send him a notice and acknowledgement (Cal. Civ. P. Code § 415.30), leave a copy at his office (Cal. Civ. P. Code § 415.20(a)), or leave a copy at his dwelling (Fed. R. Civ. P. 4(e)(2)(B), Cal. Civ. P. Code § 415.20(a)), because they have been unable to locate a home address for him. In short, defendant James Yu's whereabouts are unknown and service by publication is the only remaining option for plaintiffs to effect service on him. Plaintiffs have already caused the summons in this case –which is addressed to James Yu and all other defendants---to be published in the San Francisco Chronicle and in the San Francisco Chinese-language newspaper, Sing Tao Daily, to serve Ms. Wong with the Summons. Plaintiffs respectfully request that the Court order, nunc pro tunc, that publication of this Summons in this fashion is also effective to serve Defendant James Yu as well.

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) grant Plaintiffs leave to issue a subpoena to the California Department of Motor Vehicles that seeks only James Yu's home address and telephone number or (2) in the alternative, leave to serve summons on Mr. Yu by publication.

Respectfully Submitted,

COOKE, KOBRICK, & WU LLP

Dated: April 10, 2008

By: /s/ _____
Christopher C. Cooke
Attorneys for Plaintiffs