CHRISTOPHER COOKE, CA Bar #142342
STEPHEN S. WU, CA Bar # 205091
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Email:  ccooke@ckwlaw.com
            swu@ckwlaw.com
Tel: (650) 638-2370
Fax: (650) 341-1395
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEI-FANG LISA ZHANG, BAY AREA AFFORDABLE HOUSING, LLC, XUE-HUAN GAO, YANG-CHUN ZHANG, CAROL JIAN DENG, and HAO LIANG,<br><br>Plaintiffs,<br><br>vs.<br><br>WEI-MAN RAYMOND TSE, RUN PING ZHOU a.k.a. FLORA ZHOU, THERESA WONG, JAMES YU, BILL SHU WAI MA, MOLLY LAU, VICTOR SO, JIAN XIAO, CHRIST INVESTMENT SERVICE INC., CIS SERVICE, INC., PACIFIC BEST GROUP LTD. a.k.a. PACIFIC BEST COMPANY LTD., and SOUTH CHINA INVESTMENT INC.,<br><br>Defendants. | Case No.:  C-07-04946 JSW<br>(Related to C-05-02641 JSW)<br><br>**PLAINTIFFS' RESPONSE TO COURT'S APRIL 16, 2008 ORDER RE REQUEST FOR ENTRY OF DEFAULT AGAINST RUN PING ZHOU** |

By order dated April 16, 2008, the Court directed plaintiffs to examine the "Defendant Run Ping Zhou's Separate Case Management Statement" received by the Court from defendant Run Ping Zhou (also known as Flora Zhou) on or about January 11, 2008 and to state whether plaintiffs maintain that entry of default against Ms. Zhou is appropriate.

Plaintiffs have examined Ms. Zhou's statement and the applicable law regarding defaults. Plaintiffs' request for a default against Ms. Zhou was made pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. This Rule states in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed.R.Civ.P. 55(a).

As this rule suggests, a defendant must file an answer or proper motion, such as a motion under Rule 12 of the Federal Rules of Civil Procedure, indicating an intent to defend against the plaintiffs' allegations within prescribed time period following service of summons on the defendant. A defendant's formal appearance "alone will not prevent entry of default" but does entitle the appearing defendant to notice of a motion for entry of default judgment. *See* William W Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* ¶¶ 6:27-6:29 (Rutter Group: 2008).

Defendant Zhou's "Separate Case Management Statement" filed on January 11, 2008 does not constitute a proper Answer or Rule 12 to plaintiffs' complaint. In their Complaint, Plaintiffs allege that beginning in November 2000 and continuing to at least 2007, they were victimized by a foreign currency trading scam so brazen that two regulatory enforcement actions, one by the State of California and the other by the United States Commodities Futures Trading Commission and the State of California, have been filed in order to stop them. Defendant Zhou is specifically alleged to have participated in this criminal enterprise even after she was sued and enjoined by the State of California in the first enforcement action –the Tokyo International Case that the Department of Corporations filed in December 2000 ---by establishing and managing yet another entity (South China Investments) to perpetuate the fraud. (Complaint, ¶¶ 11, 23, 24, 52-57).

Against these allegations, Ms. Zhou has filed an untimely pleading with the Court which states only that she has "quit my job since December 2004" and has not been "involve[d] [in] any foreign currency future trading business after Dec. 2004." (Separate Case Management

Statement, filed on 1/11/2008, at pg. 2).[1] She also asserts that should not be a defendant in this case because "All my money was frozen by CFTC is gone to CFTC Monitor department after Sep[t]ember 1, 2006 that was settled." Ms. Zhou thus neither admits nor denies anything about her involvement in the foreign currency scam pleaded in plaintiffs' complaint during the first four years of its existence, from approximately November 2000 up to December 2004. However, by no later than January 2004, defendants had already begun defrauding plaintiffs. (See Complaint, ¶¶ 78-(plaintiff Mei-Fang Lisa Zhang "invested a total of $118,990 of her own money" in "numerous investments from January 2004 through November 2006"); Complaint ¶ 85 (plaintiff Bay Area Affordable Housing "invested a total of $93,500 with South China, Pacific Best and NICI" in "numerous investments from "January 2004 through December 2006").

Plaintiffs recognize that defendant Zhou is proceeding pro se and that, under the liberal pleading rules of construction applicable to pro se litigants, the Court may construe her untimely "Separate Case Management Statement" as an intention to contest liability that is sufficient to avoid a clerk's entry of default against her under Rule 55(a). *See* Schwarzer, et al., at ¶ 6:28 ("No default can be entered if defendant has filed a response indicating its intent to defend the action").

Plaintiffs therefore submit that the Court, at a minimum, should require Defendant Zhou to plead a proper answer to plaintiffs' Complaint, or file an appropriate Rule 12 motion with respect to the Complaint, within 10 days, and that, if Defendant Zhou fails to submit a proper response to plaintiffs' Complaint, the Court should enter a default against her.

Dated: April 25, 2008

COOKE, KOBRICK, & WU LLP

By: _____/s/_____
Christopher Cooke
Attorneys for Plaintiffs

---

[1] Plaintiffs served Ms. Zhou with the Summons and Complaint on December 6, 2007. Her "Separate Case Management Statement" indicates it was filed on January 11, 2008, which is well past the 20-day deadline for answering or filing a Rule 12 motion.