Answers for the case

*FILED*

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORINA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| MEI-FANG LISA ZHANG, et al. | ) | Case No: C-07-o4946   JSW |
| Plaintiffs, | ) | (Related to C-05-02641   JSW) |
| | ) | |
| v. | ) | |
| WEI-MAN RAYMOND TSE, et al. | ) | ANSWER AND COUNTERCLAIM |
| Defendants. | ) | OF DEFENDANT RUN PING ZHOU |
| | ) | TO PLAINTIFF MEI-FANG LISA |
| | ) | ZHANG, BAY AREA AFFORDABLE |
| | ) | HOUSING, LLC, XUE-HUAN GAO, |
| | ) | YANG-CHUN ZHANG, CAROL JIAN |
| | ) | DENG, and HAO LIANG |
| | ) | FOR COMPLAINT REQUEST FOR |
| | ) | JURY TRIAL |

On May 6, 2008, the Court ordered Defendant Run Ping Zhou to respond to the
Complaint by filling an answer or other responsive pleading. I, Run Ping Zhou,
appreciate the Court to give me one last opportunity.

I deem I should explain the reason that I only filed a case management statement but
did not file an answer for the Complaint. On December 6, 2007, I was served the
Summons and Complaint. I tried hard to read all the documents about the case and spent
most of time to research the meaning of the words using a dictionary. Unfortunately,
there was a strong storm during January 4, 5 and 6, 2008, causing a 4-day power outage
in my living area. I could not read the Court information without the Internet. So I had to
follow the document of the Court order, simply filed a case management statement and
drove to San Francisco for the first case management conference on January 11, 2008. I
thought I could explain it during the meeting. But I did not know the meeting was
canceled. I was advised to submit the case management statement to the clerk's office.
And then, I misunderstood that the Complaint against me was dismissed after I had done
it.

I further appreciate that the Plaintiffs recognize I am proceeding without counsel and
appreciate the Court ADVISED me about the Handbook for Pro Se Litigants, which
really contains helpful information about proceeding without an attorney.

I, defendant Run Ping Zhou, answer the allegations contained in the Complaints Request for Jury Trial filed by Plaintiff Mei-Fang Lisa Zhang, Bay Area Affordable Housing, LLC., Xue-Huan Gao, Yang-Chun Zhang, Carol Jian Deng, and Hao Liang as follows:

## I. SUMMARY OF THE ACTION

1. I deny the action against me and deny the statement, "both in law and in equity, brought by victims of Commodities fraud under the Racketeer Influenced Corrupt Organization Act ("RICO") and the Commodity Exchange Act ("CEA")," against me. I further deny the right of plaintiffs against me to seek monetary damages, punitive damages, and injunctive relief.

2. I admit I am an individual mentioned in this case, but I deny that South China Investment, Inc. is an individual defendant in this case. South China Investment, Inc. was incorporated in California on or about November 9, 2000 and was a California corporation in good standing until on or about July 31, 2004 when it ceased doing business. The certificate of dissolution was filed for South China Investment, Inc. on August 4, 2004 and South China Investment, Inc. was dissolved on or about October 15, 2004. It has no assets, no bank account, and no corporate identity. It is defunct. South China Investment, Inc., on and belief, was never the subject of any customer complaints other than those at issue in this matter. I further deny that I purported to conduct foreign currency futures trading on behalf of clients for investment purposes.

3. I deny the allegation of Paragraph 3. I strongly deny the complaint against me that I "simply stole the funds that investors transferred to them for their personal use." CFTC have researched all my financial statements and situations, but there is no evidence to support this kind of complaint.

4. I deny the allegation of paragraph 4. I have quit my job since December 2004 and have been home for almost four years. After December 2004, I was not and will not ever be involved in any foreign currency futures trading business. I was and I am sick with osteoarthritis all the time so I do not work.

## II. JURISDICTION AND VENUE

5. Paragraph 5 states a conclusion of law that requires no response.
6. Paragraph 6 states a conclusion of law that requires no response.
7. Paragraph 7 states a conclusion of law that requires no response.

## III. INTRADISTRICT ASSIGNMENT

8. Paragraph 8 states a conclusion of law that requires no response.

## IV. PARTIES

9. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11. I admit the allegation of paragraph 11.

12. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph17.

18. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

## V. GENERAL FACTUAL ALLEGATIONS

### A. Background and Enforcement Action Against Run Ping Zhou

22. Paragraph 22 states a conclusion of law that requires no response.

23. Paragraph 23 states a conclusion of law that requires no response.

24. I admit that I signed a Stipulation and Agreement for the entry of a Judgment of Permanent Injunction against me in December 2000. But I deny that I understood it. I was employed by Tokyo International Investment Inc. ("TII") from October 1998 to November 1999, first as an account executive and then as an account manager. From December 1999 to December 2000, I worked for FX International Investment, Inc. ("FXII") as a marketing manager. My supervisor at FXII was Scott Yuan. In or about March 2000, while working for FXII, I was served with some documents from the California Department of Corporations regarding TII. I was listed as one of the TII account executives named in the document. Mr. Yuan told me that he had arranged for an attorney, Joseph Morehead, to represent me. In November 2000, I met with Mr. Morehead for the first time at Mr. Morehead's office. Mr. Yuan was present Mr. Morehead told me that he did not represent me. Mr. Yuan explained in Mr. Morehead's presence that the TII case was done and that I needed to sign a document and mail it to the Department of Corporations on Market Street. Neither Mr. Yuan nor Mr. Morehead explained that I had agreed to the entry of an Order of Permanent Injunction. I had no idea then as me English was very poor, nor do I fully understand it now (other than never to work in this type of business again), what the Order of Permanent Injunction means. Neither Mr. Yuan nor Mr. Morehead explained of Section 29520 of the California Commodity Law, or the meaning of any of the other statutes listed in the Order. Mr.

3

Yuan and Mr. Moorehead simply told me the case was over. They never informed me that I would have to disclose the existence of this Order to my customers in any future foreign currency business.

## B. Tse and His Currency Trading Companies

25. I deny the part of allegations against me in Paragraph 25. I deny that I was an individual with the purpose "to entice unwitting individuals to invest money with what appeared to be legitimate companies selling foreign currency futures contracts and to steal their money."

I strongly deny the plaintiffs' complaint against me "to steal money."

I further deny that I "acted as Tse's lieutenants, and managed the businesses and various businesses entities controlled by Tse, including the business entity Defendants herein." I am without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 including a, b, c, d.

26. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27. I admit that SCII was incorporated as a California corporation on November 9, 2000. But I deny that it was because of the "during the pendency of the Tokyo International Case." I left Tokyo International Investment, Inc. in November 1999, before the Tokyo International Case existed. I even did not know the situation in Tokyo International Investment, Inc. I further deny that I conducted fraud at SCII's office (the address is correct, but the fraud is not) "South China conducted the foreign currency trading fraud described herein in its office at 300 Montgomery Street, Suite 730, in the City of San Francisco and County of San Francisco, California."

28. I deny the allegations of Paragraph 28.

29. I admit the allegations of Paragraph 29.

30. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31. I deny the allegations of Paragraph 31. Against subsequent companies and other defendants I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32. I deny the allegations of Paragraph 32. Against subsequent companies and other defendants I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32.

33. I deny the allegations of Paragraph 33. Against subsequent companies and other defendants I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34. I deny the allegations of Paragraph 34. Against subsequent companies and other defendants I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35. I admit that SCII would provide a deposit receipt showing the amount received when funds deposited. I am without knowledge or information sufficient to form a belief as to the truth of the allegations about other defendants regarding this statement: "when

4

an individual invested funds with a Defendant company, the company would provide a deposit receipt showing the amount received."

36. Against me, I deny the allegations of Paragraph 36. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 36.

## C. **Defendants Operated Outside Governmental Regulation**

37. I admit I was not registered with the CFTC as a futures commission merchant. I deny the remaining allegations of Paragraph 37. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 37.

38. The Plaintiffs use the word "Defendants" which includes me in Paragraph 38. However, I deny the allegations against me in the Paragraph 38 since my understanding of this Paragraph concerns the other companies subsequent to SCII. To use the allegations of Paragraph 38 against other defendants, I am without knowledge or information sufficient to form a belief as to the truth of it.

39. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, also allegations of Paragraph 39 states a conclusion of law requires no response.

40. Again the Plaintiffs use the word "Defendants" which includes me in Paragraph 40. Against me, I deny the allegations of Paragraph 40 since my understanding of this Paragraph concerns the other companies subsequent to SCII. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 40. Also Paragraph 40 states a conclusion of law requires no response.

