1  CHRISTOPHER COOKE, CA Bar #142342
   STEPHEN S. WU, CA Bar # 205091
2  COOKE KOBRICK & WU LLP
   177 Bovet Road, Suite 600
3  San Mateo, CA 94402
   Email: ccooke@ckwlaw.com
4         swu@ckwlaw.com
   Tel: (650) 638-2370
5  Fax: (650) 341-1395
   Attorneys for Plaintiffs
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12 | MEI-FANG LISA ZHANG, BAY AREA        ) Case No.:  C-07-04946 JSW
   | AFFORDABLE HOUSING, LLC, XUE-         ) (Related to C-05-02641 JSW)
13 | HUAN GAO, YANG-CHUN ZHANG,            )
   | CAROL JIAN DENG, and HAO LIANG,       ) **PLAINTIFFS' MEMORANDUM AND
14 |                                       ) POINTS AND AUTHORITIES
   |                                       ) SUPPORTING MOTION TO DISMISS
15 |         Plaintiffs,                   ) COUNTERCLAIM OF DEFENDANT
   |                                       ) RUN PING ZHOU FOR FAILURE TO
16 |   vs.                                 ) STATE A CLAIM UPON WHICH
   |                                       ) RELIEF CAN BE GRANTED (FED. R.
17 | WEI-MAN RAYMOND TSE, RUN PING         ) CIV. P. 12(b)(6))**
   | ZHOU a.k.a. FLORA ZHOU, THERESA       )
18 | WONG, JAMES YU, BILL SHU WAI MA,      ) Date:  August 8, 2008
   | MOLLY LAU, VICTOR SO, JIAN XIAO,      )
19 | CHRIST INVESTMENT SERVICE INC.,       ) Time:  9:00 a.m.
   | CIS SERVICE, INC., PACIFIC BEST       )
20 | GROUP LTD. a.k.a. PACIFIC BEST        ) Courtroom: 2, 17th Floor
   | COMPANY LTD., and SOUTH CHINA         )
21 | INVESTMENT INC.,                      )
   |         Defendants.                   )
22

# TABLE OF AUTHORITIES

| Cases | Page |
|---|---|
| *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871, 765 P.2d 498, 501 (1989). | 5 |

I.   SUMMARY OF ARGUMENT

Plaintiffs' Complaint states that Defendant RUN PING ZHOU was part of a RICO enterprise, whose purpose is to defraud and steal money from investors by accepting investments for foreign currency futures trading and misappropriating the amounts invested. In her pro se Answer, Ms. Zhou denies the allegations in the Complaint, and she further asserts a Counterclaim with claims against all Plaintiffs. She indignantly denies all liability and, in her Counterclaim, she essentially says that Plaintiffs' Complaint constitutes malicious prosecution. She cannot maintain a malicious prosecution claim as a matter of law, however, because this action has not been legally terminated in her favor. Given that her Counterclaim is legally deficient, the Court should dismiss it under Fed. R. Civ. P. 12(b)(6) without leave to amend.

II.   FACTS

This is an action, both in law and in equity, brought by victims of commodities fraud under the Racketeer Influenced Corrupt Organization Act ("RICO") and the Commodity Exchange Act ("CEA"). Plaintiffs are individuals and a small business in the San Francisco Area and in particular are members of the San Francisco Chinese community. Defendants are individuals and the businesses they operated in San Francisco, which purported to conduct foreign currency futures trading on behalf of clients for investment purposes. Plaintiffs invested large sums of money with Defendants for foreign currency futures trading in response to personal solicitations and advertisements in Chinese language newspapers.

Defendants' businesses, however, were wholly fraudulent. Defendants opened an office, used telephone trading telephone lines in Hong Kong, created computerized records, faxed and emailed written reports of accounts to customers, provided receipts for funds received, and in some cases returned modest amounts of investor moneys, all for the purpose of creating the appearance of a legitimate foreign currency futures trading business. Defendants, however, never actually conducted any foreign currency futures trading, and simply stole the funds that investors transferred to them for their personal use.

Plaintiffs filed their Complaint on September 24, 2008. Ms. Zhou filed an Answer on May 27, 2008. In her Answer, she denies any liability. For instance, she states, as to Counts I

1  and II, "I deny Plaintiffs have the right to require me to pay compensatory damages of $321,149
2  and for that matter, any amount against me." (Answer and Counterclaim at 18.) She denies
3  liability as to the remaining counts as well.

