CHRISTOPHER COOKE, CA Bar #142342
STEPHEN S. WU, CA Bar # 205091
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Email:  ccooke@ckwlaw.com
        swu@ckwlaw.com
Tel: (650) 638-2370
Fax: (650) 341-1395
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEI-FANG LISA ZHANG, BAY AREA AFFORDABLE HOUSING, LLC, XUE-HUAN GAO, YANG-CHUN ZHANG, CAROL JIAN DENG, and HAO LIANG,<br><br>Plaintiffs,<br><br>vs.<br><br>WEI-MAN RAYMOND TSE, RUN PING ZHOU a.k.a. FLORA ZHOU, THERESA WONG, JAMES YU, BILL SHU WAI MA, MOLLY LAU, VICTOR SO, JIAN XIAO, CHRIST INVESTMENT SERVICE INC., CIS SERVICE, INC., PACIFIC BEST GROUP LTD. a.k.a. PACIFIC BEST COMPANY LTD., and SOUTH CHINA INVESTMENT INC.,<br>        Defendants. | Case No.:  C-07-04946 JSW<br>(Related to C-05-02641 JSW)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM OF DEFENDANT RUN PING ZHOU FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FED. R. CIV. P. 12(b)(6))**<br><br>Date:  August 29, 2008<br>Time:  9:00 a.m.<br>Courtroom: 2, 17th Floor |

**REPLY ARGUMENT**

Defendant RUN PING ZHOU's Opposition to Plaintiffs' Motion to Dismiss Her Counterclaim makes clear that she has no viable potential claim for relief against any of the plaintiffs, and that her Counterclaim must be dismissed without leave to amend.

Rather than articulate any facts that she could allege in support of a claim against Plaintiffs, Defendant Zhou, who has been sued and enjoined on two occasions by state and federal regulators for foreign currency fraud, simply argues that "the evidence shows that Mei-Fang Lisa Zhang told a lie" and that Ms. Zhang purportedly violated the "Consent Order." (Opposition of Run Ping Zhou at 1, filed on July 3, 2008).

Even if true, Ms. Zhou's unsworn allegations concerning plaintiff Mei-Fang Lisa Zhang do not entitle her to any relief.[1] Ms. Zhou fails to state how *she* has suffered any damages or injury as a result of this purported "violation" of the "Consent Order." Defendant Zhou must bring claims for her own injuries and lacks standing to bring claims on behalf of others for alleged violations of the Consent Order. *See, e.g., Toxic Injuries Corp. v. Safety-Kleen Corp.* 57 F.Supp.2d 947, 952 (C.D. Cal. 1999).

The only coherent theory specified in Defendant Zhou's counterclaim is that defendant Zhou believes she has suffered harm as a result of the complaint filed in this case. While such a claim could give rise to a claim for relief based on malicious prosecution, California law requires a plaintiff proceeding on such a tort claim to plead that the prior legal proceeding in which he or she was named as a defendant has been terminated in his or her favor. *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871, 765 P.2d 498, 501 (1989). Obviously, Ms. Zhou cannot plead any such facts, because she has not won this lawsuit.

Accordingly, the Court should dismiss her counterclaim without leave to amend.

Respectfully Submitted,

COOKE, KOBRICK, & WU LLP

Dated: July 14, 2008

By: /s/ _____
CHRISTOPHER C. COOKE
Attorneys for Plaintiffs

---

[1] Obviously, plaintiff Mei-Fang Zhang, a victim of defendants' foreign currency scam who lost thousands of dollars due to defendants' fraudulent activities, vigorously denies such charges.