1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    MEI-FANG LISA ZHANG, et al.

10              Plaintiffs,                          No. 07-04946 JSW

11      v.                                           **ORDER GRANTING MOTION TO**
                                                     **DISMISS COUNTERCLAIMS**
12   WEI-MAN RAYMOND TSE, et al.

13              Defendants.

14

15   _____/

16                            **INTRODUCTION**

17          This matter comes before the Court upon consideration of the Motion to Dismiss

18   Counterclaims filed by Plaintiffs Mei-Fang Lisa Zhang, Bay Area Affordable Housing, LLC,

19   Xue-Huan Gao, Yuan-Chun Zhang, Carol Jian Deng, and Hao Liang (collectively "Plaintiffs").

20   Having considered the parties' papers, the relevant legal authority, and the record in this case,

21   the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-

22   1(b).[1]  The Court HEREBY VACATES the hearing set for August 29, 2008, and GRANTS

23   Plaintiffs' motion.

24                            **BACKGROUND**

25          On September 24, 2007, Plaintiffs filed their Complaint alleging that the Defendants,

26   including Defendant Run Ping Zhou (a/k/a Flora Zhou) ("Zhou"), have engaged in a fraudulent

27

28   _____

         [1]      In her opposition, Zhou asks that the Court dismiss the claims against her.
     Zhou has not filed a proper motion to dismiss and has filed an Answer.  Therefore, her
     request to dismiss the claims against her is denied.  That ruling is without prejudice to Zhou
     filing dispositive motions in the future.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

scheme involving trading of foreign currencies.[2]  On May 27, 2008, Zhou, proceeding *pro se*,
filed an Answer and asserted a number of counterclaims against all of the Plaintiffs.  In both her
Answer and her Counterclaims, Zhou denies she engaged in any wrongdoing and asserts that
the Plaintiffs have no basis to assert claims against her.  (*See generally* Answer and
Counterclaims.)  Liberally construed, the counterclaims appear to assert claims of malicious
prosecution.

## ANALYSIS

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a
claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6)
motion, the complaint is construed in the light most favorable to the non-moving party and all
material allegations in the complaint are taken to be true.  *Sanders v. Kennedy*, 794 F.2d 478,
481 (9th Cir. 1986).  The court, however, is not required to accept legal conclusions cast in the
form of factual allegations if those conclusions cannot reasonably be drawn from the facts
alleged.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan
v. Allain*, 478 U.S. 265, 286 (1986)).

As noted above, construing Zhou's allegations liberally, she appears to assert
counterclaims for malicious prosecution.  Under California law, the elements of such a claim
are that the prior action: "(1) was commenced by or at the direction of the defendant and was
pursued to a legal termination in his, plaintiff's, favor [citations]; (2) was brought without
probable cause [citations]; and (3) was initiated with malice [citations]."  *Sheldon Appel Co. v.
Albert & Oliker*, 47 Cal. 3d 863, 871 (1989) (quoting *Bertero v. National General Corp.*, 3 Cal.
3d 43, 50 (1974)).  Because this action has not terminated in Zhou's favor, even when the Court
accepts the allegations in the Counterclaims as true, Zhou cannot, at this time, state a claim for
malicious prosecution.  Accordingly, Plaintiffs' motion is GRANTED.

When a complaint is dismissed for failure to state a claim, "leave to amend should be
granted unless the court determines that the allegation of other facts consistent with the

---

[2]    Plaintiffs' allegations are summarized in detail in the Complaint and shall not
be repeated here, because they are not necessary to resolution of this motion.

United States District Court

For the Northern District of California

1    challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-*

2    *Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Doe v. United States,* 58 F.3d

3    494, 497 (9th Cir. 1995) (a district court need not permit a plaintiff to amend his or her

4    complaint if it determines that the defects in the pleadings "could not possibly be cured by the

5    allegation of other facts").  Because Zhou cannot state a cause of action for malicious

6    prosecution against Plaintiffs unless and until this case is terminated in her favor, leave to

7    amend her counterclaims would be futile.  Accordingly, the Counterclaims are dismissed

8    without leave to amend.

9                                                    **CONCLUSION**

10           For the foregoing reasons, Plaintiffs' motion to dismiss Zhou's counterclaims is

11   GRANTED.  The parties are FURTHER ORDERED to appear for a case management

12   conference on **Friday, September 12, 2008 at 1:30 p.m.**  The parties' case management

13   statements shall be due on or before **Friday, September 5, 2008.**

14           **IT IS SO ORDERED.**

15

16   Dated:  August 7, 2008                    _____

17                                             JEFFREY S. WHITE
                                               UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

3

**United States District Court**
For the Northern District of California

1

2                          UNITED STATES DISTRICT COURT

3                                      FOR THE

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6

7     MEI-FANG LISA ZHANG et al,                  Case Number: CV07-04946 JSW

8                    Plaintiff,                    **CERTIFICATE OF SERVICE**

9         v.

10    WEI-MAN RAYMOND TSE et al,

11                   Defendant.
                                            /

12

13    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
      District Court, Northern District of California.

14    That on August 7, 2008, I SERVED a true and correct copy(ies) of the attached, by
      placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter
15    listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an
      inter-office delivery receptacle located in the Clerk's office.

16

17

18    Molly Lau
19    Department of the Army
      A FSC, 70th BSB
20    UNIT #15096
      Camp Casey,   APO AP 96224
21
      Run Ping Zhou
22    South China Investment Inc.
      3567 Kimberly Road
23    Cameron Park, CA 95682

24

25    Dated: August 7, 2008                    *Jennifer Ottolini*

26                                             Richard W. Wieking, Clerk
                                               By: Jennifer Ottolini, Deputy Clerk
27

28