Run Ping Zhou
3567 Kimberly Road
Cameron Park, CA 95682
Tel: 415-518-5690



THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| Mei-Fang Lisa Zhang, et al. Plaintiffs | ( ( ( ( ( ( | Case No: C-07 04946 JSW ( Related to C-05 02641 JSW) DEFENDANT RUN PING ZHOU'S SEPARATE CASE MANAGEMENT STATEMENT AND MOTION TO |
| VS. Wei-Man Raymond Tse, et al Defendants | ( ( ( | DISMISS RUN PING ZHOU FROM THIS CASE |

1. CASE MANAGEMENT STATEMENT
On August 7, 2008, the Court ordered granting motion to dismiss counterclaims. I respect the Court said, 'even when the Court accepts the allegations in the counterclaims as true, Zhou can not, at this time, state a claim for malicious prosecution. Accordingly, Plaintiffs' motion is GRANTED.'
On August 12, 2008, the Plaintiffs sent me a letter by following the Court's further order to prepare to appear for a case management conference on Friday, September 12, 2008 at 1:30 p.m. The purpose of the letter was to offer me the possibility of getting out of the case. It also told me the Plaintiffs were prepared to dismiss me from this case. The copies of this letter are attached hereto as Exhibit A.
I called Mr. Stephen Wu on Friday, August 15, 2008, he said he was on vacation and stayed in a national park, I was told to contact Mr. Christopher Cooke. Then I called Mr. Cooke, I told him I do not know all the information that they wanted, what should I do for answering the questions? Mr. Cooke said I need to answer them whatever yes or no or I don't know it, they will prepare to dismiss me from this case.
On August 18, 2008, I sent a letter to Mr. Cooke answering the questions. The copy of my letter is attached hereto as Exhibit B.

2. CONCLUSION
The parties, both the Plaintiffs and me, agreed to dismiss Run Ping Zhou from this case.

I will appear for the conference on Friday, September 12, 2008 at 1:30 p.m.
If there is any change for the conference, please let me know by the Court's new order.

3. MOTION TO DISMISS RUN PING ZHOU FROM THE CASE OF
MEI-FANG LISA ZHANG vs. WEI-MAN RAYMOND TSE

I respectfully to request the Court to grant an order to the motion to dismiss Run Ping Zhou from the case of Mei-Fang Lisa Zhang vs. Wei-Man Raymond Tse.

Dated: 9-3-2008

Respectfully Submitted

_____
Defendant Run Ping Zhou a.k.a. Flora Zhou

**COOKE KOBRICK & WU LLP**
Attorneys at Law
177 Bovet Road, Suite 600
San Mateo, CA 94402
(650) 638-2370   Fax (650) 341-1395

August 12, 2008

Stephen S. Wu
swu@ckwlaw.com

**VIA HAND DELIVERY**

Ms. Run Ping Zhou
3567 Kimberly Road
Cameron Park, CA 95682

*Re:*   *Mei-Fang Lisa Zhang et al. v. Wei-Man Raymond Tse et al.*
        *Case No. C 07-04946 WHA*
        *United States District Court, Northern District of California*

Dear Ms. Zhou:

As you may know, the Court has dismissed your counterclaims against our clients Mei-Fang Lisa Zhang and the other plaintiffs in the above case. You remain as a defendant in the case.

The purpose of this letter is to offer you the possibility of your getting out of the case. We are prepared to dismiss you from this case, and to limit your involvement to that of a witness (rather than a defendant). We made the same proposal to Ms. Molly Lau.

Ordinarily, this would mean that we would take your deposition or interview you in person. However, because you are out of this area, this would involve time and expense.

Instead, what we propose is the following. In exchange for dismissing you from this case, we are wondering if you could provide us with a declaration of information relevant to our clients' claims against Raymond Tse, Theresa Wong and the other defendants (excluding Ms. Lau). Here are some of our questions:

1. The most important question is: do you know the addresses or whereabouts of Raymond Tse, Theresa Wong, or James Yu?
2. Did you ever visit their personal residences? If so, where were these residences?
3. Do you know if Tse is still in business and if so, under what name, and what is its address?
4. Are you aware of any other businesses run by Tse or related people and what are their names and addresses?
5. When did you start and end working for Raymond Tse?
6. What was your title within the company?
7. What were your job responsibilities?
8. Who were the people you were working with while at the companies run by Tse?
9. Who were the people in charge and what is their contact information?

