CHRISTOPHER COOKE, CA Bar #142342
STEPHEN S. WU, CA Bar # 205091
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Email:  ccooke@ckwlaw.com
       swu@ckwlaw.com
Tel: (650) 638-2370
Fax: (650) 350-4333
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEI-FANG LISA ZHANG, et al., | Case No.:  C-07-04946 JSW<br>(Related to C-05-02641 JSW) |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' AMENDED NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING THE UNITED STATES MARSHAL SERVICE TO (1) SELL TANGIBLE PERSONAL PROPERTY (2) DISTRIBUTE THE PROCEEDS RESULTING FROM SUCH SALE AND (3) REMIT CASH TO PLAINTIFFS OBTAINED FROM WELLS FARGO BANK; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| WEI-MAN RAYMOND TSE, et al., | |
| Defendants. | |
| | Date:  October 1, 2010<br>Time: 9:00 a.m.<br>Place: Courtroom 11, 19th Floor |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on or about Friday, October 1, 2010, at 9:00 a.m., in the Courtroom of the Honorable Jeffrey White, Courtroom 11, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or at such a date, time and location as the Court may

hereafter set, plaintiffs will and hereby do move the Court for an order directing the United States Marshal for the Northern District of California to (1) sell all items of tangible personal property and certain vintage currency and coins pursuant to California Code of Civil Procedure §§ 701.510 through 701.680; (2) distribute the proceeds resulting from such a sale pursuant to Article 7 of California's Enforcement of Judgments Law, California Code of Civil Procedure §§ 701.810 through 701.830; and (3) immediately release the non-vintage currency to plaintiffs by issuing a check to plaintiffs for $7,000. This motion is based upon this Notice of Motion and Motion, Rule 69 of the Federal Rules of Civil Procedure, California's Enforcement of Judgments Law (California Code of Civil Procedure § 680.010, et seq.), the accompanying memorandum of points and authorities and the Declaration of Christopher Cooke and all exhibits thereto, the arguments of counsel, the entire record of this proceeding, and such other items of evidence and law as may be presented in connection with the hearing on this Motion.

Respectfully Submitted,

COOKE, KOBRICK, & WU LLP

Dated:  August 23, 2010

By:  /s/
     _____
     Christopher C. Cooke
     Attorneys for Plaintiffs

NOTICE OF MOTION AND MOTION FOR ORDER TO US MARSHAL RE ITEMS SEIZED FROM WELLS FARGO BANK
Case No.:  C-07-04946 JSW

CHRISTOPHER COOKE, CA Bar #142342
STEPHEN S. WU, CA Bar # 205091
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Email:  ccooke@ckwlaw.com
            swu@ckwlaw.com
Tel: (650) 638-2370
Fax: (650) 350-4333
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEI-FANG LISA ZHANG, et al., | Case No.:  C-07-04946 JSW (Related to C-05-02641 JSW) |
| Plaintiffs, | **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER AUTHORIZING THE UNITED STATES MARSHAL SERVICE TO (1) SELL TANGIBLE PERSONAL PROPERTY (2) DISTRIBUTE THE PROCEEDS RESULTING FROM SUCH SALE AND (3) REMIT CASH TO PLAINTIFFS OBTAINED FROM WELLS FARGO BANK** |
| vs. | |
| WEI-MAN RAYMOND TSE, et al., | |
| Defendants. | |
| | Date:  September 24, 2010 Time: 9:00 a.m. Place: Courtroom 11, 19th Floor |

I.     INTRODUCTION

Plaintiffs hereby request that this Court issue an order directing the United States Marshal Service ("USMS") to (1) sell all items of tangible personal property and certain vintage currency and coins pursuant to California Code of Civil    Procedure §§ 701.510 through 701.680; (2)

1    distribute the proceeds resulting from such a sale pursuant to Article 7 of California's

2    Enforcement of Judgments Law, California Code of Civil Procedure §§ 701.810 through

3    701.830; and (3) immediately release the non-vintage currency to plaintiffs by issuing a check to

4    plaintiffs for $7,000.  As described in the accompanying declaration of Christopher Cooke, in

5    June 2010, the USMS seized several valuable items and cash from two Wells Fargo Bank safe-

6    deposit boxes maintained in the name of Betty Ma, wife of judgment debtor and defendant Bill

7    Shu Wai Ma, pursuant to the writ of execution issued in this matter in connection with plaintiffs'

8    judgment against defendant Ma and a notice of levy served on Wells Fargo Bank and defendants.

9    The USMS, however, requests that plaintiffs obtain an order from the Court expressly

10   authorizing the USMS to release the cash and sell the items found in the safe-deposit boxes.

11   Because California's Enforcement of Judgments Law expressly authorizes the USMS to seize

12   such items, sell them at an execution sale, distribute the resulting from such a sale to plaintiffs

13   and/or other creditors, plaintiffs respectfully request that the Court issue such an order.

14   **II.      BACKGROUND**

15          Plaintiffs filed this lawsuit asserting claims under the Commodity Exchange Act (7

16   U.S.C. § 1 et seq.), the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961,

17   et seq.), and California law against several parties on September 24, 2007.  Plaintiffs alleged that

18   they were the latest victims of a foreign currency trading scam that defendants had been

19   operating over the course of several years, in defiance of civil injunctions obtained by the U.S.

20   Commodity Futures Trading Commission and the California Department of Corporations. On

21   February 3, 2009, Plaintiffs obtained a default judgment in this case against several defendants,

22   including defendant Bill Shu Wai Ma, on February 3, 2009. The amount of the judgment was

23   $1,080,933.55. Defendants have not paid any portion of the judgment, although plaintiffs

24   recently obtained some funds —$44,350.86—pursuant to a levy on defendant Bill Ma's bank

25   accounts at Wells Fargo Bank, NA.  Plaintiffs are still owed more than $1,042,721 on their

26   judgment. (See Declaration of Christopher Cooke In Support of Motion for Order Authorizing

27   the United States Marshal Service to (1) Sell Tangible Personal Property  (2) Distribute The

28   Proceeds Resulting From Such Sale and (3) Remit Cash to Plaintiffs Obtained From Wells Fargo

1    Bank, submitted herewith ("Cooke Dec."), ¶ 3).

2        On May 29, 2009, the Clerk of the Court issued a writ of execution in connection with

3    plaintiffs' civil money judgment against defendants. The Clerk issued a renewed writ of

4    execution in connection with plaintiffs' judgment on April 19, 2010, in response to an

5    application from plaintiffs. (Cooke Dec. ¶ 4, Ex. A).  In connection with these writs of execution,

6    plaintiffs caused to be served by a registered process server notices of levy and copies of the

7    relevant writ of execution on defendant Bill Ma and on Wells Fargo Bank, NA ("Wells Fargo")

8    in July 2009, November 2009, and April 2010.  (Cooke Dec. ¶ 5).  The notices of levy sought all

9    personal property in which judgment debtor Bill Ma had any interest, including any "deposit

10   accounts, contents of any safe deposit boxes, and pledged securities or notes."  The notice of

11   levy was served on Wells Fargo, defendant Bill Shu Wai Ma, defendant Bill Ma's wife (Betty

12   Wong Ma), and defendant Bill Ma's sister, Wai Ling Wong.  (Cooke Dec. ¶ 5, Ex. B).

13       Defendant Ma did not file a claim of exemption and no third party filed a claim with

14   respect to any of the notices of levy served on Wells Fargo. Wai Ling Wong, sister of judgment

15   debtor Bill Ma (whose name was on Wells Fargo deposit account), contacted plaintiffs through

16   her attorney to inform them she did not own any property with Bill Ma, and would not be

17   claiming any exemption in response to the funds or property levied upon at Wells Fargo. (Cooke

18   Dec. ¶ 6, Ex. C).

19       Accordingly, in May 2010, plaintiffs, through their counsel, asked Wells Fargo to remit

20   all funds in the bank accounts attached by their levy to the USMS and to permit the USMS to

21   seize the contents of two safe-deposit boxes maintained in the name of Betty Wong Ma, the wife

22   of judgment debtor Bill Ma. In June 2010, Wells Fargo transmitted the funds attached by

23   plaintiffs' levy to the USMS and permitted the USMS to seize the contents of the safe-deposit

24   boxes. (Cooke Dec. ¶¶ 7,8).  According to an inventory prepared by the USMS, the two safe-

25   deposit boxes contained several thousand dollars in currency —both vintage and collectible

26   currency (silver coins and antique bills) and ordinary currency—as well as gold, jewelry, a Rolex

27   watch, and other items of value.  (Cooke Dec. ¶¶ 8, 10, Ex. D).

28       On July 22, 2010, the USMS provided Plaintiffs with a check for $44,350.86,

- 3 -

1 representing the funds in the Wells Fargo bank accounts belonging to Bill Ma attached by their

2 levy, in partial satisfaction of their judgment against defendant Bill Ma.  After deducting this

3 sum from the judgment, there is still due more than $1,042,721 on plaintiffs' judgment.  (Cooke

4 Dec. ¶ 9).

5       Plaintiffs have asked the USMS to remit to them the non-vintage currency found in the

6 safe deposit boxes ($7,000) and to sell the jewelry, vintage currency and other valuables found in

7 the boxes and remit the proceeds resulting from the sale to plaintiffs, pursuant to the writ of

8 execution (Cooke Dec. ¶ 10).  The USMS has informed plaintiffs' counsel, however, that it

9 believes it requires a court order to release the currency to plaintiffs or sell any of the items to

10 satisfy plaintiff's judgment.  (Cooke Decl. ¶ 10).

11 **III.   ARGUMENT**

12     **A.   THE US MARSHAL SERVICE IS EXPRESSLY AUTHORIZED BY
    CALIFORNIA'S ENFORCEMENT OF JUDGMENTS LAW TO SEIZE
13        AND SELL THE PROPERTY FOUND IN THE SAFE-DEPOSIT BOXES
    TO SATISFY PLAINTIFFS' JUDGMENT**

14

15      A writ of execution "is an order issued by a court . . . directing an officer of the court to

16 seize the property of a judgment debtor and transfer the proceeds over to the judgment creditor."

17 13 *Moore's Federal Practice Guide 3d* § 69.02 at p. 69-5 (Matthew Bender: 2010).  The relevant

18 federal rule regarding enforcement of money judgments by writ of execution is Rule 69 of the

19 Federal Rules of Civil Procedure.  This rule provides in pertinent part:

20

21      (a) In General.

22         (1) Money Judgment; Applicable Procedure.

23 A money judgment is enforced by a writ of execution, unless the court directs otherwise.

24 The procedure on execution — and in proceedings supplementary to and in aid of judgment

25 or execution — must accord with the procedure of the state where the court is located, but a

26 federal statute governs to the extent it applies.

27 28 U.S.C.A., Fed.R. Civ.P. Rule 69(a)).  Rule 69 thus directs the district court to look to state

28 procedures for enforcement of federal court judgments, unless another federal statute expressly

applies.  13 *Moore's Federal Practice Guide 3d* § 69.03 at p. 69-7 ("the clear intent and the accepted judicial understanding of the first part of the quoted phrase [of Rule 69(a)] is that state practices and procedures dealing with the enforcement of judgments generally must be followed").

California's Enforcement of Judgments Law broadly authorizes the seizure of a judgment debtor's personal property, including property held in the name of a spouse or third party, or property jointly owned with the spouse, pursuant to a writ of execution. Section 695.010(a) of the Code of Civil Procedure provides "Except as otherwise provided by law, **all property of the judgment debtor** is subject to enforcement of a money judgment."  (Emphasis added).

Community property of judgment debtor and his or her spouse is likewise subject to enforcement of a money judgment and may be levied upon pursuant to a writ of execution. Cal. Code Civ.P § 695.020; Cal. Fam. Code § 910(a) ("the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt"); *see generally* 11 B.E. Witkin, *Summary of California Law, 10th Edition*, "Community Property," § 178 (Witkin Legal Institute: 2005 & 2010 Supp.).[1]

Once the levying officer seizes personal property, the Enforcement of Judgments Law generally specifies that the levying officer must provide notice of a sale of such property to the judgment debtor and, upon expiration of the required notice period, the levying officer sells the items levied upon at an "execution sale."  Cal. Code Civ.P. §§ 701.510, 701.530; *see generally* 8 B.E. Witkin, *California Procedure, 5th Edition*, "Enforcement of Judgments," §§146-146 at pp. 180-82 (Witkin Legal Institute: 2008 & 2010 Supp.).[2]   The levying officer distributes the

---

[1] "Community property" generally includes "all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state." (Cal. Fam. Code § 760).  Community property does not include the "separate property" of the spouse, which is all property owned by the spouse before marriage, all property acquired by the spouse by gift, bequest, devise or descent, or the rents, issues or profits resulting from the separate property. Cal. Fam. Code § 770.  However, under California law, the presumption is that property acquired during marriage is community property, not separate property.  11 B.E. Witkin, *Summary of California Law, 10th Edition*, "Community Property," § 15 at pp. 541-542.

[2] There are two exceptions to this "seize and sell" procedure.  See Cal. Code Civ.P. § 701.510(a)

proceeds resulting from such an execution sale to the judgment creditor and/or to other persons pursuant to the procedures specified in Article 7 of the Enforcement of Judgments Law, California Code of Civil Procedure Sections 701.810 through 701.830.

If a third party objects to the levy of property on the ground that he or she has a superior claim to the property than the judgment creditor's claim, he or she may file a third party claim before the levying officer sells the property, delivers it to the judgment creditor, or pays the proceeds of collection to the judgment creditor.  Cal. Code Civ.P. § 720.120.

Here, the USMS apparently does not feel authorized to sell the personal property at issue under plaintiffs' writ of execution without a court order because the items in question came from safe-deposit boxes. Regarding safe deposit boxes, California's Enforcement of Judgments Law generally requires a court order before a safe deposit box maintained in the name of a third person may be levied upon and its contents items sold at an execution sale.  Cal. Code Civ.P. § 700.160(a). However, this provision contains an exception applicable to this situation that expressly authorizes a levy and execution sale without court order:

> (b) A court order is not required as a prerequisite to levy on a deposit account or **safe-deposit box** standing in the name of any of the following:
>
> (2) **The judgment debtor's spouse**, whether alone or together with other third persons.

Cal. Code Civ.P. § 700.160(b)(2) (emphasis added); *see generally* 8 B.E. Witkin, *California Procedure, 5th Edition,* "Enforcement of Judgments," § 134 at p. 169.

Here, all of the items currently in the possession of the USMS were found in two safe-deposit boxes maintained at Wells Fargo in the name of Betty Ma, the spouse of judgment debtor Bill Ma.  (Cooke Dec. ¶¶ 8, 10, & Ex. D). Thus, plaintiffs' levy upon the contents of the two

---

("**Subject to Sections 687.020 and 701.520,** . . . ) (emphasis added).  The first exception is that the levying officer is authorized to collect negotiable instruments and, if payable to the judgment debtor, promptly indorse them and present them for payment. Cal. Code Civ.P. § 687.020.   The second is that, for certain items of personal property of indeterminate value —accounts receivable, chattel paper, general intangibles, final money judgments and instruments that are not "customarily transferred in an established market" (Cal. Code Civ.P. § 701.520)— such items must be initially collected, rather than sold.  *See id*. None of the items found in the safe-deposit boxes falls within these two exceptions.  (Cooke Dec. Ex. D).

Wells Fargo safe-deposit boxes without a court order falls within the exception specified in Section 700.160(b)(2) of the Code of Civil Procedure and the USMS is authorized to seize and sell such items pursuant to the ordinary execution sale procedures specified in Sections 701.510 through 701.680 of the California Code of Civil Procedure.

Accordingly, the Court should direct the USMS to (1) sell the items of personal property and vintage currency found in the safe-deposit boxes, pursuant to California Code of Civil Procedure Sections 701.510 through 701.680; (2) distribute the proceeds resulting from such a sale pursuant to Article 7 of California's Enforcement of Judgments Law, California Code of Civil Procedure §§ 701.810 through 701.830; and (3) immediately remit the $7,000 in non-vintage currency found in the safe-deposit boxes to plaintiffs, pursuant to their writ of execution.

Respectfully Submitted,

COOKE, KOBRICK, & WU LLP

Dated:  August 20, 2010

By:  _____
/s/
CHRISTOPHER C. COOKE
Attorneys for Plaintiffs