IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEI-FANG LISA ZHANG,<br><br>    Plaintiff,<br><br>  v.<br><br>WEI-MAN RAYMOND TSE,<br><br>    Defendant.                     / | No. C-07-04946 JSW (EDL)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S EX PARTE APPLICATION FOR ISSUANCE OF ORDER FOR SALE OF DWELLING AND PLAINTIFFS' MOTION FOR DETERMINATION OF CLAIM OF EXEMPTION OF BETTY MA** |

        On October 8, 2010, Plaintiffs Mei-Fang Lisa Zhang, et al., filed an ex parte application for issuance of order of sale of dwelling in order to enforce an earlier court judgment. At the time of the judgment, Defendant Bill Shu Wai Ma ("Bill Ma") and his wife Betty Wong Ma ("Betty Ma") owned a one-half interest in real property at 1945-1947 Kirkham Street, San Francisco, California ("the Property"). Plaintiffs requested that the Court order the United States Marshal's Service to sell Bill and Betty Ma's interest in the Property and then distribute the proceeds of the sale to Plaintiffs, after giving a portion of the proceeds to Bill and Betty Ma pursuant to California's homestead exemption.

        On October 13, 2010, Plaintiff filed a motion for determination of Betty Ma's claim of exemption, arguing that the Property is not exempt from sale. Plaintiffs later conceded that the Property is subject to a homestead exemption, which does not preclude its sale, but does allow the property owners to deduct a certain amount from the sale price and retain those funds.

        On October 13, 2010, these matters were referred to this Court for a Report and Recommendation. On October 18, 2010, this Court issued an order to show cause as to why the order of sale of dwelling should not be made. On October 28, 2010, the non-debtor co-owners of the

Property filed a response as to why the sale should not go forward. On October 29, 2010, Betty Ma filed a response to Plaintiffs' motion for determination of claim of exemption. On November 9, 2010, Plaintiffs filed a reply to the opposition. On November 15, 2010, Betty Ma filed a late supplemental response to Plaintiff's motion for determination of claim of exemption. The Court held a hearing on December 7, 2010. On December 15 and 16, 2010, Plaintiffs and Betty Ma filed additional briefs addressing the interpretation and legislative history of California's homestead exemption. For the reasons stated at the hearing and in this Order, the Court recommends granting Plaintiffs' ex parte application for issuance for order of sale of dwelling with respect to Bill and Betty Ma's one-half interest subject to a homestead exemption in the amount of $100,000.

**Background**

This is a judgment enforcement proceeding based on a lawsuit that Plaintiffs filed on September 24, 2007, asserting claims under the Commodity Exchange Act (7 U.S.C. §§ 1 *et seq.*), the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961 *et seq.*), and California law. Plaintiffs alleged that they were "victims of a foreign currency trading scam that Defendants had been operating over the course of several years," and obtained a default judgment on February 3, 2009 against several Defendants, including Bill Ma. Pls.' Ex Parte App. at 4. Bill Ma's wife, Betty Ma, was not a defendant. The total amount of the judgment was $1,080,933.55. Plaintiffs obtained $44,350.86 under a levy on Bill Ma's bank accounts, but are still owed approximately $1,042,721.

Plaintiffs discovered through an asset search that Bill Ma was, at the time of the judgment, an owner of the Property, a two-unit residential building in San Francisco. It is uncontested that at the time of the default judgment, Betty Ma and Bill Ma "owned a ½ interest in the Property as husband and wife, as joint tenants." Betty Ma's Res. at 1. According to a Grant Deed recorded on June 13, 1975, title was held by: "Shu Wai Ma ["Bill Ma"] and Betty Wong Ma, husband and wife, as joint tenants, as to an individual ½ interest, Wai Ling Ma, a single woman and Dick Soon Wong, a single man, as joint tenants to an undivided ½ interest." Cooke Decl., ¶ 6, Ex. C. Betty Ma states that she lives in the Property with her mother-in-law. Wai Ling Ma is Bill Ma's sister, and Dick Soon Wong is Wai Ling Wong's husband ("the Wongs"), who also live at the Property. Betty Ma

states that her husband Bill Ma currently lives in China, but returns home every six months to visit.

On August 28, 2009, approximately six months after the default judgment, Bill Ma recorded a Quitclaim Deed transferring his interest in the Property to his wife, Betty Ma. On May 6, 2010, Betty Ma transferred her interest in the Property by Quitclaim Deed on May 6, 2010 to herself as Trustee of the Ha Yee Trust.

On September 22, 2010, Plaintiffs served notices of levy and a writ of execution on Bill Ma, Betty Ma, and all other Property occupants, seeking Bill and Betty Ma's interest in the Property. On or around September 29, 2010, Betty Ma served a Claim of Exemption, claiming that the property interest was separate property not belonging to a debtor. See Cooke Decl. ¶ 15, Ex. F. As of October 8, 2010, Plaintiffs argue that after a reasonable search of the Assessor-Recorder of San Francisco County records, "a current homeowner's exemption and disabled veteran's exemption do not exist in the name of Bill Shu Wai Ma or Betty Wong Ma," and that a homeowner's declaration has not been recorded. Pls.' Ex Parte App. at 2-3. Plaintiffs allege that the Property is subject to a homestead exemption of $100,000, and that there are no other encumbrances or liens on the Property. Betty Ma argues that she is entitled to a homestead exemption of $175,000.

**Discussion**

At the hearing, the parties agreed that the Mas' one-half interest in the Property is subject to sale, and confirmed that the sole remaining issue is the amount of the homestead exemption to which Betty Ma is entitled. Under California law, the Court must determine the proper amount of a "homestead exemption" when real property is sold pursuant to an enforcement lien, (if certain residence requirements are met under California Code of Civil Procedure section 704.710, which is not disputed here). By statute, the homestead exemption amount is determined by one of three categories:

> (a) The amount of the homestead exemption is one of the following:
>
> (1) Seventy-five thousand dollars ($75,000) unless the judgment debtor or spouse of the judgment debtor who resides in the homestead is a person described in paragraph (2) or (3).
>
> (2) One hundred thousand dollars ($100,000) if the judgment debtor or spouse of the judgment debtor who resides in the homestead is at the time of the attempted sale of the homestead a member of a family unit, and there is at least one member of the family unit who owns no interest in the homestead or whose only interest in the

3

1    homestead is a community property interest with the judgment debtor.

2    (3) One hundred seventy-five thousand dollars ($175,000) if the judgment debtor or spouse of the judgment debtor who resides in the homestead is at the time of the
3    attempted sale of the homestead any one of the following:

4    . . .

5    (B) A person physically or mentally disabled who as a result of that disability is unable to engage in substantial gainful employment. There is a rebuttable
6    presumption affecting the burden of proof that a person receiving disability insurance benefit payments under Title II or supplemental security income payments under
7    Title XVI of the federal Social Security Act satisfies the requirements of this paragraph as to his or her inability to engage in substantial gainful employment.

8

9    . . .

10   See Cal. Civ. Pro. § 704.730. The exemption claimant bears the burden of proof, and the Court can

11   order an evidentiary hearing if more evidence is needed in making the determination of exemption.

12   See Cal. Civ. Pro. § 703.580(a)-(c).

13   Here, the parties dispute only the amount of the homestead exemption. Plaintiffs argue that

14   Betty Ma is entitled to an exemption of $100,000 under California Code of Civil Procedure section

15   704.730(a)(2), and Betty Ma argues that she is entitled to the higher exemption of $175,000 under

16   California Code of Civil Procedure section 704.730(a)(3)(B). The $100,000 exemption applies if

17   the debtor or spouse residing in the home is "a member of a family unit, and there is at least one

18   member of the family unit who owns no interest in the homestead or whose only interest in the

19   homestead is a community property interest with the judgment debtor." Cal. Civ. Pro. §

20   704.730(a)(2). Plaintiffs argue that at the time of the judgment, Betty Ma, a member of the family

21   unit, held a community property interest with Bill Ma, the debtor. There is no dispute that the Mas

22   held the Property as community property. Thus, at a minimum, Betty Ma qualifies for the $100,000

23   exemption.

24   Betty Ma contends that to prevail in claiming the greater exemption of $175,000, she must

25   only prove that either she or her husband are disabled and unable to engage in gainful employment.

26   Cal. Civ. Pro. § 704.730(a)(3)(B) ("One hundred seventy-five thousand dollars ($175,000) if the

27   judgment debtor or spouse of the judgment debtor who resides in the homestead is . . . A person

28   physically or mentally disabled who as a result of that disability is unable to engage in substantial

4

1 gainful employment.") Betty Ma alleges that her husband is "unable to engage in gainful
2 employment as a waiter or as a driver because of medical disabilities with gout and dizziness," and
3 therefore the exemption of $175,000 applies. Ma Res. at 2. In her declaration, Betty Ma states:

> My husband is unemployed and has been unemployed for the last 10 years. He previously worked as a waiter and as an independent driver for hire for various casinos locally and in Reno, Nevada. Based on discussions with my husband, he is unable to find gainful employment due to various physical disabilities including gout and dizziness. These medical conditions prevent my husband from working as a waiter or a driver.

Ma Decl. at 2.

At the hearing, the Court noted that Betty Ma failed to provide any admissible evidence as to her husband's disability to qualify for the exemption pursuant to section 704.730(a)(3)(B). More fundamentally, however, the Court questioned whether the homestead exemption under section 704.730(a)(3)(B) would apply where, as here, the disabled spouse does not live at the Property. After the hearing, the parties submitted further briefing and evidence on the issues of Bill Ma's disability and the applicability of section 704.730(a)(3)(B) in this case. Because the Court concludes that the section 704.730(a)(3)(B) exemption does not apply under the circumstances of this case, the Court need not reach the question of whether Betty Ma has provided sufficient evidence of her husband's disability.

A fundamental rule of statutory construction is that the Court must determine the Legislature's intent in order to give effect to the purpose of the law. Rourke v. Troy, 17 Cal. App. 4th 880, 883 (1993). "Generally, courts look first to the language of the statute to determine meaning. When statutory language is capable of two interpretations, we must look at the purpose of the law to ascertain the Legislature's intent." Id. (citations omitted). The Court must construe words in context and harmonize statutes with each other,to the extent possible. Id. "In addition, legislative history is a legitimate and valuable aid in determining statutory purpose. It is well established that reports of legislative committees and commissions are part of a statute's legislative history and may be considered when the meaning of a statute is uncertain." Id. (citations omitted).

The statute states that the disability exemption is: "One hundred seventy-five thousand dollars ($175,000) *if the judgment debtor or spouse of the judgment debtor who resides in the*

5

*homestead* is . . . A person physically or mentally disabled who as a result of that disability is unable to engage in substantial gainful employment." Cal. Civ. Pro. § 704.730(a)(3)(B) (emphasis added). The better reading is that the person "who resides in the homestead" is the one who must suffer the disability. The legislative history confirms this construction. In a letter of recommendation to the governor from the legislative counsel, the greater exemption for disabled homeowners is recommended for the benefit of helping those who are disabled stay in their homes or accumulate a nest egg. Specifically, the legislative counsel stated:

> [A]pplying an upper exemption amount to persons who are physically or mentally disabled and substantially unable to support themselves is appropriate because their disability makes it more difficult for them to build a 'nest egg' or take action to prevent the loss of their homes.

Bion Gregory, Legislative Counsel of California, letter dated July 11, 1984, p. 4. Here, Betty Ma conceded that her husband, who is allegedly disabled, resides in China and only returns to the Property to visit. There is no evidence that Betty Ma is disabled. Because Bill Ma does not live at the Property, Betty Ma is not entitled to the homestead exemption of $175,000.

**Conclusion**

Accordingly, the Court recommends granting Plaintiffs' Ex Parte Application for Issuance of Order for Sale of Dwelling, and determining that the real property and dwelling at 1945-1947 Kirkham Street, San Francisco, California, more particularly described as:

> Beginning at a point on the southerly line of Kirkham Street, distant thereon 32 feet and 6 inches easterly from the easterly line of 24th Avenue; running thence easterly along said line of Kirkham Street 25 feet; thence at a right angle southerly 80 feet; thence at a right angle westerly 25 feet; thence at a right angle northerly 80 feet to the point of beginning. Being a portion of Outside Land Block No. 791

is subject to a homestead exemption in the amount of $100,000.00 under California Code of Civil Procedure section 704.730(a)(2). Because the Court need not reach the adequacy of Betty Ma's proof of her husband's disability, the Court recommends finding that Plaintiffs' November 9, 2010 and December 17, 2010 motions to strike are moot.

Further, the Court recommends appointing William T. Dunlap, III, affiliated with the firm of Audino & Associates, 656 Clement Street, San Francisco, California, to conduct an appraisal of the Property and directing Mr. Dunlap to submit his appraisal to the Court and to counsel of record.

In addition, the Court recommends directing the United States Marshall Service:

6

(a) to offer for public sale the interest of Defendant Bill Shu Wai Ma and his spouse, non-party Betty Wong Ma, in the Property;

(b) distribute the proceeds resulting from such sale first to Betty Wong Ma in the amount of the approved homestead exemption and the balance thereof to the Plaintiffs and/or other creditors and prsons pursuant to California Code of Civil Procedure section 704.850.

      Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. <u>See</u> 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: January 3 , 2011

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge