CHRISTOPHER COOKE, CA Bar #142342
STEPHEN S. WU, CA Bar # 205091
COOKE KOBRICK & WU LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Email: ccooke@ckwlaw.com
swu@ckwlaw.com
Tel: (650) 638-2370
Fax: (650) 350-4333
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEI-FANG LISA ZHANG, BAY AREA AFFORDABLE HOUSING, LLC, XUE-HUAN GAO, YANG-CHUN ZHANG, CAROL JIAN DENG, and HAO LIANG,<br><br>Plaintiffs,<br><br>vs.<br><br>WEI-MAN RAYMOND TSE, RUN PING ZHOU a.k.a. FLORA ZHOU, THERESA WONG, JAMES YU, BILL SHU WAI MA, MOLLY LAU, VICTOR SO, JIAN XIAO, CHRIST INVESTMENT SERVICE INC., CIS SERVICE, INC., PACIFIC BEST GROUP LTD. a.k.a. PACIFIC BEST COMPANY LTD., and SOUTH CHINA INVESTMENT INC., | Case No.: C-07-04946 JSW<br>(Related to C-05-02641 JSW)<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO BETTY MA'S RESPONSE TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE: APPLICATION FOR ORDER OF SALE OF DWELLING AND MOTION FOR DETERMINATION OF CLAIM OF EXEMPTION**<br><br>Date: not set<br>Time: not set<br>Place: Courtroom 11, 19th Floor |

## **BACKGROUND**

Pursuant to the Court's order dated January 20, 2011, plaintiffs submit the following opposition to the Response filed by Betty Ma on January 17, 2011, to the Magistrate Judge's

- 1 -
PLAINTFFS' OPPOSITION TO BETTY MA RESPONSE TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING SALE OF PROPERTY Case No.: C-07-04946 JSW

Report and Recommendation regarding Plaintiffs' Ex Parte Application for Order of Sale of Dwelling and Motion for Determination of Claim of Exemption ("Magistrate Judge's Report"), dated January 4, 2011.

On October 8, 2010, plaintiffs applied for an order directing the sale of the interest of Defendant Bill Shu Wai Ma and his wife, Betty Ma, in the two-unit residential property located at 1945-1947 Kirkham Street, San Francisco (the "Property"), pursuant to the writ of execution issued in this case. The Magistrate Judge's Report has recommended granting the application. Even if the Court generously deems Betty Ma's Response to these recommendations as a "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge," as required by Local Rule 72-3, Mrs. Ma's objections raise only two issues:

First, is the amount of Mr. and Mrs. Ma's homestead exemption $100,000, as found by the Magistrate Judge, or $175,000, as Mrs. Ma contends?

Second, should the Court order that if no bid is received at the sale that is 90 percent or more of the fair market value determined by a court-appointed appraiser, that the Property not be sold at all?

Mrs. Ma does not dispute that the Court should order that the United States Marshal's Service should put the Property up for public sale or that the proceeds from such a sale should be distributed to plaintiffs and other creditors (after payment of the homestead exemption).

## ARGUMENT

**I.     THE MAGISTRATE JUDGE CORRECTLY DETERMINED THAT BILL AND BETTY MA'S HOMESTEAD EXEMPTION IS $100,000.**

**A.     Section 704.730(a)(3)(B) Does Not Apply Where the Disabled Judgment Creditor Does Not Live at the Homestead.**

California Code of Civil Procedure section 704.730(a)(3) affords an increased homeowner's exemption if, *inter alia*, the "judgment debtor or spouse of the judgment debtor who resides in the homestead is. . . . (B) A person physically or mentally disabled who as a result of that disability is unable to engage in substantial gainful employment." Betty Ma admits that her husband does not live at the Property. (According to her, he lives in Beijing and visits her

twice a year.)

In construing a statute, courts begin with the fundamental rule that one must determine the intent of the Legislature to effectuate the purpose of the law. *Rourke v. Troy*, 17 Cal. App. 4th 880, 883 (1993). Generally, courts look first to the language of the statute to determine meaning. *Id*. When statutory language is capable of two interpretations, courts must look at the purpose of the law to ascertain the Legislature's intent. *Id*. Words must be construed in context and statutes must be harmonized with each other to the extent possible. *Id*. In addition, legislative history is a legitimate and valuable aid in determining statutory purpose. *Id*. It is well-established that reports of legislative committees and commissions are part of a statute's legislative history and may be considered when the meaning of a statute is uncertain. *Id*.

The Legislature first enacted this increased exemption when it amended Section 704.740 in 1984. Cal. Civ. Proc. Code § 704.730 (West 2009 & 2010 Supp.) (Historical and Statutory Notes). However, the language extending a homestead exemption to the "judgment debtor or spouse of the judgment debtor *who resides in the homestead*" first appeared in the statute in 1982 when the Legislature enacted the Enforcement of Judgments Law, Cal. Civ. Proc. Code §§ 680.010 *et seq.* (superseding former California Civil Code section 1260 and other statutes).

Here, the legislative history of Code of Civil Procedure section 704.730(a), including both the express language of related statutes and commission reports, indicates that the statute must be construed as affording an increased homeowners' exemption only when the disabled homeowner *actually resides* in the homestead.

Under the homestead exemption provisions of the Enforcement of Judgments Law, "homestead" is defined as:

> the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead. . . .

Cal. Civ. Proc. Code § 704.710(c).[1]

---

[1] Plaintiffs submitted relevant portions of this legislative history with their letter brief filed with the Court on December 16, 2010 (*see* Docket Entry 159).

PLAINTFFS' OPPOSITION TO BETTY MA RESPONSE TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING SALE OF PROPERTY Case No.: C-07-04946 JSW

Sections 704.710 and 704.730 are part of an overall legislative scheme, the Enforcement of Judgments Law, to afford judgment creditors means of enforcing judgments. As part of this overall scheme, the homestead exemption provisions, Cal. Civ. Proc. Code §§ 704.710 *et seq.*, afford judgment debtors and their spouses certain protections with respect to the enforcement of judgments as to their principal dwelling. The plain language of Section 704.710(c) makes clear that a dwelling's status as a homestead – and hence the applicability of the homestead exemption – depends on whether the debtor or his spouse resided at the dwelling continuously from the date of the judgment to the date of the determination of the exemption. To interpret Section 704.730(a)(3) as providing for an increased homestead exemption to the spouse of the judgment debtor because her non-resident husband is disabled would be inconsistent with how the dwelling's status as a homestead is determined in the first place.

Sections 704.710(c) and 704.730(a)(3)(B), when read together, clearly dictate that a non-resident spouse's alleged disability is irrelevant to a determination of the amount of the homeowner's exemption. If the resident spouse (in this case, Betty Ma) is not disabled, then section 704.730(a)(3)(B) does not apply.

This commonsense interpretation of the statute is confirmed by the comments of the Senate Committee that drafted the definition of "homeowner" in 1982. These comments state that the Legislature's purpose in enacting the statutory definition was to "preclude a judgment debtor from moving into a dwelling after creation of a judgment lien or after levy in order to create an exemption." 16 Cal. L. Rev. Reports 1421 (1982) (Legislative Committee Comment – Senate). This purpose would be thwarted if a disabled judgment debtor were permitted to create an exemption by moving into the dwelling after the creation of a judgment lien in order to create an exemption. Similarly, the legislative purpose of granting a *higher* homestead exemption to a "judgment debtor or spouse of [a] judgment debtor who resides in the homestead" would be thwarted if (as is the case here) a disabled, non-resident judgment debtor were permitted to create an exemption by moving into the dwelling after the creation of the judgment lien.

Furthermore, in a letter of recommendation to the governor from the legislative counsel, the greater exemption for disabled homeowners was recommended for the benefit of helping

those who are disabled stay in their homes or accumulate a nest egg. Specifically, the legislative counsel stated, "[A]pplying an upper exemption amount to persons who are physically or mentally disabled and substantially unable to support themselves is appropriate because their disability makes it more difficult for them to build a 'nest egg' or take action to prevent the loss of their homes." Bion Gregory, Legislative Counsel of California, letter dated July 11, 1984, p. 4 (quoted in the Magistrate Judge's Report at 6:7-10).

Here, Mr. and Mrs. Ma do not even want to take the step of having Mr. Ma move from his alleged primary residence in Beijing into the homestead. Instead, they want the best of both worlds: two primary residences (one for each spouse) *and* a higher exemption than would otherwise be allowed, based on the alleged disability of the spouse who does not even live at the homestead. This is contrary to common sense and contrary to the Legislature's manifest purpose in enacting the pertinent provisions of the Enforcement of Judgment Law.

In short, since Betty Ma admits that her husband does not live at the subject property, she cannot claim a higher homestead exemption based on his alleged disability.

**B.    There Is No Competent Evidence to Support a Finding That Bill Ma Is Disabled.**

Under California's Enforcement of Judgments Law, the person claiming the homestead exemption bears the burden of proof. *See* Cal. Civ. Proc. § 703.580(b).

The only evidence that Betty Ma offered to support her contention that her husband is disabled are a couple of her own declarations. Plaintiffs objected to the pertinent parts of these declarations. Betty Ma does not contest the validity of *any* of plaintiffs' objections, but these objections address *all* of Mrs. Ma's substantive evidence. As the Magistrate Judge noted in her report, Betty Ma has failed to submit any admissible, competent evidence to support a finding that Bill Ma is disabled. (Magistrate Judge's Report at 5:9-10). Without such evidence, there is no basis to find that the homestead exemption is any greater than $100,000, as determined by the Magistrate Judge.

## II.  THE COURT CAN ORDER THE SALE OF THE PROPERTY EVEN IF THE HIGHEST BID IS FOR LESS THAN 90 PERCENT OF THE FAIR MARKET VALUE.

Betty Ma's second contention is that the Court's proposed order should direct the United States Marshal Service to not accept any bid that is less than 90 percent or more of the fair market value and direct that the Property may not be sold. This contention is contrary to the language of California Code of Civil Procedure section 704.800(b).  This statute actually provides, in subdivision (b), that in such circumstances, the property shall not be sold

*unless the court, upon motion of the judgment creditor, does one of the following*:

(1) Grants permission to accept the highest bid that exceeds the amount of the minimum bid required by subdivision (a).

(2) Makes a new order for sale of the homestead.

Cal. Civ. Proc. §704.800(b) (italics added).

The language Betty Ma proposes be added to the Order is therefore premature before any bids are received and contrary to the statute because the Court does have the discretion to order that a lesser bid be accepted.

### **CONCLUSION**

The Magistrate Judge's Report is correct in all respects.  The Court should therefore find that the amount of Bill and Betty Ma's homestead exemption is $100,000, appoint William Dunlap and the firm of Audino and Associates as the appraiser of the Property and direct him to submit an appraisal of the fair market value of the Property to the Court, direct the United States Marshal's Service to proceed with offering the Property for sale and to report back to the Court once bids for the Property have been received for further instructions.

Dated: February 1, 2011

                                    Respectfully Submitted,

                                    COOKE, KOBRICK, & WU LLP

By:    /s/
         Christopher C. Cooke
         Attorneys for Plaintiffs

PLAINTFFS' OPPOSITION TO BETTY MA RESPONSE TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING SALE OF PROPERTY Case No.: C-07-04946 JSW