**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEI-FANG LISA ZHANG, BAY AREA AFFORDABLE HOUSING, LLC, XUE-HUAN GAO, YANG-CHUN ZHANG, CAROL JIAN DENG, and HAO LIANG,<br><br>Plaintiffs,<br><br>v.<br><br>WEI-MAN RAYMOND TSE, RUN PING ZHOU a.k.a. FLORA ZHOU, THERESA WONG, JAMES YU, BILL SHU WAI MA, MOLLY LAU, VICTOR SO, JIAN XIAO, CHRIST INVESTMENT SERVICE, INC., CIS SERVICE, INC., PACIFIC BEST GROUP, LTD. a.k.a. PACIFIC BEST COMPANY, LTD., and SOUTH CHINA INVESTMENT, INC.,<br><br>Defendants.<br>_____/ | No. C 07-4946 JSW<br>(Related to C 05-2641 JSW)<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM A VOID JUDGMENT AND SETTING CASE MANAGEMENT CONFERENCE** |

**INTRODUCTION**

Now before the Court is the Motion for Relief from a Void Judgment filed by Defendant, James Yu ("Yu"). The Court has considered the parties' papers, relevant legal authority, and has had the benefit of oral argument, and the Court HEREBY GRANTS Yu's motion to vacate judgment.

**BACKGROUND**

On January 24, 2007, Plaintiffs filed the Complaint in this action, in which they accused Yu, among other defendants, of purporting to "to conduct foreign currency futures trading on

1  behalf of clients for investment purposes." (Compl., ¶ 2, *see also id.*, ¶¶ 9, 13.) According to
2  Plaintiffs, they "invested large sums of money with Defendants for foreign currency futures
3  trading," but defendants' business turned out to be a fraudulent scheme to steal investors'
4  money for the defendants' own personal use. (*Id.* ¶¶ 2-3.) Plaintiffs alleged that Yu was a
5  "lieutenant" for defendant Wei-Man Raymond Tse, and "managed the businesses and various
6  business entities controlled by Tse," including the corporate defendants in this action. Plaintiffs
7  also alleged "on information and belief," that Yu was a "partial owner[] of one or more of the
8  businesses controlled by Tse." (*Id.* ¶¶ 25, 25.b.) Plaintiffs did not, however, include the
9  underlying facts on which their information and belief was based.

10  On November 27, 2007, Plaintiffs' private investigator attempted to serve Yu at the
11  Department of Motor Vehicles, in San Francisco, where Yu purportedly was employed.
12  (Docket No. 50, Declaration of Glen Alberigi, ¶ 11.) A DMV employee informed Alberigi that
13  Yu had been off work on disability for about three years and that DMV policy precluded her
14  from releasing Yu's address. (*Id.*)

15  On January 10, 2008, Plaintiffs filed a motion for an extension of time to serve Yu, and
16  they also asked the Court for a subpoena directed to the DMV, requiring it to release Yu's home
17  address. (Docket No. 38.) On January 23, 2008, the Court granted the request for an extension
18  of time. The Court found that Plaintiffs had been making diligent efforts to personally serve
19  Wu, but it denied the request for subpoenas and other discovery pending a showing of why
20  other methods of service were not viable. (Docket No. 43.)

21  On February 8, 2008, Alberigi made a second attempt to serve Yu at the DMV, without
22  success. (*Id.* ¶ 12.) Alberigi also failed to find Yu with the use of "search locator" services.
23  (*Id.* ¶ 14.) On March 10, 2008, Plaintiffs renewed their request for the issuance of subpoenas on
24  Yu. (Docket No. 49.) The Court denied the renewed request for the subpoenas, pending a
25  showing that serving such a subpoena would be proper or that service by publication on Yu was
26  not viable. (Docket No. 54.)

27  On April 10, 2008, Plaintiffs renewed their motion to issue subpoenas to the DMV and,
28  in the alternative, moved for service by publication. (Docket No. 57.) On April 16, 2008, the

2

1 Court granted the motion to serve Yu by publication and ordered service by publication in the
2 San Francisco Chronicle and Sing Tao Daily.

3 On November 26, 2008, Plaintiffs moved for a default judgment against Yu and other
4 defendants who had not answered.[1] On January 14, 2009, Magistrate Judge Laporte issued a
5 Report and Recommendation, in which she recommended the Court grant the motion for default
6 judgment. (Docket No. 108.)

7 On February 3, 2009, the Court adopted, in part, Judge Laporte's report, and it entered
8 default judgment against Yu and other defendants who had not answered the Complaint.
9 (Docket Nos. 109-110.)[2] Thereafter, Plaintiffs attempted to collect on the judgment, and, in
10 February 2012, Plaintiffs served Yu with a notice of levy. (*See* Docket No. 181-1, Declaration
11 of James Yu ("Yu Decl."), ¶ 2.) Yu claims that this is the first time he received notice that he
12 had been named as a defendant in this case and, on that basis, moves to vacate the default
13 judgment entered against him. (Yu Decl., ¶ 10.)

## ANALYSIS

**A.    Applicable Legal Standard.**

Yu moves to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b)(4)"), which permits a court to relieve a party from a final judgment if the judgment is void. An incorrectly decided judgment is not itself sufficient to render a judgment void. *United Student Aid Funds, Inc. v. Espinosa*, __ U.S. __, 130 S. Ct. 1367, 1377 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.*; *see also United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) ("A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it

---

[1] The record shows that the Clerk entered default against Yu on April 11, 2008, before this Court had ordered service by publication. (Docket No. 60.) Plaintiffs did not renew their request for entry of default when Yu failed to answer after service by publication and, in fact, relied on the entry of default of April 11, 2008 in their motion for default judgment.

[2] The Court amended its Order and judgment to correct a typographical error in the amount of costs awarded to Plaintiffs, *nunc pro tunc* to February 3, 2009. (Docket Nos. 111-112.)

lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law.").

Yu claims that the judgment is void, because Plaintiffs did not properly serve him. Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987). Because service of process is the means by which a court obtains jurisdiction over a person, "[a] person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process." *Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Accordingly, if Plaintiffs failed to properly serve Yu, ... "the default judgment is void." *Id.* As the moving party, Yu bears the burden to show that Plaintiffs failed to properly serve him. *See SEC v. Internet Solutions for Bus., Inc.*, 509 F.3d 1161, 1165-66 (9th Cir. 2007).

**B.     Yu Has Met His Burden to Show the Judgment is Void.**

Service of process is governed by Federal Rule of Civil Procedure 4 ("Rule 4"). Rule 4(e) governs service upon individuals within the United States, and it provides that a plaintiff can effect service by, *inter alia*, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Under California law, service by publication is governed by California Code of Civil Procedure section 415.50 ("Section 415.50"), which provides, in pertinent part, that:

> [a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that ...:
>
> [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

Cal. Code Civ. P. § 415.50(a)(1). If the court finds that a plaintiff has satisfied these requirements, "[t]he court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served," and in accordance with California Government Code section 6064. *Id.* § 415.50(b).

Yu does not dispute that, once the Court issued its Order granting service by publication, Plaintiffs complied with the requirements of that Order and that those requirements were in

4

1  compliance with Section 415.50(b) and Government Code Section 6064. Rather, Yu argues
2  that when they moved for service by publication, Plaintiffs failed to submit an affidavit showing
3  that a cause of action against Yu existed, and that they did not undertake reasonably diligent
4  efforts to serve Yu in another manner.

5  Plaintiffs argue that they did follow "state law for serving a summons," by complying
6  with the requirements of Sections 415.50(b) and (c). Plaintiffs raise an *Erie*[3] argument and
7  contend that Section 415.50(a) is a state rule of procedure and, thus, need not be followed in
8  federal courts. The Court finds Plaintiffs' argument unpersuasive. First, Rule 4 expressly
9  permits a plaintiff to serve a defendant by "following state law," and California law requires
10 that a plaintiff make a certain evidentiary showing before it can serve a defendant by
11 publication.[4] Second, at least three district courts within California have required compliance
12 with Section 415.50(a). *See McNamara v. Sher*, 2012 WL 760531, at *4 (S.D. Cal. Mar. 8,
13 2012) ("Section 415.50 requires the plaintiff to provide independent evidentiary support, in the
14 form of a sworn statement of facts, for the existence of a cause of action against the
15 defendant.") (citing *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977); *McNamara v. Lee*,
16 2011 WL 4635618, at *1-2 (S.D. Cal. Oct. 5, 2011) (same); *Sananikone v. United States*, 2009
17 WL 796544, at *1 (E.D. Cal. Feb. 25, 2009); *see also Harris*, 68 Cal. App. 3d 723 ("For the
18 purpose of service by publication, the existence of a cause of action is a jurisdictional fact.").
19 The First Circuit also has interpreted Puerto Rico's statute governing service by publication,
20 which is modeled on Section 415.50, in a similar fashion. *See Senor Loiza Corp. v. Vento*
21 *Development Corp.*, 760 F.2d 20, 23-24 (1st Cir. 1985).

22 In *Loiza*, the defendant moved to vacate a default judgment and, like Yu does here,
23 argued that the plaintiff failed to provide an affidavit showing that it stated a cause of action
24 against the defendant. The court noted that Puerto Rico's rule "sets out the exclusive method

---

[3] *Erie Railroad. Co. v. Tompkins*, 304 U.S. 64 (1938)

[4] The Court also notes that when Plaintiffs moved to serve defendant Theresa Wong by publication, although they did not submit an affidavit to this effect, they asserted in their motion that there were facts to support a cause of action against her and asserted they had attempted with reasonable diligence to serve her by other means.

5

through which a court may obtain jurisdiction over a party solely by way of publication, and any significant failure to comply with its requirements will cause the nullity of the judgment." *Senor Loiza*, 760 F.2d at 24. The court also noted that "[t]he strictness of the requirement is based on the fact that service by publication permits a plaintiff to proceed to judgment with nothing more than a form of notice to defendant .... that is quite likely to go unobserved. It is thus important for the court to ascertain reliably that plaintiff has a good cause of action." *Id.* The court found that the plaintiff's affidavit was not sufficient, however it affirmed the district court's decision to deny the motion to set aside the judgment, because the plaintiff attached an order from a related bankruptcy proceeding as an exhibit to its motion, which showed it was a secured creditor of the defendant. *Id.* at 25. The court found that those materials "provided sufficient substantiation of the affidavit's otherwise conclusory assertion that plaintiff had a valid claim against the defendant." *Id.* In contrast, in this case, Plaintiffs did not submit any form of affidavit showing they had a valid claim against Yu. Nor have they submitted any other materials, pertaining to Yu in particular, that would support such a finding. Plaintiffs did not comply with the requirements of Section 415.50(a), and the Court finds that Yu has met his burden to show he was not properly served. The judgment is therefore void.

## CONCLUSION

For the foregoing reasons, this Court GRANTS Yu's motion to vacate the default judgment. Plaintiffs shall serve Yu by no later than September 28, 2012. The Court will not look kindly on any suggestion that Yu is attempting to avoid service and encourages counsel to accept service on behalf of his client so that this case may proceed in an expeditious fashion. The parties shall appear for a case management conference on Friday, October 5, 2012 at 1:30 p.m., and they shall submit a joint case management statement by no later than Friday, September 28, 2012.

**IT IS SO ORDERED.**

Dated:

UNITED STATES DISTRICT JUDGE
JEFFREY S. WHITE