CHRISTOPHER COOKE, CA Bar #142342
MURPHY COOKE KOBRICK LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402
Email: ccooke@mckllp.com
Tel: (650) 638-2370
    Attorneys for Plaintiffs

XUE-HUAN GAO and BAY AREA AFFORDABLE
HOUSING LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| MEI-FANG LISA ZHANG GAO, et al., <br><br>     Plaintiffs, <br><br>       v. <br><br> WEI-MAN TSE, et al., <br><br>     Defendants. | Case No. 4:07-CV-04946 JSW <br><br> DECLARATION OF CHRISTOPHER C. COOKE IN SUPPORT OF RENEWED REQUEST FOR WRIT OF EXECUTION <br><br> Date:  N/A (Ex Parte) <br> Time: N/A <br> Place: N/A |

1.    I am a member of the bar of the State of California and of this Court.  I make this declaration upon my own personal knowledge, in support of plaintiffs  Renewed Request for a Writ of Execution.  If called upon as a witness, I can and would testify competently to the facts set forth in this Declaration.

2.    I am one of the original attorneys retained by plaintiffs in this case.  The court entered judgment in this case on February 3, 2009 in favor of plaintiffs Mei-Fang Lisa Zhang, Yang-Chun Zhang, Bay Area Affordable Housing LLC, Xue-Huan Gao, Carol Jian Deng, and Hao Liang against defendants Wei-Man Raymond Tse, Theresa Wong, James Yu, Bill Shu Wai Ma, Victor So, Jian Xiao, Christ Investment Service, Inc., CIS Service Inc., Pacific Best Group Ltd., a.k.a. Pacific Best Company Ltd. and South China Investment Inc., in the amount of $1,080,933.55. The judgment included $992, 547 in compensatory damages, $40,958.21 in

prejudgment interest, $39,552.50 in attorneys' fees, and $7,875.84 in prejudgment costs, pursuant to an Amended Judgment issued *nunc pro tunc* on March 16, 2009, to February 3, 2009. The Clerk has issued Writs of Execution in this matter on May 29, 2009, April 19, 201, and January 12, 2012.  These writs of execution have expired.

3. To determine the total amount due, I first determined the post judgment interest rate applicable to the judgment.  Title 28 of the United States Code, Section 1961(a) states that this rate "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."  The calendar week preceding the judgment date (February 3, 2009) was the week of January 30, 2009.  The rate for 1-year constant maturity US Treasury yield was 0.0049 or 0.49 percent for that week, as published on the Federal Reserve's website (www.federalreserve.gov).  I multiplied this rate by the amount of the judgment ($1,080,933.55), and then divided this sum by 365 to determine the amount of interest that accrues on the unpaid judgment on a daily basis.  This is called "Daily Interest Due" in the spreadsheet.  Initially, the judgment accrued interest at a rate of $14.86 per day.

4. When a payment was received, I applied the payment amount first to the amount of interest that had accrued as of the date of the payment.  I determined this amount by multiplying the number of days since the judgment by the daily interest due.  If there was any sum remaining after accrued interest had been paid, I then applied the remaining sum to expenses due, and then to the principal due.  Then, I calculated the new daily interest due on the reduced judgment.  For example, on July 22, 2010, we recovered the first funds from a judgment debtor to applied to the judgment.   As an example, on July 22, 2010, we recovered the first funds from the judgment debtors as a result of a writ of execution in the amount of $44,350.86.  As shown on Exhibit A, I calculated the total accrued interest due on that day by multiplying the daily interest due ($14.86) by the number of days since the judgment (534), which resulted in $7,748.96 accrued interest due as of that date.  Plaintiffs had also incurred recoverable expenses of $940 by that date (US Marshal charges for notices of levy on several

bank accounts).  So, I applied the $44,350.86 first to pay off the accrued interest ($7,748.96) and then to recoverable expenses ($940), which left a $35,661.40 to be applied to the principal balance on the judgment, reducing the judgment to $1,045,271.65 due as of July 22, 2010.  I then used the reduced judgment amount to calculate the new daily interest amount that accrues each day after July 22, 2010 by multiplying $1,045,271.65 by 0.0049 and dividing the sum by 365 (which equals $14.03).  I used this same method to apply payments and calculate interest due for each other time plaintiffs recovered funds from judgment debtors.

5.      On one occasion, on January 25, 2012, the total amount recovered from a judgment debtor ($1527.05) was less than the total unpaid interest that had accrued on the judgment by that date ($2716.17).  I therefore applied the funds received only to partially pay down the accrued interest.  The amount of unpaid accrued interest that is still due on the date of this payment is reflected in the spreadsheet in the column titled "Accrued Interest Still Due after payment."  Thus, as of January 25,2012, there was still owed the sum of $1,189.12 in accrued interest and the sum of $809,309.28 on the principal amount of the judgment.

6.      The total at the bottom of the column "Accrued Interest Still Due After Payments", $27,633, reflects the total accrued interest due as of September 25, 2018.  I determined this amount by multiplying the daily interest due ($10.86) by the number of days since the January 25, 2012 payment (2435 days), which equals $26,444.10; I added to this sum the accrued interest that was due as of January 25, 2012 ($1,189.12).  When I previously submitted a request for writ of execution, the Clerk questioned whether this method double counts the interest due.  I do not believe that it does.  The sum of $26,444.10 only includes the interest on the judgment that has accrued between January 25, 2012 and the present date (September 25, 2018), it does not include the unpaid accrued interest that was due as of January 25, 2012, the date of the last payment.  As I stated, the payment received on January 25, 2012

was insufficient to pay off all interest that had accrued as of January 25, 2012 (a balance of $1,189.12 was still due after crediting the payment received on that date).

7.     Attached as Exhibit B is a writ of execution reflecting that spreadsheet that I prepared showing all sums received and the amount still due on the judgment as of today (September 26, 2018).

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on September 26, 2018.          /s/*Christopher C. Cooke*

**EXHIBIT A TO COOKE DECLARATION**

**EXHIBIT A: Calculations of Sums Due on Judgment as of September 26, 2018**

| Date | Judgment | Annual Interest Rate (28 USC 1961 rate a/o 1/30/2009) | Daily Interest Due | Days Since Judgment or Payment | Accrued Interest Due Since Last Payment | Other Expense (noninterest) | Total Payment | Payment Source | Other Expenses Due After Payment | Payment Amount applied to interest | Accrued Interest Still Due after payment | Payment of other expense | Payment Amount Applied to Principal | Principal Due After Payment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/03/09 | $1,080,933.55 | 0.0049 | $14.51 | 0 | $0.00 | $0.00 | $0.00 | | | | | | | $1,080,933.55 |
| 07/22/10 | $1,080,933.55 | | | 534 | $7,748.96 | $940.00 | -$44,350.86 | Betty Ma | $0.00 | $7,748.96 | $0.00 | $940.00 | -$35,661.90 | $1,045,271.65 |
| 07/22/10 | $1,045,271.65 | | $14.03 | 0 | $0.00 | | | | | | | | | $1,045,271.03 |
| 11/08/10 | $1,045,271.03 | | | 109 | $1,529.53 | | | | | | | | | $1,045,271.65 |
| 11/08/10 | | | | | | | -$7,000.00 | Levy-Ma | $0.00 | $1,529.53 | $0.00 | | -$5,470.47 | $1,039,800.56 |
| 11/08/10 | $1,039,800.56 | | $13.96 | | | | | | | | | | | $1,039,800.56 |
| 05/20/11 | $1,039,800.30 | | $13.96 | 193 | $2,694.08 | $0.00 | -$200,000.00 | Ma Settlement | $0.00 | $2,694.08 | $0.00 | | -$197,305.92 | $842,494.38 |
| 05/20/11 | $842,494.58 | | | | | | -$32,445.30 | Ma Settlement | $0.00 | $0.00 | $0.00 | | -$32,445.30 | $810,049.28 |
| 05/20/11 | $810,049.28 | | | | | | -$740.00 | Ma Settlement | $0.00 | $0.00 | $0.00 | | -$740.00 | $809,309.28 |
| 05/20/11 | $809,309.28 | | $10.86 | | | | | | | | | | | $809,309.28 |
| 01/25/12 | $809,309.28 | | $10.86 | 250 | $2,716.17 | | -$1,527.05 | Jian Xiao | $0.00 | $1,527.05 | $1,189.12 | | $0.00 | $809,309.28 |
| 01/25/12 | $809,309.28 | | $10.86 | | | | | | | | | | | $809,309.28 |
| 09/26/18 | $809,309.28 | | $10.86 | 2436 | $26,454.96 | | | | | | $26,454.96 | | | $809,309.28 |
| Totals | | | | | | | -$286,063.21 | | | $13,499.62 | $27,644.08 | | -$271,623.59 | |

**EXHIBIT B TO COOKE DECLARATION**

EJ-130

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:     STATE:     ZIP CODE:<br>TELEPHONE NO.:     FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name):<br>☐ ORIGINAL JUDGMENT CREDITOR     ☐ ASSIGNEE OF RECORD | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

| | |
|---|---|
| Plaintiff:<br>Defendant: | CASE NUMBER: |

| | | |
|---|---|---|
| **WRIT OF** | ☐ **EXECUTION (Money Judgment)**<br>☐ **POSSESSION OF**    ☐ **Personal Property**<br>☐ **SALE**            ☐ **Real Property** | ☐ **Limited Civil Case**<br>(including Small Claims)<br>☐ **Unlimited Civil Case**<br>(including Family and Probate) |

1. **To the Sheriff or Marshal of the County of:**
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.
3. (Name):
   is the ☐ original judgment creditor ☐ assignee of record whose address is shown on this form above the court's name.

4. **Judgment debtor** (name, type of legal entity if not a natural person, and last known address):

   ☐ Additional judgment debtors on next page

5. **Judgment entered** on (date):

6. ☐ Judgment renewed on (dates):

7. **Notice of sale** under this writ
   a. ☐ has not been requested.
   b. ☐ has been requested (see next page).

8. ☐ Joint debtor information on next page.

   [SEAL]

9. ☐ See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. ☐ This writ is issued on a sister-state judgment.
    **For Items 11–17, see form MC-012 and form MC-013-INFO**

11. Total judgment (as entered or renewed)   $
12. Costs after judgment (CCP 685.090)   $
13. Subtotal (add 11 and 12)   $ _____
14. Credits to principal (after credit to interest)   $
15. Principal remaining due (subtract 14 from 13) $ _____
16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees)   $
17. Fee for issuance of writ   $
18. **Total** (add 15, 16, and 17)   $ _____
19. **Levying officer:**
    a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) . . . . . . . . . . . . . . . $
    b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) . . . . . . . . . . . . . . . $
20. ☐ The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

| | |
|---|---|
| Issued on (date): | Clerk, by _____, Deputy |

**NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.**

Page 1 of 3

**WRIT OF EXECUTION**

EJ-130

| Plaintiff: | CASE NUMBER: |
| Defendant: | |

21. ☐ Additional judgment debtor *(name, type of legal entity if not a natural person, and last known address):*

22. ☐ Notice of sale has been requested by *(name and address):*

23. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
   a. on *(date):*
   b. name, type of legal entity if not a natural person, and last known address of joint debtor:

   a. on *(date):*
   b. name, type of legal entity if not a natural person, and last known address of joint debtor:

   c. ☐ Additional costs against certain joint debtors are itemized: ☐ Below ☐ On Attachment 23c

24. ☐ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:
   a. ☐ Possession of real property: The complaint was filed on *(date):*
      *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

      (1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46. The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

      (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.

      (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served.) *(See CCP 415.46 and 1174.3(a)(2).)*

      (4) If the unlawful detainer resulted from a foreclosure (item 24a(3)), or if the Prejudgment Claim of Right to Possession was not served in compliance with CCP 415.46 (item 24a(2)), answer the following:

         (a) The daily rental value on the date the complaint was filed was  $

         (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

   b. ☐ Possession of personal property.
      ☐ If delivery cannot be had, then for the value *(itemize in 24e)* specified in the judgment or supplemental order.
   c. ☐ Sale of personal property.
   d. ☐ Sale of real property.
   e. The property is described: ☐ Below ☐ On Attachment 24e

**EJ-130**

| Plaintiff: | CASE NUMBER: |
|---|---|
| Defendant: | |

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you.  You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

**WRIT OF EXECUTION**

ATTACHMENT 4 TO WRIT OF EXECUTION -ADDITIONAL JUDGMENT DEBTORS

(Name and Last Known Address) Zhang v. Tse, et al., Case 4:07-CV-04946 JSW

6. CIS SERVICE, INC. (Corporation),
555 Montgomery Street, Suite #610,
San Francisco CA 94111;

7. PACIFIC BEST GROUP LTD. (type of entity is unknown)
c/o Wei-Man Raymond Tse
555 Montgomery Street, Suite 610,
San Francisco, CA 94111

8. SOUTH CHINA INVESTMENT, INC.
c/o Ms. Run Ping Zhou
3567 Kimberly Road,
 Cameron Park, CA 95682