## D. **Fraudulent Conduct by Defendants**

41. Against me, I deny the allegations of Paragraph 41. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 41.

42. Against me, I deny the allegations of Paragraph 42. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 42.

43. The Plaintiffs use the words 'other individual Defendants' including me here. Against me, I deny the allegations of Paragraph 43. Against other individual Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 43.

44. Against me, I deny the allegations of Paragraph 44. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 44.

45. Against me, I deny the allegations of Paragraph 45. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 45.

46. Against me, I deny the allegations of Paragraph 46. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 46.

47. Against me, I deny the allegations of Paragraph 47. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 47.

48. Against me, I deny the allegations of Paragraph 48. I strongly deny the allegations of Paragraph 48 g. As my answer for Paragraph 24, I strongly deny that I was under a legal obligation to disclose "the Tokyo International Case against Zhou or the Zhou Injunction." I further deny the Plaintiffs have the right to complain about this against me. Some of the Plaintiffs, such as Xue-Huan Gao or Yang-Chun Zhang or Carol Jian Deng or Hao Liang, should have known their case had happened after I quit in December 2004 and that they never even met me. By the common sense, they should not frame a new case against me by the allegations of Paragraph 48 g. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the remaining Paragraph 48.

49. Against me, I deny the allegations of Paragraph 49. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 49.

50. Against me, I deny the allegations of Paragraph 50. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 50.

51. Against me, I deny the allegations of Paragraph 51. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 51.

### E. **Enforcement Action Brought by the CFTC and the State of California**

52. I deny that I made any misrepresentations or omissions concerning the profitability of foreign currency trading, the risk involved in foreign currency trading and the experience of account executives for South China Investment Inc. I have already explained the litigation against me and Tokyo International Investments Inc. in my answer for Paragraph 24. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 52.

53. Paragraph 53 states a conclusion of law that requires no response.

54. Paragraph 54 states a conclusion of law that requires no response.

55. Paragraph 55 states a conclusion of law that requires no response.

56. I deny that I am enjoined in anyway with NICI, Pacific Best, or any other entity. I only admit that I was SCII owner.

57. Paragraph 57 states a conclusion of law that requires no response.

58. Paragraph 58 states a conclusion of law that requires no response.

59. Paragraph 59 states a conclusion of law that requires no response.

60. Paragraph 60 states a conclusion of law that requires no response.

61. I deny I established any business entities other than SCII. As stated earlier, I closed SCII in February 2004 and completely ceased in any business that did any future currency trading. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the Paragraph 61.

Against me, I deny the allegations of Paragraph 61. I strongly deny that "Upon information and belief, Defendants are using CIS. Inc., CIS, CIS Service, and other

entities to circumvent the injunctions in the Consent Order and the Zhou Injunction". As my answer for Paragraph 24, I had no idea then, nor do I fully understand now, what the Order of Permanent Injunction means. I have been home since December 2004, even earlier than the CFTC and the Commissioner of Corporations for the State of California filed a Complaint on Jun 28, 2005. I am currently unemployed and have been treated numerous times for Benign Paroxysmal Positional Vertigo and osteoarthritis. I am never a shareholder, officer or director of Christ Investment Service Inc., or Christ Investment Service, LLC, or CIS Service, or any other Defendants company. The Plaintiffs use these allegations to frame a new case against me, they should know this fact. Even the CFTC understood my health situation and the truth that I state here when that case was settled.

### F. Member Responsibility Action Brought by the NFA

62. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62.

63. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63.

64. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64.

65. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65.

### G. Continuing Fraudulent Conduct of Defendants

66. Against me, I deny the allegations of Paragraph 66. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66.

67. Against me, I deny the allegations of Paragraph 67. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67.

68. Against me, I deny the allegations of Paragraph 68. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of the Paragraph 68.

69. Against me, I deny the allegations of Paragraph 69. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69.

I strongly deny the allegations that "the other Defendants will continue to take investors money, and make material misrepresentations and /or omissions to potential and existing customers unless enjoined by the Court", the words "the other Defendants" includes me. The only purpose of the Plaintiffs, for using such allegations against me, is to frame a new case against me. I further deny that I did, or do, or will do the taking of investor's money.

### H. Use of Wire and Bank Fraud

70. Against me, I strongly deny the allegations of Paragraph 70 (a) and 70 (b). I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 (C).

71. Against me, I strongly deny the allegations of Paragraph 71. Against other defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71.

## I. Investments and Losses of the Plaintiffs

72. Against me, I deny the allegations of Paragraph 72. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72.

73. Against me, I deny the allegations of Paragraph 73. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73.

74. Against me, I deny the allegations of Paragraph 74. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74.

### 1. Allegations Specific to Mei-Fang Lisa Zhang

75. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75. There is no copy to show that South China placed such "an employment advertisement in the Sing Tao Daily newspaper". Zhang did not say who interviewed her for the job. Also, the most important point is that she did not list the detail evidences to explain when and how she got paid when she "was hired to work for NICI, Pacific Best, and South China," and when or how "the entities paying Zhang for her work also included CIS Inc. and CIS Service." Such detail evidences can be her every month pay checks of her salary and trading commissions and W2 form wage and Tax statements. Zhang complaints about many Defendants at the same time, I even do not know who is who, so I request her to explain all the detail in her allegations of Paragraph 75.

76. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76.

77. I strongly deny the allegations in Paragraph 77 regarding the training of Zhang. I did not train Zhang. As to all other details regarding Paragraph 77, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77.

78. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78. Zhang did not tell the detail about how she "invested a total of $118,990 of her own money with Defendants for foreign currency trading." She must list all her deposited funds in each different company and show the copies of all the receipts. This is very important to the Complaint in this case since it is involved in the one that was settled by CFTC vs. NICI and other Defendants. I further deny that I "encouraged Zhang and other account executives to invest their own money in foreign currency futures trading."

79. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79.

80. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80.

81. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81.

### 2. Allegations Specific to Bay Area Affordable Housing, LLC

82. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82.

83. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83.

84. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84.

85. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85. Jen did not tell the detail of how he "invested a total of $93,500 with South China, Pacific Best, and NICI." Also he did not show the deposited funds receipts to the different companies or any evidence to support his allegations of Paragraph 85. He must show the copies of evidence to explain how "this amount represents numerous investments from January 2004 through December 2006."

86. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86.

### 3. Allegations Specific to Xue-Huan Gao

87. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87.

88. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88.

89. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89.

90. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90.

91. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91.

### 4. Allegations Specific to Yuan-Chung Zhang

92. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92.

93. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93.

94. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94.

95. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95.

### 5. Allegations Specific to Carol Jian Deng

96. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96.

97. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97.

98. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98.

99. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99.

100. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100.

101. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101.

102. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102.

### 6. Allegations Specific to Hao Liang

103. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103.

104. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104.

105. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105.

106. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106.

## VI. RICO ALLEGATIONS

107. Paragraph 107 states a conclusion of law that requires no response.

108. Paragraph 108 states a conclusion of law that requires no response.

109. Against me, base on my answers in Paragraph 1 through 108, I strongly deny the allegations of Paragraph 109. I am not a member of any enterprise within the meaning of RICO. South China was not a member enterprise within the meaning of RICO. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109.

110. Against me, I deny the allegations of Paragraph 110. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110.

111. Against me, I deny the allegations of Paragraph 111. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111.

112. Against me, I deny the allegations of Paragraph 112. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112.

113. Against me, I deny the allegations of Paragraph 113. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113.

114. Against me, I deny the allegations of Paragraph 114. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114.

115. Against me, I deny the allegations of Paragraph 115. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115.

116. Against me, I deny the allegations of Paragraph 116. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116.

## A. Predicate Acts

117. Against me, I deny the allegations of Paragraph 117. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117.

118. Paragraph 118 states a conclusion of law that requires no response.

119. Against me, I deny the allegations of Paragraph 119. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119. Also the remaining of allegations states a conclusion of law that requires no response.

120. Against me, I deny the allegations of Paragraph 120. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120.

## B. Wire and Bank Fraud

121. Against me, I deny the allegations of Paragraph 121. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121. Also the remaining of allegations states a conclusion of law that requires no response.

122. Against me, I deny the allegations of Paragraph 122. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122. Also the remaining of allegations states a conclusion of law that requires no response.

123. Against me, I deny the allegations of Paragraph 123. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 123. Also the remaining of allegations states a conclusion of law that requires no response.

124. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124.

125. Against me, I deny the allegations of Paragraph 125. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125. Also the remaining of allegations states a conclusion of law that requires no response.

126. Against me, I strongly deny the allegations of Paragraph 126. Against other defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126.

## C. Pattern of Racketeering Activity

127. Against me, I deny the allegations of Paragraph 127. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127. Also the remaining of allegations states a conclusion of law that requires no response.

128. Against me, I deny the allegations of Paragraph 128. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128. Also the remaining of allegations states a conclusion of law that requires no response.

## COUNT I
## RICO: 18 U.S.C. § 1962 (c)

129. I neither admit nor deny Paragraph 129, as it is a bridge paragraph incorporating prior paragraphs and, I therefore incorporate all of my earlier responses to this paragraph.

130. Paragraph 130 states a conclusion of law that requires no response.

131. Against me, I deny the allegations of Paragraph 131. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131.

132. Against me, I deny the allegations of Paragraph 132. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132. Also, the remaining of allegations state a conclusion of law that requires no response.

## COUNT II
## RICO CONSPIRACY: 18 U.S.C § 1962 (d)

133. I neither admit nor deny Paragraph 133, as it is a bridge paragraph incorporating prior paragraphs, and I therefore incorporate all of my earlier responses to this paragraph.

134. Paragraph 134 states a conclusion of law that requires no response.

135. Paragraph 135 states a conclusion of law that requires no response.

136. Against me, I deny the allegations of Paragraph 136. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136.

137. Against me, I deny the allegations of Paragraph 137. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137. Also, the remaining of allegations state a conclusion of law that requires no response.

138. Against me, I deny the allegations of Paragraph 138. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138. Also, the remaining of allegations state a conclusion of law that requires no response.

139. Against me, I deny the allegations of Paragraph 139. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139. Also, the remaining of allegations state a conclusion of law that requires no response.

140. Against me, I deny the allegations of Paragraph 140. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140. Also, the remaining of allegations state a conclusion of law that requires no response.

## COUNT III
## COMMODITIES FRAUD: 7 U.S.C. § 6 b (a)

141. I neither admit nor deny Paragraph 141, as it is a bridge paragraph incorporating prior paragraphs, and I therefore incorporate all of my earlier responses to this paragraph.

142. Paragraph 142 states a conclusion of law that requires no response.

143. Against me, I deny the allegations of Paragraph 143. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143.

144. Against me, I deny the allegations of Paragraph 144. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144.

145. Against me, I deny the allegations of Paragraph 145. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145. Also, the remaining of allegations state a conclusion of law that requires no response.

146. Against me, I deny the allegations of Paragraph 146. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146. Also, the remaining of allegations state a conclusion of law that requires no response.

147. Against me, I deny the allegations of Paragraph 147. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147. Also, the remaining of allegations state a conclusion of law that requires no response.

148. Against me, I deny the allegations of Paragraph 148. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148.

149. Against me, I deny that I caused the Plaintiffs to suffer said damages as to the allegations of Paragraph 149. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149.

## COUNT IV
## COMMODITIES FRAUD

150. I neither admit nor deny Paragraph 150, as it is a bridge paragraph incorporating prior paragraphs, and I therefore incorporate all of my earlier responses to this paragraph.

151. Against me, I deny the allegations of Paragraph 151. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151.

152. Against me, I deny the allegations of Paragraph 152. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152.

153. Against me, I deny the allegations of Paragraph 153. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153.

154. Against me, I deny the allegations of Paragraph 154. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154.

155. Against me, I deny the allegations of Paragraph 155. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155. Also, the remaining of allegations state a conclusion of law that requires no response.

156. Against me, I deny the allegations of Paragraph 156. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156. Also, the remaining of allegations state a conclusion of law that requires no response.

157. I admit that I am not registered with the CFTC. I deny the remaining allegations of Paragraph 157. Also, against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157.

158. Against me, I deny the allegations of Paragraph 158. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158.

159. Against me, I deny that I caused the Plaintiffs to suffer said damages as to the allegations of Paragraph 159. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159.

## COUNT V
## COMMODITIES FRAUD
## FICTITIOUS SALES: 7 U.S.C. § 6c (a)

160. I neither admit nor deny Paragraph 160, as it is a bridge paragraph incorporating prior paragraphs, and I therefore incorporate all of my earlier responses to this paragraph.

161. Against me, I deny the allegations of Paragraph 161. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161.

162. Against me, I deny the allegations of Paragraph 162. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 162. Also, the remaining of allegations state a conclusion of law that requires no response.

163. Against me, I deny the allegations of Paragraph 163. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163.

164. Against me, I deny that I caused the Plaintiffs to suffer said damages as to the allegations of Paragraph 164. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164.

## COUNT VI
## COMMODITIES FRAUD
## CONVERSION: 7 U.S.C. §§ 6d(a)(2), 13(a)(1)

165. I neither admit nor deny Paragraph 165, as it is a bridge paragraph incorporating prior paragraphs, and I therefore incorporate all of my earlier responses to this paragraph.

166. Paragraph 166 states a conclusion of law that requires no response.

167. Against me, I deny the allegations of Paragraph 167. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167. Also, the remaining of allegations state a conclusion of law that requires no response.

168. Paragraph 168 states a conclusion of law that requires no response.

169. Against me, I deny the allegations of Paragraph 169. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 169. Also, the remaining of allegations state a conclusion of law that requires no response.

170. Against me, I deny that I caused the Plaintiffs to suffer said damages as to the allegations of Paragraph 170. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 170.

## COUNT VII
## FRAUD

171. I neither admit nor deny Paragraph 171, as it is a bridge paragraph incorporating prior paragraphs, and I therefore incorporate all of my earlier responses to this paragraph.

172. Against me, I deny the allegations of Paragraph 172. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 172.

173. Against me, I deny the allegations of Paragraph 173. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 173.

174. Against me, I deny the allegations of Paragraph 174. Against other defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174.

175. Against me, I deny the allegations of Paragraph 175. Against other defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 175.

176. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176.

177. Against me, I deny the allegations of Paragraph 177. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 177.

## COUNT VIII
## COMMON LAW CONVERSION

178. I neither admit nor deny Paragraph 178, as it is a bridge paragraph incorporating prior paragraphs, and I therefore incorporate all of my earlier responses to this paragraph.

179. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 179.

180. Against me, I deny the allegations of Paragraph 180. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 180.

181. Against me, I deny the allegations of Paragraph 181. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181.

182. Against me, I deny that I caused the Plaintiffs to suffer said damages as to the allegations of Paragraph 182. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182.

## COUNT IX
## BREACH OF FIDUCIARY DUTY

183. I neither admit nor deny Paragraph 183, as it is a bridge paragraph incorporating prior paragraphs, and I therefore incorporate all of my earlier responses to this paragraph.

184. Based on all my response in Paragraph 1 through Paragraph 183, I do not have relationship with the Plaintiffs. Against me, I deny the allegations of Paragraph 184. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 184.

185. Against me, I deny the allegations of Paragraph 185. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185.

186. Based on all my responses in Paragraph 1 through Paragraph 185, I deny that the Plaintiffs have the right to an award of exemplary and punitive damages against me. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 186.

## COUNT X
## BREACH OF ORAL CONTRACT

187. I neither admit nor deny Paragraph 187, as it is a bridge paragraph incorporating prior paragraphs, and I therefore incorporate all of my earlier responses to this paragraph.

188. Against me, I deny the allegations of Paragraph 188. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188.

189. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189.

190. Against me, I deny the allegations of Paragraph 190. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190.

191. Against me, I deny that I caused the Plaintiffs to suffer said damages as to the allegations of Paragraph 191. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 191.

## COUNT XI
## NEGLIGENCE

192. I neither admit nor deny Paragraph 192, as it is a bridge paragraph incorporating prior paragraphs, and I therefore incorporate all of my earlier responses to this paragraph.

193. Against me, I deny the allegations of Paragraph 193. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 193.

194 Against me, I deny the allegations of Paragraph 194. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 194.

195. Based on all my responses in Paragraph 1 through Paragraph 194, I deny the allegations of Paragraph 195 that I demonstrated negligent conduct that caused the Plaintiffs to sustain loses of $321,149. Against other defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 195.

196. I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 196. Based on all my response in Paragraph 1 through Paragraph 196, I deny that my acts and omissions were the legal and proximate cause of Plaintiffs' damages.

## COUNT XII
## UNFAIR COMPETITION
## VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE
## SECTION 17200 et seq.

197. I neither admit nor deny Paragraph 197, as it is a bridge paragraph incorporating prior paragraphs, and I therefore incorporate all of my earlier responses to this paragraph.

198. Based on all my response in Paragraph 1 trough Paragraph 197, I deny the allegations of Paragraph 198 against me. Against other Defendants, I am without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 198. Also, the remaining of allegations state a conclusion of law that requires no response.

199. I deny the allegations against me that "as a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiffs have been harmed as set forth herein. I neither admit nor deny that the Plaintiff's allegations against other Defendants in Paragraph 199 because I am without knowledge or information sufficient to form a belief as to the truth of these allegations.

I further deny the Plaintiff's pray judgment against me as follows:

1. On Counts I and II, I deny Plaintiffs have the right to require me to pay compensatory damages of $321,149 and for that matter, any amount against me. I further deny Plaintiffs have the right to require me to pay any costs of the suit herein incurred and attorney fees.

2. On Counts III through VI, I deny that the Plaintiffs have the right to require me to pay any "compensatory damages in the amount to be proven at trail, but in excess of $321,149."

3. On Counts VII through XI, I deny that the Plaintiffs have the right to all the following:
   a. I deny that the Plaintiffs have the right to require me to grant "damages in an amount to be proven at trial, but in excess of $321,149;"
   b. I deny that the Plaintiffs have the right to require me to pay "for interest on Plaintiffs' capital from dates of their transfer to defendants;"
   c. I deny that the Plaintiffs have the right to require me to pay "for exemplary and punitive damages according to proof at the time of trial."

4. On Count XII, I deny that Plaintiffs have the right to all the following:
   a. I deny that the Plaintiffs have the right to require me to pay "any order or judgment as may be necessary to prevent the use of the practices alleged herein that constitute unfair competition" against me.
   b. I deny the Plaintiffs have the right against me to require me to pay "for any order or judgment as may be necessary to restore to Plaintiffs any money or property that might have been acquired by means of such competition in the amount to be proven at trial, but in excess of $321,149.

c. I deny the Plaintiffs have the right against me to require me to pay "for attorneys' fees as provided by the State of California Business and Professional Code section 17200 et seq.

5. I neither deny nor admit to Paragraph 199 number 5, because I do not fully understand its meaning.

6. I deny the Plaintiffs have the right against me to require me to pay "for costs of suit herein incurred."

7. I deny the Plaintiffs have the right against me to require me to pay "for such other and further relief as the court may deem just and proper.

## RELIEF REQUESTED

200. I request the Court dismiss the Plaintiffs' Complaint against me in its entirety.

Respectfully Submitted,

Defendant Run Ping Zhou *a.k.a Flora Zhou*

Date: *May 27, 2008*

By: *Flora Zhou*
   Run Ping Zhou

19

Run Ping Zhou's Counterclaim to Plaintiffs Mei-Fang Lisa Zhang, Bay Area Affordable Housing, LLC, Xue-Huan Gao, Yang-Chun Zhang , Carol Jian Deng, and Hao Liang

## I. SUMMARY

201. This is an action, both in law and in equity, brought Run Ping Zhou's Counterclaim against all Plaintiffs. In this action, I only represent myself as an individual person to every person of all Plaintiffs in this case. I seek punitive damages and injunctive as the Court may deem just and proper.

## II. JURISDICTION AND VENUE

202. This Court has jurisdiction over the subject matter of this action under the laws of the United States, and particular, this case related to the laws listed in the Consent Order of Permanent Injunction that relief by this Court on September 1, 2006.

203. Venue is proper in this district, as the Allegations of Paragraph 7 of Complaint of Plaintiffs.

## III. GENERAL FACTUAL ALLEGATIONS

204. On July 23, 2005, the Chinese newspaper Sing Tao Daily reported for the first time, the case about CFTC filing a Complaint against all Defendants. The newspaper reported it in Chinese and explained it in English. If Mei-Fang Lisa Zhang, or Jen of Bay Area Affordable Housing, LLC, or Xue- Huan Gao, or Yang-Chun Zhang, or Carol Jian Deng, or Hao Liang, had read this news in Sing Tao Daily, anyone of them should have understood the news, because all Plaintiffs are Chinese and some of them "in particular are members of the San Francisco Chinese Community". The copy of this newspaper is attached hereto as Exhibit A. The newspaper reported the State of California Corporation said customers can call 1-866-275-2677 to get the information on how to file a complaint for free. Zhang and Jen did not take any action to claim their damages.

205. On July 26 and 27, 2005, Sing Tao Daily continued to report the case on first page and B1 page. The newspaper further explained how to file some forms to apply claims. Zhang and Jen did not take any action to claim their damages. The copies of these newspapers are attached hereto as Exhibit B.

206. Sing Tao Daily belongs to a powerful Sing Tao Group Enterprise, and they reported this case in Chinese on their Chinese radio station and TV channel 26 Chinese program for the whole week after the case was first reported. Either by listening to the Chinese radio station, or by watching the Chinese TV program, or by reading Sing Tao Daily, Zhang and Jen had chances to get the news that NICI was in the case. In particular Zhang was working in NICI and should have heard this news by word of mouth. But Zhang and Jen did not take any action to claim their damages.

207. On July 28, 2005, Sing Tao Daily reported there were six more customers that filed their complaints. Some of them can be Zhang's former co-workers, but Zhang and Jen did not take any action. The copy of this newspaper is attached hereto as Exhibit C.

208. On August 27, 2005, Sing Tao Daily further reported the detail about the process of the case. Zhang and Jen did not take any action. The copy of this newspaper is attached hereto as Exhibit D.

209. On November 5, 2005, Sing Tao Daily again reported more detail information about the process of the case. Zhang and Jen still took no action. Based on Zhang's allegations of her complaint, she was always busy for trading the foreign currency futures. The copy of this newspaper is attached hereto as Exhibit E.

210. On September 22, 2006, Sing Tao Daily reported that DOC and CFTC had settled the case with NICI and other Defendants and the Court relief the Consent Order of Permanent Injunction on September 1, 2006.Zhang and Jen had a good chance to claim their damages without paying Attorney fees, but they did not take any action. A copy of this newspaper is attached hereto as Exhibit F.

211. Based on my allegations on Paragraph 204 through Paragraph 210, it is not true that all Plaintiffs said in their Complaints that they were told about the Consent Order of Permanent Injunction "in late February 2007". In particular, Zhang worked as an account executive in NICI during the pendency of the case that CFTC Complaint against NICI and other Defendants. The purpose is misleading the Court that she is a victim. Otherwise she could not explain why she was still trading foreign currency futures and why she did not take any action after the Consent Order relief by the Court. Also, all Plaintiffs are Chinese, and some of them said they were through the ADs in Sing Tao Daily to become the account executives, it is impossible that none of them heard or read the news about that case reported many times in Sing Tao Daily newspaper before Zhang told them. All Plaintiffs owe an explanation to the Court. To lie to someone is wrong; to lie to self is hopeless.

# IV. COUNTERCLAIM AGAINST MEI-FANG LISA ZHANG

212. Mei-Fang Lisa Zhang, based on her allegations on Paragraph 75 through Paragraph 81 of Plaintiffs Complaint, was an account executive worked for NICI, Pacific Best, and South China. After NICI case, she still worked for Pacific Best, CIS Inc., and CIS Service. On the other hand, she is always a self investor of Pacific Best and she was the trader of her own account. When I worked in South China, I was not allowed to be involved in customers of Pacific Best investment business. I had my own office, Zhang never came to me to complain that she or her client was losing money in their investment.

213. I was the owner of SCII, I had to sign all the pay checks every month. I noticed that Zhang was an active trader and she sometimes made more commission than other employees. For example, she was paid $ 1,342.33 on March 10, 2004, and $ 2,201.56 on April10, 2004. A copy of this example is attached hereto as Exhibit G.

214. Zhang did not tell the Court how much her total salary was each paycheck and her commission during the time she worked for those companies (2003 to 2007). Instead she only complains that she lost a total of $118,990 of her own money. The purpose is misleading the Court that she is a victim.

215. Before I left NICI in 2004, I heard Zhang was an active trader in NICI and handled different clients of Pacific Best. One of them is Mrs. Tian, I did not know her full name. Zhang told us that she traded foreign currency futures for Mrs. Tian only about two months then made about $2,000 profit in Tian's investment account, so on that day, Mrs. Tian came to close her account taking profit and withdrew all her investment money. Zhang did not tell the Court how many clients total she had traded for making her commission, instead only complains that her mutual friend Jen of BAAH lost his invest money. The purpose is misleading the Court that she and Jen are victims.

216. Upon information and belief, whatever during the time she worked in the different companies, Zhang has never been registered with the CFTC or the State of California in any capacity, even after the Consent Order relief by the Court.

217. Upon information and belief, Zhang as a senior trader since she has been trading from 2003 to 2007, she knew the risk of the investment and had four years trading experience. It is not true that she said in her allegations of Paragraph 79 about "Zhang had no previous experience in investing in foreign currency futures".

218. On one hand, Zhang complains she lost a total of $ 118,900 of her own money and on the other hand, she admitted that "in early 2006, Mei-Fang Lisa Zhang solicited Yuan-Chun Zhang to invest her money". If Zhang did not lose any of her own money before early 2006, why is she suing me because I left NICI in December 2004? If this is the case, it was not me that caused her to lose $118,900. If she already lost money why would she ask her niece to open an account? If she had not lost any money yet that means she told her niece the truth so Lisa Zhang did not make any false representations. However, on this last point this also means that she lost the money after I had already left NICI in December 2004. If Lisa Zhang had already lost in her own money at that time then it is obvious that she knew the risk. If she knew the risk then she cheated or lied to her niece Yuan-Chun Zhang by having her open an account. This means she made a false representation as to her complaint about what other defendants did or she cheated or lied to her niece. She cannot have it both ways! Either way, Zhang owes the Court an explanation about this problem.

219. In the Consent Order III.5., "The injunctive provisions of this Consent Order shall be binding upon the Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of the Defendants and upon any person who receives actual notice of this Consent Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with the Defendants."

220. Based on my allegations of Paragraph 204 through Paragraph 219, Zhang was acting as an agent or an employee as the Consent Order is defined by the Court. According to Paragraph 219, Zhang should be a defendant for the illegal trading of foreign currency futures. Zhang acted in violation of the Consent Order. She deserves a Permanent Injunction.

221. Based on my allegations of Paragraph 204 through Paragraph 220, and based on it is a personal case hereto, Zhang does not have jurisdiction over me. In particular she did violations even after the Consent Order relief by the Court on September 1, 2006 and I was not involved in any foreign currency futures business after that. Actually, I left NICI in December 2004 and sick all the time since then and never involved in **any** capacity for this type of business. It is ridiculous to sue me again by person.

222. Based on Zhang's allegations of her complaint, she told other Plaintiffs about the Consent Order to file the Complaint. She knew the truth that I did not work any more after I left NICI, she still tried to frame a new case against me. When I was served the Complaint document on December 6, 2008, I asked the guy if I need to sign, he said no. But in the report to the Court, I was a bad woman. It said, "When Plaintiffs found the whereabouts of Run Ping Zhou, A second process server company, Guaranteed Subpoena Service, Inc. ("Guaranteed"), handed the suit paper to Ms. Zhou at her home in Cameron Park. Guaranteed reported to me, however, that Ms. Zhou denied that she is the person known as Flora Zhou, an alias that she has used in the past. Service was completed on December 7, 2007." What a lie it was! That was December 6, and I was nice to the Guaranteed. My name is still Flora, I am humble to the Court, I respect all the lawyers, but I never forgive someone to make up a story to insult me. The purpose that Zhang tried hard to frame a new case against me is to let more persons to pay her lawsuit fee. She had a chance to stop trading and file a claim for free. But she is greedy. She made more commission income and then filed a new case to ask more money. This new case has very upset me, I could not sleep, I feel more pain and dizzy.

223. Zhang misleading her lawyer to believe she is a fraud victim by untold truth, so she could use another law to cover her illegal trading foreign currency futures. The allegations of Paragraph 107 and 108 of the Plaintiffs Complaint "each Plaintiff is a person injured in his business or property by reason of a violation of RICO within the meaning of 18 U.S.C. $ 1964(c)." and "at all relevant times hereto, Plaintiffs and Defendants were and are PERSONS within the meaning of 18 U.S.C. $ 1961 (3)." Actually, Zhang was a self investor at the same time was a senior account executive of all her clients and a senior employee of all Defendants' companies. Her situation as was as my situation in Tokyo case. I was a self investor and an account executive in Tokyo case too. I had to sign a Permanent Injunction; Zhang deserves a Permanent Injunction too. The law is the same to every one, there is no double standard that Zhang does not have a permanent injunction order while I did.

224. Zhang also is misleading her lawyer in believing that she is a fraud victim by her untold truth of her illegal trading of foreign currency futures, which she hopes allows her to sue for more money. What she did in this case is the same as she complained about Molly Lau, but she tried hard to sue Molly Lau. When I read the Court documents, I learned that Molly Lau is in an overseas tour in Korea, she is a member of the United States Army as Private First Class Molly Lau. I was angry. Our country is at war fighting against the terrorists. We all enjoy our peaceful life at home because of thousands of members of the United States Army. Molly Lau and others are taking the risk of losing their lives to fight for our country! Zhang is here fighting for suing Molly Lau because Zhang wants more money to pay for her suing "business". I am ashamed of her. I am doubly ashamed of Zhang as a Chinese woman for her accusations are so immoral. It is my point of view, not about the law.

225. I learn a lesson in the case of CFTC vs. NICI and other Defendants, I always respect the Court, all of the issues were settled in that case on the end, what I did is done. I never forget the lesson that one mistake could cause much troubles later. I review many times of the Complaint of Zhang, there is no personal complaint against me but copy the Complaint documents of CFTC. I can not find the proper law to defend myself, but I know I should not be sued again based on the same facts in the case of CFTC vs. NICI

and other Defendants. I do not have any shareholder of Christ Investment Service Inc. or CIS Service, Inc. or Pacific Best Group Ltd., Zhang has no reason to bring a false charge against me.

WHEREFORE, I pray judgment against Mei-Fang Lisa Zhang as follows:

1.) Granting an Order to dismiss the Complaint of Plaintiffs against me;
2.) Granting an Order Permanent injunctive relief Mei-Fang Lisa Zhang;
3.) Granting an Order Mei-Fang Lisa Zhang pay for cost of suit herein incurred, if I have to trail, she pay all my attorney's fee.

# V. COUNTERCLAIM AGAINST BAY AREA AFFORDABLE HOUSING, LLC AND JIMMY JEN

226. Based on the allegations of Paragraph 82 through Paragraph 85 of Plaintiffs Complaint, Jimmy Jen represented BAAH and "invested a total of $ 93,500 with South China, Pacific Best, and NICI. This amount represents numerous from January 2004 through December 2006."So I would use the word "Jen" to represent Jimmy Jen of BAAH hereto.

227. Based on the allegations of my answer and counterclaim, in Paragraph 1 through Paragraph 226, in particular in Paragraph 24, I deny any violations of permanent injunction or Consent Order to Jen. I never met Jen and never heard Jen's complaint of losing money by his account executive Mei-Fang Lisa Zhang. I did not know Jen or BAAH until I read the Plaintiffs Complaint.

228. Jen was investor with Pacific Best after he signed the contract and authorized Zhang to trade his account and I was not allowed to be involved in his investment. That was true based on the allegations of Paragraph 86 of Plaintiffs Complaint, Jen and Zhang admitted to having a meeting with the managers of Pacific Best Investment, Inc.

229. Jen did not file a complaint and claim his lost money after Consent Order relief by the Court on September 1, 2006, instead he still let Zhang continued trading foreign currency futures in his account. That was his decision. There is no personal reason why Jen should be able to complain against me.

230. Jen has the right to sue Mei-Fang Lisa Zhang because he lost his company's money. It is Zhang that over traded his account to make her commission all the time "from January 2004 through December 2006". It is Zhang indirect "steal" his money from his account to her account. Jen has the right to ask Zhang to show all of her pay checks.

231. Jen was tricked by his "mutual friend" Mei-Fang Lisa Zhang to believe she was innocent, and he listened to her and filed Plaintiffs Complaint. It is Zhang misleading Jen to frame a new case against me even when Jen had no personal reason to sue me. Jen has no reason to bring a false charge against me.

232. I can not find a proper law to punish Jen for bringing a false charge against me, but I believe if anyone filed a complaint without evidence to frame a new case against me, he or she should be punished by law.

WHEREFORE, I pray judgment against Jimmy Jen and Bay Area Affordable Housing, LLC. As follows:

4.) Granting an Order to dismiss the Complaint of Plaintiffs against me;
5.) Granting an Order Jen pay for cost of suit herein incurred, if I have to trail, Jen to pay my attorney's fee.

# VI. COUNTERCLAIM AGAINST XUE-HUAN GAO, YANG-CHUN ZHANG, CAROL JIAN DENG, and HAO LIANG

233. Based on the allegations of my answer and counterclaim, in Paragraph 1 through Paragraph 232, in particular in Paragraph 24, I deny any violations of permanent injunction or Consent Order to Plaintiffs Xue-Huan Gao, Yang-Chun Zhang, Carol Jian Deng, and Hao Liang. Also, I never met those four Plaintiffs.

234. I review many times of their allegations specific to each one, from Paragraph 87 to 106 of Plaintiffs Complaint, and there is no personal complaints against me. All of their stories happened after I left NICI in December, 2004. If I have chance to ask them one by one: "Why do you sue me?", then the answers would be very interesting.

235. They were tricked by Mei-Fang Lisa Zhang and made up the story to frame a new case against me. They have no reason to bring a false charge against me.

236. I can not find a proper law to punish to Plaintiffs Xue-Huan Gao, Yang-Chun Zhang, Carol Jian Deng, and Hao Liang to bring a false charge against me, but I believe if anyone filed a complaint without evidence to frame a new case against me, he or she should be punished by law.

237. I spent a lot of time to read and research, but I found nothing to defend myself against those four plaintiffs Xue-Huan Gao, Yang-Chun Zhang, Carol Jian Deng, and Hao Liang, because they personal sue me for NOTHING!!! It is not fair to me because they caused much more suffering than Zhang to me. It is not fair to my family that this case hurt every one in my home and may cause damage to my marriage. It is not fair that they have money to hire an attorney to do whatever what they want to do but I do not have money to hire my attorney so I have to try hard to learn how to defend myself. They deserve a punishment! They should show me all of their invoices from their attorney for this case, then pay me the same price. The price is let them learn a lesson. I seek punitive damages and injunctive as the Court may deem just and proper.

WHEREFORE, I pray judgment against Plaintiffs Xue-Huan Gao, Yang-Chun Zhang, Carol Jian Deng, and Hao Liang As follows:

6.) Granting an Order to dismiss the Complaint of Plaintiffs against me;

7.) Granting an Order Plaintiffs Xue-Huan Gao, Yang-Chun Zhang, Carol Jian Deng, and Hao Liang pay for cost of suit herein incurred, if I have to trail, they pay my attorney's fee.

8.)Granting an Order for punitive damages and injunctive as the Court may deem just and proper against Plaintiffs Xue-Huan Gao, Yang-Chun Zhang, Carol Jian Deng, and Hao Liang.

# VII. OTHER COUNTERCLAIM AGAINST ALL THE PLAINTIFFS

238. In the Handbook for Pro Se Litigants, Chapter 3, "generally, the first official step in filing a lawsuit is to file a complaint with the court. The complaint is a legal document in which you tell the court and the defendant or defendants how and why you believe the defendant or defendants violated the law in a way that has injured you." And "the complaint must contain all of the following information:

* The names, address, telephone numbers, and fax telephone (if any) of all of the plaintiffs, and the names of all of the defendants.

* A statement explaining why you believe the defendant or defendants violated the law and how it injured you—i.e. lost wages, lost benefits, etc."

239. All the Plaintiffs did not state any one of their address and telephone numbers in the Complaint of Plaintiffs. They violated the law in the Handbook for Pro Se Litigants, Chapter 3.

240. Based on my answer and counterclaim in Paragraph 1 through Paragraph 239 and the allegations of Complaint of Plaintiffs, all the Plaintiffs repeated many times that this is a case of "person to person" suit, but they did not state how I personally violated the law and how it injured them. Also, they only used the word "Defendants" which includes me in order to frame a new case against me. So they violated the law in the Handbook for Pro Se Litigants, Chapter 3, and their Complaint is unlawful as follows:

a. The Plaintiffs did not have any evidence to support that I in personally stole their investment money.

b. The Plaintiffs did not state how I personally caused them to lose a total of $321,149 in their Complaint.

c. The Plaintiffs did not have any evidence to support the complaint that I am a member of an "enterprise" that falls under the meaning of RICO, which they call the "Forex Fraud Enterprise". In particular, I left NICI in December 2004, I was out of timing for the facts that they complain against the other Defendants. Because of this I have to use 'against me' or 'against other defendants' to answer the allegations of the Complaint of Plaintiffs.

241. The Handbook for Pro Se Litigants, Chapter 3 explains 'the Rule 11 (b) of the FEDERAL Rules of Civil Procedure States that by signing the complaint you are promising to the court that:

* You are not filing the complaint for any improper purpose, such as to harass the defendant or to force the defendant to spend unnecessary legal fees;

*You have evidence to support the facts stated in your complaint, or you are likely to

have that evidence after a reasonable opportunity for further investigation or discovery.

- If the court later finds that one of these things was not true—for instance, that you filed the complaint to harass the defendant, or that you have no evidence to support the facts you alleged in the complaint—it can impose sanctions on you. Sanctions are penalties. For example, the court might order you to pay a fine, or to pay the defendant's attorney's fees. It can also dismiss your complaint, or impose any other sanction that it believes is necessary to prevent you, or other persons like you, from violating Rule 11 again.'

242. I believe that I was harassed by this case as follows:

a. I did not change my name and cell phone number; anyone can check this by my old company's information. There are some strange phone calls to my cell phone after I was served the documents of Complaint of Plaintiffs. Some are talking nonsense in Chinese; some calls are at midnight and hang up when I answer them. I called back to check the caller ID and some were calling from public phone of emergency department of hospital.
b. The Plaintiffs request that I pay their attorney's fee, but if the Court allows this then other people like them will do the same against me. They should be sanctioned by the Court to prevent them from doing this and violating Rule 11 again.

WHEREFORE, I pray judgment against all Plaintiffs as follows:

9.) Granting an Order to dismiss the Complaint of Plaintiffs against me;
10.) Granting an Order for punitive damages and injunctive as the Court may deem just and proper against Plaintiffs Mei-Fang Lisa Zhang, Bay Area Affordable Housing, LLC., Xue-Huan Gao, Yang-Chun Zhang, Carol Jian Deng, and Hao Liang.

Respectfully Submitted,

Defendant Run Ping Zhou *a.k.a Flora Zhou*

Date: *May. 27, 2008*

By: *Flora Zhou*

      Run Ping Zhou

27



# 星島 SINGTAO

**2005 年 7 月 23 日 星期六**

## 開無牌投資行 華裔商被控

### 非法撬客買賣外匯 當局籲受害人檢舉

加州企業局及聯邦期貨委員會日前聯手對三藩市一間外匯投資公司及三名投資經理提出控拆，指他們非法進行外匯投資交易，騙取最少五名投資者逾18萬元，要求法庭頒令他們賠償投資者的損失，作出懲罰性的賠款，同時永久禁止他們進行外匯交易。

**本報記者李重實／綜合三藩市報道**

被告所控的遭明由於三藩市的外匯投資公司有香港背景。公司名為National Investment Consultants, Inc.、名South China Investments, Inc. 或是Pacific Best Group Limited成是Pacific Best Company Ltd.。同時並於註冊有...

拓公司的三位華裔經理周潤評（譯音，Run Ping Zhou，又名Flora Zhou）、許估（譯音Yi Kerry Xu）及謝估的Yri M. Tse，又名Raymond Tse 三人均是三藩市灣區居...

控罪指這三名被告透過National Investment Consultants, Inc.或South China Investments, Inc.的名義，在三藩市金...直設立聯公司，非法安款額作外匯投資買賣，但詢問...所投資都是FDIC（Federal Deposit Insurance Corporation）聯邦存款保障的...事實卻是公司並不是合法登記的牌...貿易投資公司，無權進行任何投資交易活動，而這三名...被告亦不是認可的投資顧問，他們同無權代客作投資...顧問。

控罪指被告多次向投資者表示，公司在海外註冊及進行交易，所以投資者如果以基金進行投資，毋須繳交投資所得盈利繳納美國稅款，藉此誘騙投資者以基金投資，在周潤評所屬同...

票給Raymond Tse。

警方表示，被告故意欺騙顧客及有領牌進行外匯交易，同時又屬騙三人根本缺乏專業投資經驗；更甚的是，周潤評在2000年已因類似指控被控罪，同時被迫...禁發禁制令、禁止他再進行類似的外匯買賣。

三藩市聯邦法庭已於6月29日頒令凍結被告的資產。法庭已於8月26日就是否對被告頒發禁制令進行聆訊。加州企業局將令被告再...不是他們銷售任何交易紀錄等。法庭...否對被告頒發禁制令進行聆訊...示，他們曾要求法庭頒發永久禁制令...期貨投資活動，同時要處理罰款性罰款及向受害人賠款...失作出賠償。

當局相信受害人應該多於現時的五人，呼籲其他知悉...加州企業部網絡，電話是1-800-275-2677，當局會為舉報人提供言語協助，其中包括廣東話及普通話。

Exhibit A



**B1**　2005 年 7 月 26 日　星期二

# 星島美

## SINGTAO

### 已報案者僅冰山一角

# 檢方要求無牌投

本報記者蕭正五藩市報道

本壘廣告索引：　地產 醫療 手機

加州企業局發言人昨日表示，因三藩市一外匯投資公司的欺詐行為而蒙受損失的民眾，應該盡早通過多語言投訴電話 1-866-275-2677，與當局取得聯繫。她稱，對被告所採取相關禁令的法庭聆訊將在8月26日舉行，"當局亦會尋求各種可能途徑，彌補受害人的損失。"



660

NATIONAL INVESTMENT CONSULTANTS INC.

加州企業局同時透露，因為此次涉案的公司和個人都沒有在聯邦期貨貿易委員會註冊，所以相關的調查和控訴主要由加州企業局進行；"在灣區，我們已經發現了有註冊的投資公司和個人從事相類似的非法外匯交易活動，聯邦期貨貿易委員會也已經在進行調查。"

有五名，但相信這只是一個"　字；而僅是這五名受害人，所　金額已經高達182,500元。所　求被告須向每一位受害人全額　詐騙行為所獲得的資金。

此外，當局還要求法庭作　命令，包括初步和永久禁止被　士組織從事非法外匯交易，要　關人士上繳因非法行為所獲得　利潤，以及要求被告支付每一　不超過12萬元的罰款（2004年　後，則為每一項違規控罪不超　罰款）。

涉及該外匯交易詐騙案件　和個人包括：在英屬維京群島　cific Best Group Ltd，於2004年　市成立投資公司 National Inv　

Exhibit B





| 灣區天氣 | 加州彩票 |
| --- | --- |

| 明天有雲 最高氣溫 75下 最低氣溫 57下 | 昨日攪珠結果 |
| --- | --- |

| DAILY THREE | 午 8 5 3 晚 1 7 5 |
| --- | --- |
| FANTASY FIVE | 7 17 28 34 35 |
| DAILY DERBY | 第 12 第 3 第 10 一 名 二 名 三 名 紀錄1:47.12 |

加州彩票攪珠結果以彩票局公佈結果為準

# 續籲知情者舉報

# 資商全額賠款

立的 South China Investments, Inc.；以及該投資公司華裔客户經理人許怡（音譯，Yi Kerry Xu），和兩位華裔主管兼合夥老闆周潤萍（音譯，Run Ping Zhou，又名 Flora Zhou）和謝氏 Wei M. Tse，又名 Raymond Tse。

當局指控三名被告利用投資公司，非法接受款額從事外匯買賣，沒有向投資者表明外匯交易所存在的風險，以及該公司的客户經理人既缺乏從事外匯交易的經驗，又不是聯邦期貨貿易委員會登記註冊的經理人的事實。此外，也隱藏了周潤萍曾在2000年因爲相似的外匯交易欺詐行爲，而受到法庭頒發的永久禁制令。

爲確保調查的繼續進行，在三藩市的聯邦地方法院已於6月23日向被告公司和個人發出多項命令，禁止其直接或間接地轉移、買賣、分割、清算、出租，或是藏匿各項資

產，包括在他們名下的海外資產；同時，自2000年7月1日起，其他公司或個人掌控或持有的被告公司或個人的資產，也不得被轉移、買賣或作出任何形式的處理。

對於被告公司和個人僅被提起民事訴訟，而非任何形式的刑事訴訟，當局表示，因爲該案目前處理公開調查和審理的過程中，"不能給予評論"。而被告周潤萍涉嫌第二次違反相關禁令，當局是否會採取其他行動，該發言人亦以同樣的理由，拒絕評泟。

但加州企業局呼籲受害民眾盡快聯絡當局，同時表示，如果民眾遭遇其他類似的商業欺詐，亦可利用1-866-275-2677的免費電話向當局投訴。當局在接獲投訴電話後，會有相關執法部門和律師對投訴進行審核，並決定是否會採取進一步行動。

*Exhibit B*

# 星島日報

### SING TAO DAILY

## 有碎片和物體脫落　七英雄...

## 「發現號」搭機飛入軌...

美國太空穿梭機「發現號」戴著七名太空人，26日終於順利升空，並已進入太空軌道，太空人開始各項任務，為稍後與國際太空站接合作準備。這是美國自2003年「哥倫比亞號」出事後，兩年半來首次恢復發射穿梭機活動。

本港時間26日上午十時10分，「發現號」從...



發現號　任務編號...

12日

太空時2051時
本港時102.9時

□轉進「哥倫比亞號」，
和機尾殘體原因（觀察線）

□向國際太空站輸送13.5
噸補給物資和裝置

□於太空站接...

□返回際太空步行，維修
國際太空站。

林志玲獲贈言承旭送禮傳情
E1

林志玲日前台灣突然傳出林志玲病情有變，出現「感染」情況，曾發燒至38度，甚至一度昏迷，昨日她所入住的大醫院即時作出回應，否認涉玲曾病發燒！

今日頭訊

隨著加州企業局和聯邦期貨貿易委員會，一籌各起訴三藩市外匯投資公司 National Investment Consultants, Inc. 等涉嫌非法進行外匯交易的消息公開後，當局不停收到調查的電話，並聲稱是受害人，

*Exhibit B*



灣區天氣　　加州彩票

昨日搖珠結果
DAILY 午 3 6 6
THREE 晚 8 6 1
FANTASY 2 6 12 22 35
FIVE
MEGA 1 10 18 29 55 08
MILLIONS
DAILY 6 3 5
DERBY 紀錄1:40.17
加州彩搖珠結果以報章為準請查其真偽

## 期　當局應接不暇

# 接受申訴程序

**單位**

……需要提供相
……證據可以是
……甚至是當時
……的材料都可

……和相關證據
……部門進行調
……接和訴人

……非法外匯交易
……京島註冊的
……4年2月在三
……restment Con-
……000年11月成
Inc.；以及該
……台（音譯，Yi
……兼合夥老闆
……u，又名Flora
……又名Raymond

……人的資產已

……司及三名華
……室，非法接
……稱所有投資



……即使不能用英文填寫，中文也無妨

都是獲得FDIC聯邦存款保障的。事實卻是
公司不是合法登記的期貨貿易投資公司，
無權進行任何投資活動。而三外被告亦不
是認可的投資顧問，當中周潤萍更早已因
同類控訴被法庭判處永久禁制令，禁止進
行外匯投資顧問工作。

控訴書續稱，被告往往透過在報章刊登
招工廣告，聘請會講中文的人士擔任投資顧
問，並表示會提供培訓，然後勸說這些人開
戶投資或勸說親朋戚友開戶，還聲稱以現金
投資，毋須繳付美國稅項等，藉此誘騙投資
者。



*Exhibit B*

疑鄭小飛的婚姻有假，可以安排時間和這對
夫婦面談，但是法官說並不需要這樣做，這

# 阿諾簽趙美心提出
# 兩法案

加州州長阿諾(Arnold　Schwarzenegger)25 日晚簽
署了州眾議員趙美心(Judy　Chu)的兩項提案，一項是



# 星島

**SING TAO**

## 廣疑投資受騙報案增六人

## 被除牌按摩院易主重生

Exhibit C



**B2** 星島日報 2005 年 8 月 27 日 星期六

# 外匯公司詐騙案十月中再審



記者關文傑攝

**本報訊**

三名華裔人士涉嫌非法進行外匯投資及騙取投資者逾18萬元的外匯投資公司案件，昨日在聯邦法庭提訊。在經過兩個多小時的初步聆訊後，案件押後至10月14日續審。

案中被控訴的投資公司名爲National Investment Consultants, Inc.，設址於三藩市金融中心，公司前身又名爲South China Investments, Inc.。案中的三名被告分別爲兩名華裔主管兼合夥老闆周潤萍（音譯Run Ping Zhou，又名Flora Zhou）和謝姓男子Wei. M. Tse，又名Raymond Tse，另外一名被告是華裔客户經理人許怡（音譯Yi Kerry Xu）。目前，被告的公司和個人資產均被法院勒令凍結。

在昨日的初步聆訊中，其中一名被告許怡在友人陪同下，親自出庭旁聽。雖然其代表律師及期貨貿易委員會律師不止一次指向坐在公衆席的被告許怡，她本人也在座位上舉手示意，但面對記者詢問時，她則拒絕透露姓名，並不斷質問記者的身分。

被告的代表律師加太拔（Edward Gartenberg）指出，控方提出的只有五名顧客投訴，而這些顧客希望索回已投資掉的金錢，到底這些投訴的顧客動機是甚麼，法庭是否要爲了三、五名顧客的投訴，就勒令投資公司關閉？

期貨貿易委員會代表律師巴特（Kevin Battteh）說，案中提出投訴的顧客，原本並不應該得到投資受損的結局，這才是這件案的重點。

加州企業局律師代表辛尼克（Edward Kelly Shinnick）指出，這宗案件是涉及詐騙，這些顧客被告知投資是安全的，許多受騙顧客是害怕而不敢站出來指證，但局方已接到更多的投訴個案。

原告要求法庭頒發永久禁制令，禁止被告再從事期貨投資活動，同時要求向受害人作出損失賠償以及作出懲罰性罰款。

法官在結束昨日的初步聆訊後，表示會盡快就初步禁制令作出書面裁決。



（防止種族隔離"專家，對他們）提出的建議不屑一顧，由此反出校區根本無視家長與學生渴鄰區就學的聲音。

華裔家長甄女士聽到該消息表示非常失望與擔心，她表示年她的大兒子一開始沒有被派離家三個街口的林肯高中上，反而被派到Balboa高中，爲此幾天睡不著覺，後來向校區上，幸運地被重新派到林肯高甄女士還有一個小兒子兩年上初中，對於"多元化指數"繼續實施，甄女士擔心屆時她小兒子會受到影響。

Exhibit D

B2    星島日報 SING TAO    區 BAY AREA    2005年11月5日 星期六

# 華商外匯詐騙疑案明年開審

北加州聯邦地區法院法官懷特（Jeffrey White）昨日公布了National Investment Consultant, Inc.等三家華裔金融公司涉嫌外匯欺詐一案的審理日程安排，審前訊將在明年2月17日左右進行；倘若雙方未能達成協議，該案的正式庭審將於2006年10月30日舉行。

原告方加州企業局和美國期貨貿易委員會，以及被告之一周親洋（音譯，又名Flora Zhou）的代表律師昨日則通過電話參與了懷特主持的案件有待審視會議。原告方以需要更長的時間準備案情節內容為由，提出將該案原定於2006年2月中進行的原

故多方事無反對意見的情況下，法官懷特將審期暫定為2月17日。他說：「這一天可能成為裁斷的最後一天。」

此外，法官懷特昨日還確定了核案庭的正式庭審日期亦安排於2006年3月31日之前公開此案的審前意見和聽點，6月30日前完成所有證據收集，10月10日上午9時進行最後一次庭前會議，10月30日上午8時開始預計為期8至10天的正式庭審。

加州企業局和聯邦期貨貿易委員會在今年7月間，聯合向三藩市金融區的外匯投資公司及其他身為South China Investments和Pacific Best Group Ltd，及三名相關的華商人士周親洋、許怡（音譯，Yi Kerry Xu）和一名叫姓男子（Wei M. Tse，又名Raymond Tse）提出控訴，要求法庭凍結他及公司的資產，並要求法庭頒令永久禁止他們再涉足外匯投資買賣工作。

控訴書指被告透過招工誘來求職人士聘用投資，又欺騙他們投資獲得聯邦存款保險，以現金投資又毋須繳納稅款等，欺騙的主要是華商，事實部是公司並非正領牌投資公司，三名華商被告亦不是專業投資顧問。

法官懷特曾在8月頒布臨時切步禁止令，限制涉案的三家金融公司和周潤祥繼續擔任向外匯買賣或股票作委託外匯交易。同時，懷特更表示被告不能證明其身子和許怡等涉嫌欺詐，詐罪名可能成立，法庭投有對他們頒發限制禁令。

# 華州走私

## 田德隆

三藩市聯邦法庭裁定一宗走私鎗械案，被告涉亡將近十年後終於落案，由於故判處監坐四年三私械商到三藩市。因此故判坐監四年三

——謝邦聯邦審官審恩（Kevin Ryan）表示，今斯（Daniel Rogers）是華盛頓州的居民，利用兩架法國製航空（Air France），走私私人物品包括85支槍進行偽械走私。

不過他們指這走私私來的武器賣給Customs Service進伏下的秘密探員，由雷恩提到，親案斯之前曾經尼當盛的警局副警長，擔任故職服務有六年之久。

三藩市4日警方表示，一名女子在田德隆區一幢建築物上從高處墜



**B1**    2006 年 9 月 22 日    星期五

*S I N G T A O Metro*

# 三華裔無牌經營外匯交易！

# 45受騙投資者獲

本疊廣告索引‧保險

**加** 州商業局（DOC）及美國商品期貨交易委員會（CFTC）在去年7月聯合起訴本市三間外匯投資公司及三名華裔，涉及外匯投資詐騙、非法營運等不法行為，在本月初達成和解協議，並由北加州聯邦法院批准。法官裁定，被告需要賠償超過200萬元，其中178萬元用於賠償45名主要為華裔的原告，另外要向州府及聯邦政府繳交40萬元違法罰款。三被告不承認、也不否認法庭裁決中的指控。

該裁決同時永久禁制三名被告在美國從事任何與商品交易有關的行為，否則將會被控蔑視法庭，並將面臨刑事起訴。加州商業局將負責監控涉案者行為，確保法庭命令得到執行。

### 禁再從事投資顧問

案中三名被告為謝偉民（音譯：Wei Man Tse）、周潤萍（音譯：Run Ping Zhou，又名Flora Zhou或Flora Giorgi）、許怡（音譯：Yi Kerry Xu）。三人被控最早從2004年3月開始，通過三間沒有正式登記的期貨交易投資公司，包括在英屬維京群島註冊的Pacific Best Group Ltd、在三藩市成立的投資公司 National Investment Consultants Inc（簡稱 NICI）及其前身South China Investment，Inc.，非法接受款項從事外匯投資買賣。

事實上，這些公司無權進行任何投資活動，三被告亦非註冊的投資顧問。周潤萍更於2000年因同類詐騙活動遭當局起訴，被判禁止進行外匯投資顧問工作。

記者曾前往被告位於金融區Mont-gomery街300號660室的辦公地點時，仍看見被告公司NICI的名字掛在商業大廈6樓的指示牌上，而660室門上也仍掛著「Open」（營業）的標示牌。不過從門外望去，室內雖開著燈，卻空無一人，按門鈴也無人應門。

被指成立未註冊外匯投資公司三名被告的對象主要針對華人社區。他們通過刊登招工廣告，引誘會譯中文的華裔前往公司擔任投資顧問，之後就遊說這些人在公司開戶投資。曾有華裔受害者接受本報採訪時指出，一開始他們都抱





著從事外匯交易可累己的積蓄，更有人將來一起投資，但結[...]間投入無底深潭。[...]間失去所有積蓄[...][...]十年才能[...]

*Exhibit F*

SOUTH CHINA INVESTMENT INC (154)

## Payroll Register Report
From 01/01/2004 to 12/31/2004

| Employee Name | | Employee ID | | Date | Check Number | | Net |
|---|---|---|---|---|---|---|---|

| Type Pay | Rate | Hours | Wages | Type Deduction | | | Amount |
|---|---|---|---|---|---|---|---|
| Commissions | | | 1023.00 | Federal W/H | | | 9.77 |
| | | | | Social Security | | | 63.43 |
| | | | | Medicare | | | 14.83 |
| | | | | State W/H | | | 0.84 |
| | | | | SDI | | | 12.07 |
| Total Wages | | | 1023.00 | Total Deductions | | | 100.94 |

### XU, YI                 108           3/10/2004   Check # 0            Net 1104.82

| Type Pay | Rate | Hours | Wages | Type Deduction | | | Amount |
|---|---|---|---|---|---|---|---|
| Commissions | | | 1251.00 | Federal W/H | | | 32.57 |
| | | | | Social Security | | | 77.56 |
| | | | | Medicare | | | 18.14 |
| | | | | State W/H | | | 3.15 |
| | | | | SDI | | | 14.76 |
| Total Wages | | | 1251.00 | Total Deductions | | | 146.18 |

### ZHANG, MEI FANG        181           3/10/2004   Check # 0            Net 1342.33

| Type Pay | Rate | Hours | Wages | Type Deduction | | | Amount |
|---|---|---|---|---|---|---|---|
| Commissions | | | 1551.00 | Federal W/H | | | 62.57 |
| | | | | Social Security | | | 96.16 |
| | | | | Medicare | | | 22.49 |
| | | | | State W/H | | | 9.15 |
| | | | | SDI | | | 18.30 |
| Total Wages | | | 1551.00 | Total Deductions | | | 208.67 |

SOUTH CHINA INVESTMENT INC (154)

## Payroll Register Report
From 01/01/2004 to 12/31/2004

| Employee Name | | Employee ID | | Date | Check Number | | Net |
|---|---|---|---|---|---|---|---|

### ZHANG, MEI FANG        181           4/10/2004   Check # 0            Net 2201.56

| Type Pay | Rate | Hours | Wages | Type Deduction | | | Amount |
|---|---|---|---|---|---|---|---|
| Commissions | | | 2673.00 | Federal W/H | | | 202.60 |
| | | | | Social Security | | | 165.73 |
| | | | | Medicare | | | 38.76 |
| | | | | State W/H | | | 32.81 |
| | | | | SDI | | | 31.54 |
| Total Wages | | | 2673.00 | Total Deductions | | | 471.44 |

Exhibit G

om Flora Zhou
67 Kimberly Road
meron Park, CA 95682

To: STEPHEN S. WU
COOK KOBRICK & WELLS,
177 BOVET ROAD,
SAN MATEO, CA

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.96 |
| Certified Fee | 8.70 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.95 |

Postmark Here
MAY 27 2006

Sent To  STEPHEN S. WU
Street, Apt. No.; or PO Box No.  177 BOVET ROAD, SUITE 600
City, State, ZIP+4  SAN MATEO, CA 94402

PS Form 3800, August 2006                See Reverse for Instructions

7008 0510 0003 7886 2920