4      Ms. Zhou then asserts a Counterclaim against all Plaintiffs. (*Id.* at 20-27.) In the factual
5  allegations supporting the Counterclaim, she continues to deny the claims in the Complaint and
6  accuses Plaintiffs of lying. (*E.g., id.* at 20-21.) Specifically, she accuses Plaintiff MEI-FANG
7  LISA ZHANG of lying, saying "She knew the truth that I did not work any more after I left
8  NICI, she still tried to frame a new case against me." (*Id.* ¶ 222, at 23.) She also says, "Zhang
9  also is misleading her lawyer in believing that she is a fraud victim by her untold truth of her
10 illegal trading of foreign currency futures, which she hopes allows her to sue for more money."
11 (*Id.* ¶ 224, at 23.) She concludes her counterclaim against Plaintiff Zhang by saying "Zhang has
12 no reason to bring a false charge against me." (*Id.* ¶ 225, at 24.)

13     Similarly, she accuses Plaintiff BAY AREA AFFORDABLE HOUSING and its member
14 JIMMY JEN of bringing "a false charge against" her in her counterclaim against them. (*Id.*
15 ¶ 231, at 24.) Likewise, she also asserts a similar counterclaim against the remaining Plaintiffs
16 XUE-HUAN GAO, YANG-CHUN ZHANG, CAROL JIAN DENG, and HAO LIANG. Ms.
17 Zhou says that the case against her is "unfair" and therefore, "They deserve a punishment! They
18 should show me all of their invoices from their attorney for this case, then pay me the same
19 price. The price is let them learn a lesson." (*Id.* ¶ 237, at 25.) She continues her denials and
20 defenses in a counterclaim entitled "Other Counterclaim Against All the Plaintiffs." (*Id.* at 26-
21 27.)

22     In sum, all of the seven claims in her Counterclaim are Ms. Zhou's position that she
23 stands unfairly accused of wrongful conduct by Plaintiffs, Plaintiffs' Complaint contains lies,
24 Plaintiffs are framing her, and Plaintiffs therefore deserve punishment. In other words, the
25 essence of her Counterclaim is that Plaintiffs' action constitutes malicious prosecution.

26     III.    ARGUMENT
27     Defendant RUN PING ZHOU's Counterclaim fails as a matter of law. She asserts
28 Plaintiffs are maliciously prosecuting her, but she has not won the underlying case, and

prevailing in the underlying case is an essential element of a malicious prosecution claim. Accordingly, her Counterclaim is legally deficient.

The tort of malicious prosecution applies to maliciously instituted criminal charges or civil cases. *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871, 765 P.2d 498, 501 (1989). "Under governing authorities, in order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and *was pursued to a legal termination in his, plaintiff's, favor* [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice [citations].'" *Id.* (quoting *Bertero* v. *National General Corp.*, 3 Cal.3d 43, 50, 529 P.2d 608; Rest. 2d Torts, §§ 653-681B.) (emphasis added). In other words, Defendant must win the prior action before asserting a malicious prosecution claim.

The California Supreme Court emphasized that malicious prosecution "has traditionally been regarded as a disfavored cause of action." *Id.* at 872, 765 P.2d at 502. "[T]he elements of the tort have historically been carefully circumscribed so that litigants with potentially valid claims will not be deterred from bringing their claims to court by a prospect of a subsequent malicious prosecution claim." *Id.* The Court rejected any attempt to "abandon or relax the traditional limitations on malicious prosecution recover." *Id.* at 874, 765 P.2d at 503.

Here, the case against Defendant Zhou is still underway. Consequently, the case has not been terminated legally in her favor. Therefore, she cannot meet the first essential element of a malicious prosecution claim and thus her Counterclaim fails. The Court should not permit her to proceed with this "disfavored" claim, in the words of the California Supreme Court.

Moreover, Defendant Zhou can plead no facts at this time that would permit her to state a claim for malicious prosecution. No matter what she could say, she has not won the case against her. Therefore, she should not be granted leave to amend her Counterclaim.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court dismiss the Counterclaim of Defendant RUN PING ZHOU against the Plaintiffs for failure to state a claim upon which relief can be granted without leave to amend.

Respectfully Submitted,

COOKE, KOBRICK, & WU LLP

Dated: June 16, 2008

By: /s/
CHRISTOPHER C. COOKE
Attorneys for Plaintiffs