Ms. Run Ping Zhou
August 12, 2008
Page 2

10. Do you have any copies of checks received from any of Tse's businesses (to find out bank accounts)?
11. Do you have any other information about Tse's bank accounts, properties, or assets
12. Did Mr. Tse continue to work at CIS' offices supervising foreign currency trading after the federal district court entered an injunction against him?

I can send you some records if you need to review them in order to answer these questions (for example, the federal court injunction entered against Mr. Tse).

Please let me know if you will answer these questions for us. If you mail or email these answers to me, I will put it in a declaration for you to review and sign under penalty of perjury.

We can also prepare a stipulation of dismissal, dismissing you as a party, which we will file when we obtain your declaration.

I will be out of the office until August 18, 2008. Please contact Christopher Cooke this week, or contact me at 650 917-8045 no later than August 20 if you would be willing to do this.

Thank you for your cooperation.

Very Truly Yours,

Stephen S. Wu

Run Ping Zhou
3567 Kimberly Road
Cameron Park, CA 95682

Dear Mr. Christopher Cooke:

Thank you for preparing to dismiss me from this case. The following are answers to your questions:

1. I do not know any information on their addresses or their whereabouts. Last I heard was that all three of them lived in the San Francisco area, when the case of CFTC versus NICI and other defendants.
2. I did not visit anyone of their personal residences, even when I worked in South China Investment, Inc. and NICI.
3. I do not know if Tse is still working in this type of business.
4. I never heard there was any business run by Tse when I worked in the South China Investment Inc. or NICI or after I left NICI.
5. I started working for South China Investment Inc. in July 2001. Because I was sick and even fell down on a street and had to be taken to the emergency room in Kaiser Permanente in December 2003, and my health condition was getting worse, I decided to close South China Investment, Inc. I did this in early 2004, and worked in NICI while waiting to finish the Tax payments and Tax returns for South China Investment, Inc. I left NICI in December 2004 and I did not work with Tse after that.
6. My title was president of South China Investment Inc.
7. My job responsibilities were to review the costing of my company, payroll for the employees, pay their working insurance and medical insurance, pay tax to the State and Federal, check office equipment and order office goods.
8. I ran South China Investment, Inc. not Raymond Tse. NICI was run by Deny, and I did not even know some of the people's names in NICI. I saw Molly Lau, Mr. Xiao, Raymond Tse, Theresa in NICI before I left the company.
9. Before I left NICI, Deny was in charge and Lisa Zhang may have his information. I do not contact any one so I do not have his information.
10. I have not any copies of checks received from any of Tse's business.
11. I have not any other information about Tse's bank accounts, properties, or assets.
12. I do not know anything about CIS' offices and if Tse worked at that company.

Respectfully,


Zhou, Run Ping

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Mr. Christopher Cooke
   177 Bovet Road, Suite 600
   San Mateo, CA 94402

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X Wendy Clair  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
   Wendy Clair   8/21/08

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

   AUG 21 2008

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7007 2560 0003 2523 3667

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Run Ping Zhou
3567 Kimberly Road
Cameron Park, CA 95682
Tel: 415-518-5690

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Mei-Fang Lisa Zhang, et al.<br>Plaintiffs<br><br><br><br><br><br><br>VS.<br>Wei-Man Raymond Tse, et al<br>Defendants | Case No: C-07 04946 JSW<br>( Related to C-05 02641 JSW)<br><br>[PROPOSED] ORDER TO DISMISS<br>RUN PING ZHOU FROM THE CASE OF<br>MEI-FANG LISA ZHANG vs. WEI-MAN<br>RAYMOND TSE |

This matter comes before the Court upon consideration of the Motion to Dismiss Run Ping Zhou from the Case of Mei-Fang Lisa Zhang vs. Wei-Man Raymond Tse. Having considered the parties' papers, the letters between the Plaintiffs and Defendant Run Ping Zhou, and the record in this case, the Court finds enough reason, Defendant Run Ping Zhou's Motion to Dismiss Run Ping Zhou from the Case of Mei-Fang Lisa Zhang vs. Wei-Man Raymond Tse is GRANTED.

THIS IS SO ORDER.

Dated: _____, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE